**Albert N. Kennedy**, OSB No. 82142 (Lead Attorney)
   Direct Dial:  (503) 802-2013
   Facsimile:   (503) 972-3713
   E-Mail:      al.kennedy@tonkon.com
**Michael W. Fletcher**, OSB No. 01044
   Direct Dial:  (503) 802-2169
   Facsimile:   (503) 972-3869
   E-Mail:      michael.fletcher@tonkon.com
**TONKON TORP LLP**
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR 97204

      Attorneys for Debtor

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Arlie & Company,<br><br>          Debtor. | Case No. 10-60244-aer11<br><br>**DEBTOR'S APPLICATION FOR ORDER TO EMPLOY RETHINK LLP AS SPECIAL PURPOSE COUNSEL FOR DEBTOR** |

      Arlie & Company, Debtor and Debtor-in-Possession herein ("Debtor"), hereby applies to the Court for an order approving the employment of Rethink LLP as special purpose counsel for Debtor. Debtor makes this Application pursuant to 11 U.S.C. § 327(e), Federal Rule of Bankruptcy Procedure 2014, and respectfully represents as follows:

### BACKGROUND

      1.    On January 20, 2010 (the "Petition Date"), Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

      2.    Debtor has continued in possession of its property and is continuing to operate and manage its business as a debtor and debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been requested or appointed in Debtor's case.

///

**Page 1 of 4** - DEBTOR'S APPLICATION FOR ORDER TO EMPLOY RETHINK LLP AS SPECIAL PURPOSE COUNSEL FOR DEBTOR

3. Debtor desires to retain and employ Rethink LLP as special purpose counsel in this Chapter 11 case, pursuant to Section 327 of the Code, to advise and represent Debtor (a) in all aspects of Debtor's pending litigation against Michael and Mark Roberts, and (b) as "house counsel" to Debtor as that term is defined by the Oregon State Bar for purposes of providing general and occasional advice, but not to represent or advise Debtor in conducting the bankruptcy case, on the terms and subject to the conditions described below.

4. Debtor believes Rethink LLP is well suited for this representation. Jonathan Polland, one of the principals of Rethink LLP, has represented Debtor for more than a decade on both general matters and more recently in the Roberts matter specifically. Rethink LLP's experience is described on attached Exhibit 1.

5. Subject to Court approval, Debtor has agreed to compensate Rethink LLP on an hourly basis in accordance with Rethink LLP's ordinary and customary hourly rates for Debtor in effect on the dates services are rendered. The Rethink LLP professionals who will be primarily responsible for providing these services, their status and their billing rates are as follows:

| Attorney Name | Status | Hourly Rate |
|---|---|---|
| Jonathan Polland | Partner | $275.00 |

This hourly rate is lower than Rethink LLP's ordinary and customary hourly rates for other clients. It reflects Debtor's longstanding relationship with Rethink LLP.

6. From time to time, other Rethink LLP's attorneys and paralegals may also render services to Debtor in order to take advantage of specialized skills or expertise, to meet the demands of the case schedule, or for other appropriate reasons. Debtor has agreed that Rethink LLP will also be compensated for the services of these professionals at their usual and customary hourly rates.

/ / /

7. Rethink LLP will maintain detailed, contemporaneous time records of expenses incurred with the rendering of legal services described above by category and nature of services rendered.

8. Within the 12-month period preceding the Petition, Rethink LLP has provided legal services to Debtor. The total cost of legal services prior to the filing of the Petition, and payments for those services, are described in the attached 2014 statement. Rethink LLP may seek payment of additional fees or costs related to this Chapter 11 case incurred prior to the bankruptcy filing from the bankruptcy estate, subject to Court approval.

9. Debtor recognizes that professional fees and costs incurred by Rethink LLP are subject to approval by the Court after review of fee applications filed by Rethink LLP.

10. To the best of Debtor's knowledge, Rethink LLP does not have any connection with Debtor, its creditors, any other party in interest, or their respective attorneys or accountants, except as stated in the Rule 2014 Verified Statement of Proposed Professional.

11. A Proposed Order Authorizing Employment of Rethink LLP as Special Purpose Counsel for Debtor is attached as Exhibit 2.

For the reasons stated in this Application, Debtor requests that the Court enter an order authorizing it to employ Rethink LLP as special purpose counsel to Debtor to render the legal services described above, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by this Court after

/ / /

/ / /

/ / /

/ / /

/ / /

| | |
|---|---|
| 1 | notice and hearing pursuant to Section 330 of the Bankruptcy Code or as otherwise provided |
| 2 | by Court order. |
| 3 | DATED February 1, 2010. |
| 4 | TONKON TORP LLP |
| 5 | |
| 6 | By   */s/ James K. Hein*<br>Albert N. Kennedy, OSB No. 82142 |
| 7 | Michael W. Fletcher, OSB No. 01044<br>Attorneys for Debtor |

**Page 4 of 4** -   DEBTOR'S APPLICATION FOR ORDER TO EMPLOY RETHINK LLP AS
    SPECIAL PURPOSE COUNSEL FOR DEBTOR

# EXHIBIT 1





- Home
- What We Do
- Who We Are
- Useful Links
- Contact Us

## Who We Are

### Paul M. Gordon

Paul Gordon graduated Phi Beta Kappa in 1974 from the University of California at Berkeley, where he was a Regents Scholar. Paul is a 1977 graduate of UC Berkeley's Boalt Hall School of Law, where he was the winner of the McBaine Moot Court competition. Paul served as a Law Clerk to the Hon. William H. Orrick, U.S. District Judge for the Northern District of California, and was a Judicial Extern to the Hon. Charles B. Renfrew, U.S. District Judge for the Northern District of California.

Paul is an experienced trial attorney, with an AV rating from Martindale-Hubbell. He has tried cases in federal district court, U.S. bankruptcy court, and state court, and before numerous administrative tribunals. Paul has tried both civil and criminal cases in a broad range of areas of the law, including antitrust, unfair business practices, securities fraud, commodities fraud, breach of contract, business torts, legal malpractice, accounting malpractice, fraudulent transfer, termination of distributorships and civil rights. Paul has taught for the Hastings College of Trial Advocacy, and has been a guest lecturer in trial practice at Boalt Hall. Paul obtained an award of punitive damages for his clients in all three of his trials in which that issue went to the jury.

Paul is experienced at coordinating related litigation pending in multiple forums. He was outside counsel for a large telecommunications company in complex multi-district litigation that grew out of the enactment of the Telecommunications Act of 1996. In that capacity Paul appeared and litigated cases in federal courts in Washington, Oregon, Colorado and Arizona. Paul has also coordinated multi-jurisdiction disputes for clients in the cable television and airline industries.

Paul has served as a Special Master in cases assigned to the Hon. William H. Orrick and to the Hon. Claudia Wilken, U.S. District Judge for the Northern District of California. Paul's special master work included cases involving alleged patent infringement, trademark infringement, reverse domain name hijacking, the Americans With Disabilities Act, a suit by a former Assistant District Attorney against the City and County of San Francisco claiming that he was wrongfully terminated for an alleged sexual harassment incident that the plaintiff claimed was consensual, and five consolidated lawsuits that arose when the Federal Aviation Administration effectively grounded ten commercial aircraft, in which the plaintiffs claimed damages of more than $500 million. Paul was previously a litigation partner at Shartsis, Friese & Ginsburg LLP and Gordon & Goddard LLP.



**Paul M. Gordon**

Download vCard

pg@rethinkllp.com

### Jonathan Polland

Jonathan Polland obtained a B.A from Wesleyan University in Middletown, Connecticut in 1981. Jon is a 1987 graduate of UC Berkeley's Boalt Hall School of Law, where he was a member of the Order of the Coif and winner of the American Jurisprudence Award in Contracts, Labor Law, Commercial Transactions, Roman Law and Corporations.

Jon specializes in business litigation. Over the past 20 years, he has represented plaintiffs and defendants in breach of contract, partnership, business tort, professional negligence, fraud, breach of fiduciary duty and securities cases. Jon has tried many cases in state and federal court, and in bankruptcy court. For example, Jon successfully defended a $52 million claim brought against a real estate development company involving 1,100 acres in Los Gatos California, and recovered over $18 million on the cross-claim relating to the same property after a one month jury trial. Jon also has significant mediation and arbitration experience.

Jon holds an AV rating from Martindale-Hubbell, indicating very high legal ability and very high ethical standards. Jon has frequently been honored as a "Super Lawyer" by Law & Politics Magazine in an annual survey of Northern California lawyers. Jon is a member of the San Francisco Superior Court's private mediation panel, and has settled many business litigation matters as a mediator on that panel. Jon also teaches continuing education courses on civil litigation and real estate law to practicing attorneys. Jon was previously a litigation partner with Landels Ripley & Diamond, LLP and Barg Coffin Lewis & Trapp, LLP.



**Jonathan Polland**

 Download vCard

jp@rethinkllp.com

content © 2008 Rethink LLP    |    photography © 2008 David Stark Wilson

# EXHIBIT 2

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Arlie & Company,<br><br>            Debtor. | Case No.  10-60244-aer11<br><br>**ORDER GRANTING DEBTOR'S APPLICATION FOR ORDER TO EMPLOY RETHINK LLP AS SPECIAL PURPOSE COUNSEL FOR DEBTOR** |

      THIS MATTER having come on for hearing on the application of Arlie & Company, Debtor and Debtor-in-Possession ("Debtor"), for an Order to Employ Rethink LLP as special purpose counsel for Debtor; the Court having reviewed the Application and accompanying statement, and being otherwise duly advised in the premises;

      NOW, THEREFORE, IT IS HEREBY ORDERED that Debtor be and hereby is authorized to employ Rethink LLP as special purpose counsel for Debtor but not to Represent Debtor in conducting the bankruptcy case, and, subject to 11 U.S.C. § 330 and 11

/ / /

/ / /

/ / /

**Page 1 of 2** -    ORDER GRANTING DEBTOR'S APPLICATION FOR ORDER TO EMPLOY RETHINK LLP AS ACCOUNTANT FOR DEBTOR

U.S.C. § 331, is further authorized to pay said attorneys a reasonable fee for their services upon application and order of the Court.

# # #

Presented by:

TONKON TORP LLP

By _____
    Albert N. Kennedy, OSB No. 821429
    Michael W. Fletcher, OSB No. 01044
    888 S.W. Fifth Avenue, Suite 1600
    Portland, OR 97204-2099
    Telephone:   503-221-1440
    Facsimile:    503-274-8779
    E-mail:       al.kennedy@tonkon.com
                   michael.fletcher@tonkon.com
    Attorneys for Debtor

cc:    List of Interested Parties

# LIST OF INTERESTED PARTIES

### *In re Arlie & Company*
### U.S. Bankruptcy Court Case No. 10-60244-aer11

## ECF PARTICIPANTS:

- JOHN D ALBERT    darlene@albertandtweet.com, beth@albertandtweet.com
- BRADLEY S COPELAND    bcopeland@agsprp.com, bdavis@agsprp.com
- MICHAEL W FLETCHER    michael.fletcher@tonkon.com, tammy.brown@tonkon.com
- P REBECCA KAMITSUKA
- ALBERT N KENNEDY    al.kennedy@tonkon.com, leslie.hurd@tonkon.com
- JOHN CASEY MILLS    casey.mills@millernash.com, brenda.hale@millernash.com
- ANDREW P PARKS    aparks@agsprp.com, bdavis@agsprp.com
- JACKSON SCHMIDT    jacksonschmidt@pjcs.com, dawnanderson9@pjcs.com;jsteinert@pjcs.com
- DOUGLAS R SCHULTZ    schultz@gleaveslaw.com, kirsten@gleaveslaw.com
- US Trustee, Eugene    USTPRegion18.EG.ECF@usdoj.gov
- PATRICK W WADE    hhecfb@hershnerhunter.com

## NON-ECF PARTICIPANTS:

**SECURED CREDITORS**

Century Bank
POB 769
Eugene OR 97440

Siuslaw Bank
POB 11529
Eugene OR 97440

GE Capital
POB 31001-0802
Pasadena CA 91110

Pioneer Asset Investment Ltd.
c/o Joseph Boucher
Neider & Boucher S.C.
440 Science Dr., #300
Madison WI 53711

Herbert D. McKillop
c/o Emerald Exchange
240 E. 15th
Eugene OR 97401

Francis G. Cline
c/o Emerald Exchange
240 E. 15th
Eugene OR 97401

William R. Greenhoot
1126 Gateway Loop #100
Springfield OR 97477

Karen L. Merwin
35379 McKenzie View Dr.
Springfield OR 97478

Alice Smith
32624 Christian Way
Coburg OR 97408

Linda S. Trickey
83780 Raintree
Creswell OR 97426

**UNSECURED CREDITORS COMMITTEE**

James R. Hanks
JRH Transportation Engineering
Arlie & Co UCC Chairperson
4765 Village Plaza Loop #201
Eugene OR 97401

David E. Bromar
Balzhiser & Hubbard Engineers Inc
100 W 13th Ave
Eugene OR 97401

Mike Broadsword
Eugene Sand & Gravel / Eugene
 Sand Construction
POB 1067
Eugene OR 97440

Gregory Brokaw
Rowell Brokaw Architects, PC
1 East Broadway #300
Eugene OR 97401

**PROFESSIONAL**

Jonathan Polland
Rethink LLP
465 California Street, Suite 310
San Francisco, CA 94104

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                                    )
                                         ) Case No. _____
                                         )
                                         ) RULE 2014 VERIFIED STATEMENT
Debtor(s)                                ) FOR PROPOSED PROFESSIONAL

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1. The applicant is not a creditor of the debtor except:

2. The applicant is not an equity security holder of the debtor.

3. The applicant is not a relative of the individual debtor.

4. The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5. The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6. The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7. The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8. The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9. The applicant is not a person in control of the debtor.

10. The applicant is not a relative of a director, officer or person in control of the debtor.

11. The applicant is not the managing agent of the debtor.

12. The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13. The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)).  Please list and explain the relationship between the debtor and the affiliate:

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

I verify that the above statements are true to the extent of my present knowledge and belief.

                                                                                         Applicant