Case 10-60244-aer11    Doc 292    Filed 10/18/10

John Casey Mills, P.C., OSB No. 844179
casey.mills@millernash.com
Teresa H. Pearson, P.C., OSB No. 953750
teresa.pearson@millernash.com
MILLER NASH LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204-3699
Telephone: (503) 224-5858
Fax: (503) 224-0155

Attorneys for Umpqua Bank

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Case No. 10-60244-aer11 |
|---|---|
| Arlie & Company, | RESPONSE TO DEBTOR'S MOTION TO EXTEND EXCLUSIVITY (11 USC § 1121) AND DEADLINE TO FILE AMENDED PLAN AND AMENDED DISCLOSURE STATEMENT |
| Debtor. | Hearing Date: October 20, 2010<br>Hearing Time: 11:00 a.m.<br>Hearing Location: Courtroom 5<br>405 East Eighth Avenue<br>Eugene, Oregon 97401 |

Umpqua Bank ("Umpqua"), a creditor herein, hereby responds to debtor's motion to extend exclusivity (11 USC § 1121) and deadline to file amended plan and amended disclosure statement (Dkt. No. 276) (the "Motion") as follows:

**Page 1** -    Response to Debtor's Motion to Extend Exclusivity (11 USC § 1121) and Deadline to File Amended Plan and Amended Disclosure Statement

PDXDOCS:1907059.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204-3699

**Procedural Posture**

On January 20, 2010, almost nine months ago, debtor filed its petition for relief under Chapter 11 of the United States Bankruptcy Code.  On March 3, 2010, the court entered an Order on Court's Case Management Conference Setting Deadlines for Filing Plan and Disclosure Statement, which required that a plan and disclosure statement be filed on or before May 20, 2010 (Dkt. No. 123).  On May 13, 2010, the court entered an Amended Order on Court's Case Management Conference Setting Deadlines for Filing Plan and Disclosure Statement, extending the exclusivity period for debtor to file a plan to July 1, 2010, and providing debtor with up to September 1, 2010, to obtain acceptances of a plan (Dkt. No. 167).  Debtor filed a plan and disclosure statement on July 1, 2010 (Dkt. Nos. 185 and 186).  On August 24, 2010, the hearing on approval of the disclosure statement convened.  The court disallowed the statement and required debtor to file an amended disclosure statement and plan by September 15, 2010 (Dkt. No. 242).  On September 9, 2010, debtor filed a Motion for Extension of Time to File Amended Disclosure Statement and Amended Plan of Reorganization (Dkt. No. 247).  This motion did not request an extension of the exclusivity period.  The order granting that motion did not state that the exclusivity period was extended, but simply required debtor to file an amended disclosure statement and amended plan by October 15, 2010 (Dkt. No. 248).  Accordingly, the exclusivity period provided to debtor under 11 USC § 1121 lapsed on September 1, 2010, when debtor failed to have a plan confirmed by that date.

**Negotiations With Umpqua**

When the case was commenced, debtor had an aggressive posture regarding Umpqua, submitting a disclosure statement with inaccurate accusations pertaining to Umpqua and embarking on extensive discovery against Umpqua.  Debtor filed a motion for 2004 exam of Umpqua (Dkt. No. 215), which Umpqua partially objected to (Dkt. No. 216) (the "Response"), and the court subsequently granted in part and denied in part (Dkt. No. 231).  Pursuant to debtor's discovery requests, Umpqua provided debtor with over 7,500 pages of documents (about

**Page 2** -   Response to Debtor's Motion to Extend Exclusivity (11 USC § 1121) and Deadline to File Amended Plan and Amended Disclosure Statement

PDXDOCS:1907059.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

five banker boxes) as well as the personnel file of Robert Brink.  The only thing that Umpqua has not provided to debtor is electronic records, although multiple pages of e-mails were in the documents previously provided to debtor.  As noted in the Response, debtor's electronic discovery request is unduly burdensome in that it would require over 7.2 million pages of documents to be first reviewed by Umpqua's counsel and then turned over to debtor.  Debtor's request also appears to be a fishing expedition.  Debtor has been unable to articulate the basis of any claim against Umpqua other than a bad seed was involved in one loan.[1]

At the same time debtor was engaged in discovery, debtor and Umpqua were pursuing negotiations.  These negotiations were extensive and expensive, involving hours of meetings, and hours of drafting.  The result was an agreed plan that, contrary to debtor's statements in the motion, did <u>not</u> impose a release by debtors of their claims against Umpqua.  Instead, the negotiated plan provided as a condition precedent that the guarantors sign and deliver to Umpqua an affirmation of their guarantees with a waiver of claims against Umpqua.

A significant consideration of the agreement reached by debtor and Umpqua was a stop to the expense being incurred by Umpqua in having to respond to debtor's discovery requests.  If Umpqua is required to incur ongoing costs, it cannot continue to agree to the treatment provided for in the negotiated plan.

### Argument

Pursuant to 11 USC § 1121(b) only the debtor may file a plan until 120 days after the date of the order for relief.  Pursuant to 11 USC § 1121(d), this 120-day period may be extended, after a notice and hearing, "for cause."  The request for an extension must be made before the exclusivity periods have expired.  7 *Collier on Bankruptcy* ¶1121.06[1] (Alan N. Resnick & Harry J. Sommer eds, 16th ed. Rev.).  The exclusivity period ended in September

---

[1]  Debtor's repeated assertion regarding wrongdoing by Umpqua in construction of Crescent Village is ludicrous.  In the administration of that loan, all advances were made pursuant to requests by debtor, and all advances were deposited into debtor's bank account.  The request for funds and the use of funds were in debtor's control, not Umpqua's.

Page 3 -    Response to Debtor's Motion to Extend Exclusivity (11 USC § 1121) and Deadline to File Amended Plan and Amended Disclosure Statement

PDXDOCS:1907059.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

2010 when debtor failed to have a plan confirmed by that time. No further extension can be provided now and the Motion should be denied.

If the court finds that the exclusivity period still exits, debtor will have to prove that cause exists for granting the extension. "Cause" is not defined in the statute. The Ninth Circuit Bankruptcy Appellate panel, however, appears to have followed the factors provided by In re Dow Corning Corp., 208 BR 661 (Bankr ED Mich 1997). See, e.g., In re Henry Mayo Newhall Memorial Hosp., 282 BR 449, 452 (9th Cir BAP 2002). In determining whether cause exists, the key question is whether the extension will "facilitate movement towards a fair and equitable resolution of the case, taking into account all divergent interests involved." Id. at 453.

The factors in Dow Corning include: (1) the size and complexity of the case, (2) the necessity of sufficient time to negotiate a plan and prepare adequate information, (3) the existence of good faith progress toward reorganization, (4) whether the debtor is paying its bills as they come due, (5) whether the debtor has demonstrated reasonable prospects for following a viable plan, (6) whether the debtor has made progress in negotiating with creditors, (7) the amount of time that has elapsed in the case, (8) whether the debtor is seeking the extension in order to pressure creditors, and (9) whether unsolved contingencies exist. In re Dow Corning, 208 BR at 664-65. Of all the foregoing factors, only one is in favor an extension of exclusivity: to the best of Umpqua's knowledge, debtor is paying its post-petition debts as they become due. However, it should be noted that after the commencement of the case, debtor has not paid its professionals and has not made any debt service on any pre-petition loan. After almost nine months of administration in this case, the aggregate amount of interest that has accrued on only Umpqua's loans is in excess of $1,319,500 with interest continuing to accrue at the rate of $4,979.27 per day.

All other of the Dow Corning factors show that exclusivity should not be extended:

**Page 4** - Response to Debtor's Motion to Extend Exclusivity (11 USC § 1121) and Deadline to File Amended Plan and Amended Disclosure Statement

PDXDOCS:1907059.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

       1.      Although the dollar amount in this case is somewhat large, the case is not that complex. It is simply a real estate developer who requires additional time in order to complete its developments.

       2.      Debtor has had sufficient time to negotiate a plan (and indeed did) and filed a disclosure statement.

       3.      There is a question as to whether debtor is acting in good faith. As indicated, Umpqua expended a significant amount of time and expense in reaching what it thought then was an agreement with debtor. Debtor has chosen to not honor its negotiations and has unilaterally gone back to square one. Although this is certainly within debtor's rights, it is certainly not evidence of good faith or progress towards reorganization.

       4.      Debtor has also not demonstrated a reasonable prospect for following a viable plan over the objection of Umpqua. The original plan provided by debtor was certainly not confirmable (see, e.g., Objection to Debtor's Disclosure Statement (Dkt. No. 229) pages 5-6) and the agreed-to plan has now been withdrawn.

       5.      Although debtor did make progress in negotiating with creditors, all of that progress has been put asunder at debtor's choosing.

       6.      The case has been pending for almost nine months, which is a long period of time for this type of case.

       7.      As explained more fully below, the only reason why debtor is seeking an extension is to pressure creditors and remain in control of the case.

       8.      There are no unresolved contingencies. The possibility of a significant sale of an asset is not a contingency but a common event that occurs with any real estate development case. The potential for property sales should be built into, and not prevent the formulation of, a plan.

       The holding of In re Henry Mayo is not applicable. In that case, the court relied extensively on the fact that it was the first request for an extension. Of course, this would be debtor's second extension (and possibly fourth if the exclusivity period has not already expired). A quote from that case, however, provides light on the possible direction in this case:

> "There is truth in their observations, backed by examples from prominent cases, that a likely consequence of the denial of an extension of exclusivity is 'not that creditor plans will be proposed and approved, but that the threat of such plans will cause the debtor to come forward more quickly than he might otherwise.'"
> In re Henry Mayo, 282 BR at 453, citing David G. Epstein, et al., Bankr § 11-15 (1992).

**Page 5** -    Response to Debtor's Motion to Extend Exclusivity (11 USC § 1121) and Deadline to File Amended Plan and Amended Disclosure Statement

PDXDOCS:1907059.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204-3699

Will the extension of exclusivity facilitate a fair and equitable resolution of this case? No. At present, Umpqua does not have a plan ready to file. It wishes to see the actions taken by debtor and its new counsel pertaining to the expeditious resolution of this case. If it becomes clear that debtor can not or will not expeditiously and efficiently resolve this case, Umpqua will work with other creditors, secured and unsecured, in formulating and submitting a proposed plan in order to complete the administration of this case. The only reason why at this late stage debtor would be requesting an additional extension of exclusivity would be to essentially hold the creditors hostage. The continuation of exclusivity does not facilitate a fair and equitable resolution of this case. The ability for the creditors to submit a competing plan does.

The Motion should be denied.

Dated this 18th day of October, 2010.

MILLER NASH LLP

*/s/ John Casey Mills*
John Casey Mills, P.C.
OSB No. 844179
casey.mills@millernash.com
Teresa H. Pearson, P.C.
OSB No. 953750
teresa.pearson@millernash.com
Phone: (503) 224-5858
Fax: (503) 224-0155
Attorneys for Umpqua Bank

Page 6 -   Response to Debtor's Motion to Extend Exclusivity (11 USC § 1121) and Deadline to File Amended Plan and Amended Disclosure Statement

PDXDOCS:1907059.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

# CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of October, 2010, I electronically filed Umpqua Bank's Response to Debtor's Motion to Extend Exclusivity (11 USC §1121) and Deadline to File Amended Plan and Disclosure Statement with the Clerk of the Court using the **CM/ECF** system, which will send notification of such filing to:

JOHN D ALBERT     darlene@albertandtweet.com, beth@albertandtweet.com
JOHN F BARG     jfb@bcltlaw.com, cgw@bcltlaw.com
CONRAD K CHIU     cchiu@daypitney.com
BRADLEY S COPELAND     bcopeland@agsprp.com, soconnor@agsprp.com
JOHN D. FIERO     jfiero@pszjlaw.com
MICHAEL W FLETCHER     michael.fletcher@tonkon.com, tammy.brown@tonkon.com
JAMES K HEIN     james.hein@tonkon.com, judy.alexander@tonkon.com;larissa.stec@tonkon.com
THOMAS A HUNTSBERGER     tom@tahpc.com
Thomas A Huntsberger     thuntsberger@ecf.epiqsystems.com
MICHAEL P KEARNEY     mpk@kearneyatlaw.com, mholley@agsprp.com
ALBERT N KENNEDY     al.kennedy@tonkon.com, leslie.hurd@tonkon.com;larissa.stec@tonkon.com
WILSON C MUHLHEIM     ecf@mb-lawoffice.com
P SCOTT McCLEERY     scottm@gartlandnelsonlaw.com, kassiea@gartlandnelsonlaw.com
FRANK F McGINN     ffm@bostonbusinesslaw.com
ANDREW P PARKS     aparks@agsprp.com, lstevenson@agsprp.com
DANIEL P PEPPLE     dpepple@pjcs.com, dawnanderson9@pjcs.com;jsteinert@pjcs.com
JACKSON SCHMIDT     jacksonschmidt@pjcs.com, dawnanderson9@pjcs.com;jsteinert@pjcs.com
DOUGLAS R SCHULTZ     schultz@gleaveslaw.com, kirsten@gleaveslaw.com
US Trustee, Eugene     USTPRegion18.EG.ECF@usdoj.gov
BRAD T. SUMMERS     tsummers@balljanik.com
PATRICK W WADE     hhecfb@hershnerhunter.com
HEATHER M WALLOCH     heatherw@gartlandnelsonlaw.com, kassiea@gartlandnelsonlaw.com
GILBERT B WEISMAN     notices@becket-lee.com
DOUGLAS R WILKINSON     doug@thorp-purdy.com, skelley@thorp-purdy.com

**Page 1**     Certificate of Service

PDXDOCS:1907059.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

Executed at Portland, Oregon, this 18th day of October, 2010.

        */s/ John Casey Mills*
John Casey Mills, OSB No. 844179
Email: casey.mills@millernash.com
Teresa H. Pearson, OSB No. 953750
Email: teresa.pearson@millernash.com
Miller Nash LLP
111 S.W. Fifth Avenue, Suite 3400
Portland, Oregon 97204-3699
Phone: (503) 224-5858
Fax: (503) 224-0155

Attorneys for Umpqua Bank

**Page 2**     Certificate of Service

PDXDOCS:1907059.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204-3699