John Casey Mills, P.C., OSB No. 844179
casey.mills@millernash.com
Teresa H. Pearson, P.C., OSB No. 953750
teresa.pearson@millernash.com
MILLER NASH LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204-3699
Telephone:  (503) 224-5858
Fax:  (503) 224-0155

Attorneys for Umpqua Bank

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Arlie & Company,<br><br>          Debtor. | Case No. 10-60244-aer11<br><br>UMPQUA BANK'S RESPONSE TO DEBTOR'S MOTION FOR AUTHORITY FOR CONTINUED USE OF CASH COLLATERAL<br><br>Hearing Date: October 20, 2010<br>Hearing Time:  11:00 a.m.<br>Hearing Location:  Courtroom 5<br>                     405 East Eighth Avenue<br>                     Eugene, Oregon 97401 |

       Umpqua Bank hereby responds to debtor's motion for authority for continued use of cash collateral (Dkt. No. 275) as amended by the Notice of Filing Amended Budgets re Debtor's Motion for Authority for Continued Use of Cash Collateral (Dkt No. 283) (collectively, the "Motion").

**Page 1** -   Umpqua Bank's Response to Debtor's Motion for Authority for Continued Use of Cash Collateral

PDXDOCS:1907056.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

Facts

The Motion has multiple mistakes regarding the description of the loans of Umpqua Bank.[1] It is Umpqua Bank's understanding, however, that debtor's representations of the loans set forth in the Motion are approximations, and debtor does not intend that its representations in the Motion be binding on Umpqua Bank. Accordingly, Umpqua Bank does not object to the Motion on the basis that it is factually deficient.

As essentially agreed in the Motion, and as more fully described in its Objection to Debtor's Motion for Final Authority to Use Cash Collateral (Dkt. No. 94), Umpqua Bank has a security interest in multiple parcels of property owned by debtor as well as the rents generated from such properties. As of the date debtor filed its petition herein (the "Petition Date"), the aggregate amount owing to Umpqua Bank secured by such property and rents was $29,105,613.36, with interest accruing at the rate of $4,979.27 per day or about $150,000 per month.

A Final Order Authorizing Use of Cash Collateral, including the cash collateral of Umpqua Bank, was entered on March 11, 2010 (Dkt. No. 133) (the "Order"). The parties then agreed to extend the terms of the Order under the terms of a Stipulated Order Authorizing Use of Cash Collateral and Granting Adequate Protection (Dkt. No. 205) (the "Supplemental Order"). Projections attached to the Supplemental Order were slightly modified from the projections attached to the Order. The Order and the Supplemental Order provided only minimal protections

---

[1] (All defined references are from definitions set forth in the Motion.) These mistakes include the following: the date of the Hanger No. 2 loan is March 27, 2007, and the principal amount owing on the Petition Date was $234,929.90; the date of the CV Vacant Land loan is March 15, 2002, the original amount of the loan was $5,286,000, and the amount owing as of the Petition Date was $2,907,329.07; the original amount of the Building B loan was $8,265,000 (it was subsequently increased to $10,350,000), and the principal amount as of the Petition Date was $10,160,254.91; the date and amount of the Garden Valley Loan No. 2 was April 1, 2008 in the amount of $1,720,000; the date of the Garden Valley Loan was January 16, 2004; the original date of the LOC, College Park & Woodburn loan was July 29, 1999, and the original amount was $600,000 (it has subsequently increased to $4,000,000); the principal amount of the Oil Can Henry's loan as of the Petition Date was $653,031.67; the amount of the West 11th Loan was originally $1,404,650, and the principal amount owing as of the Petition Date was $920,837.50; and the original date and amount of the West Lane loan was February 12, 2002 and $5,910,000.

Page 2 -    Umpqua Bank's Response to Debtor's Motion for Authority for Continued Use of Cash Collateral

PDXDOCS:1907056.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

to the lenders' interest in cash collateral. Basically, debtor would collect the cash collateral, use it in accordance with the projections to maintain the real property in which the lender had an interest, then use a portion of it in accordance with the projections to fund general administrative expenses, and retain the remainder in a segregated account impressed with the interest of the applicable lender.

<u>Argument</u>

The Motion is procedurally deficient. Because the Motion is coming on for hearing on less than 14 days' notice, it can only come before the court as a motion to use the cash collateral on an interim basis. <u>See</u>, e.g., Fed R Bankr P 4001(b)(2). Accordingly, the court can only authorize the use of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing. <u>Id.</u> The Motion does not provided any indication as to what must be paid to avoid immediate and irreparable harm. In addition, debtor has failed to use Local Bankruptcy Form 541.51 as required under the Local Rule 4001-1(c).

Umpqua Bank's collateral involves real property as well as rents from real property. The adequate protection for Umpqua Bank's interest must be separate for each type of collateral. In other words, adequate protection must be provided for rents separate from the real property. <u>See, e.g.</u>, <u>Fed. Nat. Mortg. vs. Dacon Bolingbrook Association</u>, 153 BR 204, 212 (ND Ill 1993); <u>In re River Oaks Limited Partnership</u>, 166 BR 94, 97-98 (D ED Mich 1994); 3 *Collier on Bankruptcy*, ¶361.03[2][a] (Alan A. Resnick & Henry J. Summer Eds, 15th ed. Rev.). The burden is on the debtor to prove the protection being provided is adequate. 11 USC § 363(p)(1).

The Motion provides no protection for Umpqua Bank for its use of the rents. Indeed, the projections attached to the Motion propose to take in excess of $100,000 of rents and use them for general operating expenses that do not directly positively affect Umpqua Bank's collateral. Because the rents are not being used directly for Umpqua Bank's collateral and because debtor has not provided any protection for the use of such rents, the Motion should be denied.

**Page 3** -   Umpqua Bank's Response to Debtor's Motion for Authority for Continued Use of Cash Collateral

PDXDOCS:1907056.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

This result is dictated by <u>Dacon Bolingbrook</u>. After finding that adequate protection in rents should be analyzed separately from adequate protection of real property, the court went on to state what the rents could be used for. The court determined that without other protection being provided to the creditor for the use of rents, the rents could only be used for the operation and maintenance of the property that generated the rents:

> "Nevertheless, absent alternative adequate protection, the use of Rents must be strictly limited to preserving other collateral securing Fannie Mae's claim, mainly, the Property which generates the Rents."
>
> * * *
>
> "Since the Debtor cannot provide adequate protection for the Rents except to the extent that Rents are reinvested in the Property for maintenance and repair, the Rents may not be spent on anything else." 153 BR at 214.

Umpqua Bank recognizes that it previously consented to debtor's use of cash collateral in a fashion similar to the Motion under the Order and the Supplemental Order. Multiple factors, however, have joined together to have Umpqua Bank require debtor to provide adequate protection for debtor's use of Umpqua Bank's rents. First, the rate of interest accrual is fast outpacing the amount of deposits in the cash collateral account. Although this case has been pending for nine months, Umpqua Bank has not received any payment from its cash collateral. Interest on Umpqua Bank's claim against debtor has accrued from the Petition Date through October 12, 2010, in the amount of $1,319,506.55. As of September 30, 2010, there was in Umpqua Bank's cash collateral account the amount of $452,668.91 (Dkt. No. 286). In addition, although the projections in the Motion anticipates paying real property taxes in November, causing a net loss to the cash collateral account of $23,887.57, debtor has not paid its 2009-2010 real property taxes for Umpqua Bank's collateral in the approximate aggregate amount of $530,000.

**Page 4** - Umpqua Bank's Response to Debtor's Motion for Authority for Continued Use of Cash Collateral

PDXDOCS:1907056.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

Second, debtor has consistently overstated the projected rents in the Order and the Supplemental Order. Except for an aberration in August 2010, the discrepancy between actual and projected rents has grown consistently since the Petition Date, starting from a deficit if $17,168.58 in February 2010 to a deficit of $52,983.85 in September 2010. This, in turn, has caused a contraction in net income. Attached hereto as Exhibit A is a summary of the difference in projected versus actual income and projected and actual net income together with copies of the first six pages of monthly reports provided by debtor for all of Umpqua Bank's properties.

Third, during the period covered by the Order and the Supplemental Order, negotiations were on going between debtor and Umpqua Bank leading Umpqua Bank to reasonably believe that the administration of the case would soon be completed through a negotiated plan. This no longer seems to be the case.

Given that debtor has failed to provide any adequate protection for its use of Umpqua Bank's interests in rents, that the rate of interest on debtor's obligations to Umpqua Bank is far outpacing the net income being generated by debtor from Umpqua Bank's collateral, and that debtor seems to be starting from square one for the administration of this case, the Motion should be denied unless debtor provides Umpqua Bank with protection for use of its cash collateral that is adequate.

Dated this 18th day of October, 2010.

MILLER NASH LLP

*/s/ John Casey Mills*
John Casey Mills, P.C.
OSB No. 844179
casey.mills@millernash.com
Teresa H. Pearson, P.C.
OSB No. 953750
teresa.pearson@millernash.com
Phone: (503) 224-5858
Fax: (503) 224-0155
Attorneys for Umpqua Bank

Page 5 -   Umpqua Bank's Response to Debtor's Motion for Authority for Continued Use of Cash Collateral

PDXDOCS:1907056.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

# CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of October, 2010, I electronically filed Umpqua Bank's Response to Debtor's Motion for Authority for Continued Use of Cash Collateral with the Clerk of the Court using the **CM/ECF** system, which will send notification of such filing to:

JOHN D ALBERT    darlene@albertandtweet.com, beth@albertandtweet.com
JOHN F BARG    jfb@bcltlaw.com, cgw@bcltlaw.com
CONRAD K CHIU    cchiu@daypitney.com
BRADLEY S COPELAND    bcopeland@agsprp.com, soconnor@agsprp.com
JOHN D. FIERO    jfiero@pszjlaw.com
MICHAEL W FLETCHER    michael.fletcher@tonkon.com, tammy.brown@tonkon.com
JAMES K HEIN    james.hein@tonkon.com, judy.alexander@tonkon.com;larissa.stec@tonkon.com
THOMAS A HUNTSBERGER    tom@tahpc.com
Thomas A Huntsberger    thuntsberger@ecf.epiqsystems.com
MICHAEL P KEARNEY    mpk@kearneyatlaw.com, mholley@agsprp.com
ALBERT N KENNEDY    al.kennedy@tonkon.com, leslie.hurd@tonkon.com;larissa.stec@tonkon.com
WILSON C MUHLHEIM    ecf@mb-lawoffice.com
P SCOTT McCLEERY    scottm@gartlandnelsonlaw.com, kassiea@gartlandnelsonlaw.com
FRANK F McGINN    ffm@bostonbusinesslaw.com
ANDREW P PARKS    aparks@agsprp.com, lstevenson@agsprp.com
DANIEL P PEPPLE    dpepple@pjcs.com, dawnanderson9@pjcs.com;jsteinert@pjcs.com
JACKSON SCHMIDT    jacksonschmidt@pjcs.com, dawnanderson9@pjcs.com;jsteinert@pjcs.com
DOUGLAS R SCHULTZ    schultz@gleaveslaw.com, kirsten@gleaveslaw.com
US Trustee, Eugene    USTPRegion18.EG.ECF@usdoj.gov
BRAD T. SUMMERS    tsummers@balljanik.com
PATRICK W WADE    hhecfb@hershnerhunter.com
HEATHER M WALLOCH    heatherw@gartlandnelsonlaw.com, kassiea@gartlandnelsonlaw.com
GILBERT B WEISMAN    notices@becket-lee.com
DOUGLAS R WILKINSON    doug@thorp-purdy.com, skelley@thorp-purdy.com

**Page 1**    Certificate of Service

PDXDOCS:1907056.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

Executed at Portland, Oregon, this 18th day of October, 2010.

    /s/ John Casey Mills
John Casey Mills, OSB No. 844179
Email: casey.mills@millernash.com
Teresa H. Pearson, OSB No. 953750
Email: teresa.pearson@millernash.com
Miller Nash LLP
111 S.W. Fifth Avenue, Suite 3400
Portland, Oregon  97204-3699
Phone: (503) 224-5858
Fax: (503) 224-0155

Attorneys for Umpqua Bank

**Page 2**    Certificate of Service

PDXDOCS:1907056.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699