UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                                        )
                                             )  Case No. _____
                                             )  **FIRST AMENDED**
                                             )  RULE 2014 VERIFIED STATEMENT
                                             )  FOR PROPOSED PROFESSIONAL
Debtor(s)                                    )  **BALL JANIK LLP**

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1. The applicant is not a creditor of the debtor except:

2. The applicant is not an equity security holder of the debtor.

3. The applicant is not a relative of the individual debtor.

4. The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5. The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6. The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7. The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8. The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9. The applicant is not a person in control of the debtor.

10. The applicant is not a relative of a director, officer or person in control of the debtor.

11. The applicant is not the managing agent of the debtor.

12. The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13. The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)).  Please list and explain the relationship between the debtor and the affiliate:

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed.  Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee.  Only name those guarantees now outstanding or outstanding within the last 18 months:

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor.  Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any.  Only name those loans now outstanding or paid off within the last 18 months:

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21.  List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22.  Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

I verify that the above statements are true to the extent of my present knowledge and belief.

_____
Applicant

**BALL JANIK LLP
By:  Brad T. Summers**

1114 (11/30/09)    Page 3 of 3

729720 v.1

**Attachment 13**

| Creditor Name | Scheduled Amount |
|---|---|
| Guard Publishing | $1,969.60 – general unsecured |
| Structured Communication Systems, Inc. (scheduled as Structured) | $3,996.56 – general unsecured |

Ball Janik presently represents the above listed creditors in matters completely unrelated to the Debtor and the Debtor's bankruptcy case.

Ball Janik <u>formerly</u> represented the following parties with the same or similar names to creditors in matters unrelated to the Debtor or the Debtor's bankruptcy case:

| Creditor Name | *Former* Client Name |
|---|---|
| AT&T | AT&T |
| American Express Bank FSB | American Express |
| Central Lincoln PUD | Central Lincoln People's Utility District |
| Costco Credit Account | Costco Wholesale Corporation |
| Empire Group | Empire Realty Group |
| The Fifth Third Bank | The Fifth Third Leasing Company |
| GE Capital Corp. | General Electric Credit Corp. GE Capital Public Finance, Inc. |
| The Hartford | Hartford Underwriters Insurance |
| Home Depot | Home Depot |
| Hollywood Video | Hollywood Video |
| Integra Telecom | Integra |
| Liberty Mutual Group | Liberty Life Insurance Company |
| NW Farm Credit Services | Farm Credit Services |
| Northwest Natural Gas | NW Natural Gas |
| Pacific Power & Light | Pacific Power & Light Company |
| Michael Roberts | Michael J. Roberts |
| Safeco | Safeco Insurance Company of America |
| ServiceMaster Cleaning Services | ServiceMaster Company |
| Umpqua Bank | Umpqua Bank |
| Velocity | Velocity Sports Performance |

| **Creditor Name** | ***Former* Client Name** |
|---|---|
| Washington Federal Savings | Washington Federal Savings Bank |
| Western Asphalt Maintenance, Inc. | Western States Asphalt |
| Christine Wilson | Chris Wilson |

    In addition, Ball Janik represents Opus Northwest, LLC ("Opus"). Opus is not scheduled as a creditor in this bankruptcy case, but Ball Janik has represented Opus in real estate transactions in which the Debtor was a participant.

**Attachment 16**

Suzanne Arlie (Debtor's sole shareholder); Arlie Energy, LLC (wholly owned by Debtor); West 11th Investment Property, LLC (wholly owned by Debtor); Arlie Air, LLC (wholly owned by Debtor); Crescent Village Restaurants LLC (wholly owned by Debtor); Arlie Properties on the Fairways, LP (wholly owned by Debtor); Arlie Properties on Shadow Ridge LP (wholly owned by Debtor); Cannery Station, LLC (50% owned by Debtor); Churchill Media, LLC (wholly owned by Ms. Arlie); Churchill Media I, LLC (wholly owned by Churchill Media, LLC); Churchill Media II, LLC (wholly owned by Churchill Media, LLC); Churchill Media III, LLC (wholly owned by Churchill Media, LLC); Golden Ribbon Foundation (nonprofit foundation run by Ms. Arlie); 2911 Tennyson Avenue, LLC (wholly owned by Debtor prior to merger); Arlie Property Management, Inc. (wholly owned by Debtor prior to merger); Crescent Village Community Gardens, LLC (wholly owned by Debtor prior to merger); Crescent Village Homes, LLC (wholly owned by Debtor prior to merger); and Hawaii Forest Products, LLC (wholly owned by Debtor prior to merger).

Arlie & Co.
Attachment 21
Rule 2014 Verified Statement

## SCHEDULE OF LOAN GUARANTEES

| Lender | Borrower | Address of Property Securing Guaranty | City/State | Lender Acct # | Date of Guaranty | Amount of Loan Guaranteed | Guarantor |
|---|---|---|---|---|---|---|---|
| Umpqua Bank | Arlie & Company | 2892 Crescent Ave | Eugene, OR | 68850164 | 10/27/2008 | $2,000,000 | S. Arlie; J. Musumeci; S. Arlie Trust |
| Umpqua Bank | Arlie & Company | 3032 Kinney Loop | Eugene, OR | 68852853 | 12/23/2008 | $184,000 | S. Arlie; J. Musumeci; S. Arlie Trust |
| Umpqua Bank | Arlie & Company | Crescent Village Lots 1 and 2 and Tract B (portion only) | Eugene, OR | 3568360227 | 3/15/2002 | $5,286,000 | S. Arlie; J. Musumeci; S. Arlie Trust |
| Umpqua Bank | Arlie & Company | Crescent Village Bldg B Village East | Eugene, OR | 68753449 | 8/10/2006 | $8,265,000 | S. Arlie |
| Umpqua Bank | Arlie & Company | Garden Valley Blvd/Roseburg #2 | Roseburg, OR | 68834218 | 4/1/2008 | $1,720,000 | S. Arlie; J. Musumeci; S. Arlie Trust |
| Umpqua Bank | Arlie & Company | Woodburn Commercial Lot (I-5 @Hwy 214) 2450 Country Club Rd | Woodburn, OR | 4928635 | 1/20/2006 | | S. Arlie; J. Musumeci; S. Arlie Trust |
| Umpqua Bank | Arlie & Company | College Park (Lots south and west of Lane Community College) | Eugene, OR | 4928635 | 1/20/2006 | $4,000,000 | S. Arlie; J. Musumeci; S. Arlie Trust |
| Umpqua Bank | Arlie & Company | 3804 West 11th (Oil Can Henry's) | Eugene, OR | 68839601 | 12/10/2008 | $665,982.12 | S. Arlie; J. Musumeci; S. Arlie Trust |
| Umpqua Bank | Arlie & Company | 3802 West 11th (My Coffee) | Eugene, OR | 68695901 | 8/22/2005 | $661,600 | S. Arlie; J. Musumeci; S. Arlie Trust |
| Umpqua Bank | Arlie & Company | West 11th @ Obie St (undeveloped) | Eugene, OR | 5068535220 | 12/29/2003 | $1,404,650 | S. Arlie; J. Musumeci; S. Arlie Trust |

Arlie & Co.
Attachment 21
Rule 2014 Verified Statement

| | | | | | | |
|---|---|---|---|---|---|---|
| Umpqua Bank | Arlie & Company | West Lane Center | Veneta, OR | 3268360086 | | |
| Bank of America | Arlie & Company | Crescent Village Bldg. A Village West | Eugene, OR | 807272 | 2/12/2002 | $5,910,000 | S. Arlie; J. Musumeci; S. Arlie Trust |
| Bank of America | Arlie & Company | Crescent Village Bldg. D Inkwell | Eugene, OR | 97539271 | 2/28/2007 | $9,000,000 | S. Arlie |
| | | West 11th & Willow Creek Road (7.36 ac) and Lot 4 | | 97539271 | 11/2/2007 | $5,970,000 | S. Arlie |
| Summit Bank | Churchill Media LLC | Crescent Village | Eugene, OR | | 6/7/2006 | $3,000,000 | Arlie & Company |

05437-001\DOCS_LA:226729v1