SUMMARY OF PROCEEDINGS & MINUTE ORDER

CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF OREGON

In re                                 Case No.  10-60244-aer11          Date 10/20/10

**ARLIE & COMPANY**

OCT 20 2010

Judge            **Radcliffe**
Court Reporter   **FTR**                LODGED_____ REC'D_____
CrtRm Deputy     **J Wiskow/Howard/Newman**  PAID_____ DOCKETED_____

MATTER BEFORE THE COURT

Guarantors' and Shareholders' Motion and Joinder in Debtor's Motion for Extension of Time to File Amended Disclosure Statement and Amended Plan of Reorganization; Debtor's Application to Employ Attorney for Debtors: Ball Janik LLP (269); Debtor's Application to Employ Attorneys: Pachulski Stang Ziehl & Jones(272); Debtor's Motion(274) for Determination that Proposed Nonlocal Bankruptcy Counsel's Fees are Consistent with Local Bankruptcy Rule 2016-1(b)(4); Debtor's Motion for Authority for Continued Use of Cash Collateral (275); Debtor's Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement (276)

EVIDENTIARY HEARING:   _x_ Yes   __ No

APPEARANCES:

**Brad Summers, Atty. For Deb.
John Fiero, Atty. For Deb.
Daniel Pepple, Atty. For Cred. Bank of America
Casey Mills, Atty. For Cred. Umpqua Bank
Wilson Muhlheim, Atty. For Cred. Century Bank
Cassie Kellogg, Atty. For Unsec. Cred. Comm.
Rebecca Kamitsuka, Atty. For UST
Patrick Wade, Atty. For Cred. WA Federal Savings
John Albert, Atty. For Cred. Siuslaw Bank**

SUMMARY OF HEARING:

Witness sworn **X**                    See attached list

JF: The debtor believes that Umpqua Bank and Bank of America are adequately protected with the equity in the properties they hold as security. The debtor has come to an agreement with Century Bank and will turn over 5 out of 6 properties held by them. The debtor requests that the exclusivity period and the deadline to file a Chapter 11 plan and disclosure statement be extended due to new counsel being hired. The new counsel is having difficulties obtaining records from the previous counsel. The debtor requests that the employment of new counsel be allowed and that the court determine that counsel's fees are consistent with LBR 2016-1. CK: The Unsecured Creditors' Committee agrees with the debtor. DP: Bank of America objects to the use of cash collateral and to the extension of the exclusivity period. CM: Umpqua Bank objects to the use of cash collateral and to the extension of the exclusivity period. RK: The US Trustee objects to the extension of the exclusivity period and is concerned that administrative expenses will be excessive. The US Trustee objects to the debtor's motion for determination that counsel's fees are consistent with LBR 2016-1. PW: WA Federal Savings objects to the employment of Ball Janik LLP because of possible conflicts.

**Testimony was given by John Musumeci.**

DETERMINATION OF THE COURT:

The Motion for Use of Cash Collateral is granted until further court order or plan confirmation; Debtor may not exceed any line-item expense of the submitted revised budgets by more than 10% without further court approval. Mr. Fiero is to submit an order approved as to form by counsel for Umpqua Bank, Bank of America, the Creditors' Committee, and the US Trustee, within 21 days. The Order's effective date will be October 20, 2010. The Order is without prejudice to a party in interest filing a motion to terminate the use of cash collateral. The agreement with Century Bank to be memorialized by separate documentation.

The Motion to Extend the Exclusivity Period is denied. Parties in interest have until December 31, 2010 to file a plan and disclosure statement. If not timely filed, the case will be converted to one under Chapter 7 without further notice or hearing. If timely filed, the court will conditionally approve the disclosure statement and set a joint disclosure statement/confirmation hearing. If competing plans are filed, the court will attempt to track them together. Order by Ms. Kamitsuka.

The application to employ Pachulski Stang Ziehl & Jones is allowed nunc pro tunc September 28, 2010. The application to employ Ball Janik LLP is allowed nunc pro tunc September 30, 2010. The Ball Janik firm may not represent the Debtor in any matter involving Washington Federal Savings. The allowance of both applications is conditioned on submission to requesting interested parties of copies of certain documentation including engagement letters and fee guarantees. Such documentation to be provided within 14 days. If provided, orders approving employment to be submitted by Debtor.

The Court will not determine the reasonableness of the Pachulski firm's hourly rates at this time; the Motion for Determination that Proposed Non-local Counsel's Fees are Consistent with LBR 2016 is denied.

                        IT IS SO ORDERED:

*Albert E. Radcliffe*

ALBERT E. RADCLIFFE
Bankruptcy Judge