1  John D. Fiero (CA Bar No. 136557)
2  Linda F. Cantor (CA Bar No. 153762)
   Teddy M. Kapur (CA Bar No. 242486)
3  PACHULSKI STANG ZIEHL & JONES LLP
   150 California Street, 15th Floor
4  San Francisco, California  94111-4500
   Telephone:  415/263-7000
5  Facsimile:  415/263-7010
   Email: jfiero@pszjlaw.com
6          lcantor@pszjlaw.com
7          tkapur@pszjlaw.com

8  and

9  Brad T. Summers (OSB No. 911116)
   David W. Criswell (OSB No. 925930)
10  BALL JANIK LLP
11  101 SW Main Street, Suite 1100
   Portland, Oregon  97204-3219
12  Telephone:  503/228-2525
   Facsimile:  503/295-1058
13  Email: tsummers@balljanik.com
14          dcriswell@balljanik.com

15  Attorneys for Debtor Arlie & Company

16              **UNITED STATES BANKRUPTCY COURT**

17                **FOR THE DISTRICT OF OREGON**

18  In re                                    Case No. 10-60244-aer11
19  **Arlie & Company,**                      Chapter 11
20     Debtor.
21                                            **DEBTOR'S APPLICATION FOR**
                                             **ORDER APPROVING EMPLOYMENT**
                                             **OF KIBEL GREEN INC. AS REAL**
22                                            **ESTATE PLAN CONSULTANT AND**
                                             **INTEREST RATE EXPERT**
23
                                             [No Hearing Required]
24

25

26         Pursuant to sections 327(a) and 328(a) of title 11 of the United States Code  (the "Bankruptcy

27  Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

28  Local Bankruptcy Rule 2014-1(b), Arlie & Company ("Arlie" or the "Debtor") hereby submits this

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

application (the "Application") to employ Kibel Green Inc. ("KGI") as the Debtor's Real Estate Plan Consultant and Interest Rate Expert, effective as of December 17, 2010.  The Application is supported by the Declaration of James R. Maddox, Jr. (the "Maddox Declaration") and Mr. Maddox's Rule 2014 Verified Statement (the "Rule 2014 Verified Statement").  The Rule 2014 Verified Statement is attached hereto as **Exhibit 1**.  In further support of this Application, the Debtor respectfully represents as follows:

## I.

## JURISDICTION

This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

## II.

## BACKGROUND

On January 20, 2010 (the "Petition Date"), the Debtor commenced a voluntary case under Chapter 11 of the Bankruptcy Code.

The Debtor is authorized to continue to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been sought or appointed in this case.

Arlie is a real estate development company based in Eugene, Oregon that is committed to environmentally-friendly development practices.  The Debtor owns more than 30 properties in Oregon and approximately 5,590 acres of investment property on the Big Island of Hawaii.  The Debtor's real property secures loans from various lenders that total approximately $60 million.  As part of its reorganization, the Debtor is attempting to sell some properties and restructure certain debt obligations.

By letter dated December 14, 2010, the Debtor retained KGI, effective as of December 17, 2010 (the "Engagement Letter").  KGI has been retained to, among other responsibilities, assist the Debtor with regard to real estate matters and provide expert evaluations regarding the proposed treatment of secured creditors, including interest rate and other loan terms provided in the Debtor's

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

APPLICATION TO EMPLOY KIBEL GREEN INC.

plan of reorganization (the "Plan"). A copy of the Engagement Letter is attached to the Maddox

Declaration as **Exhibit B**.

### III.

### THE COURT SHOULD AUTHORIZE THE DEBTOR TO RETAIN KGI AS REAL ESTATE

### PLAN CONSULTANT AND INTEREST RATE EXPERT

By this Application, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the

Debtor seeks to employ KGI as the Debtor's Real Estate Plan Consultant and Interest Rate Expert,

effective as of December 17, 2010, to perform the services set forth herein. The Debtor believes that

the services to be rendered by KGI are necessary in order for the Debtor to make informed

judgments regarding its current and historical cash flow and financial projections as well as

provisions in its Plan regarding the treatment of claims secured by liens on the Debtor's real estate

assets. The Debtor requires the services of an experienced real estate and interest rate expert that is

familiar with the bankruptcy process. The Debtor believes that the retention of KGI upon the terms

set forth in the Engagement Agreement is reasonable, equitable and in the best interests of the estate.

The Debtor has selected KGI because of its extensive experience providing clients, both in

and out of bankruptcy, with the kind of real estate and financial services needed by the Debtor in this

case. KGI's depth of experience in the areas of restructuring, real estate, and bankruptcy matters

makes it highly qualified to act as Real Estate Plan Consultant and Interest Rate Expert to the

Debtor. Copies of the resumes of the members of KGI primarily handling the representation of the

Debtor are attached to the Maddox Declaration as **Exhibit A**. Therefore, the Debtor believes that

KGI's retention is in the best interest of the estate.

Pursuant to the Court's *Order Authorizing Employment of John H. Brown as Consultant for

Debtor*, entered on March 19, 2010, the Debtor retained John H. Brown as a consultant to assist the

Debtor in deciding possible sale values and which properties to sell. Mr. Brown has not performed

any work on behalf of the Debtor, and the Debtor does not think Mr. Brown is as well-suited as KGI

to perform the services described herein. Consequently, the services performed by KGI will not be

duplicative of the other services performed by professionals retained in this case.

Subject to further order of this Court, KGI may be required to render the following services

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

to the Debtor, among others:

    (a)    Review, evaluate and analyze the financial position of the Debtor, including the individual real estate properties and related businesses;

    (b)    Review, evaluate and analyze the Debtor's current and historical cash flow and financial projections (together with underlying assumptions) prepared by the Debtor in support of its Plan;

    (c)    Develop such materials and provide input as may be necessary to assist the Debtor to evaluate the issues presented, including due diligence, evaluations and analysis of specific properties with respect to (i) the current capital market conditions for secured real estate loans on properties in the Debtor's portfolio, (ii) the proposed treatment in the Debtor's Plan of any non-consenting secured creditors, including the interest rate and other loan terms; and (iii) the feasibility of the Plan within the meaning generally applied by bankruptcy courts under section 1129(a)(11) of the Bankruptcy Code;

    (d)    If required, conduct, prepare and provide expert witness evaluations and opinions, declarations and reports, depositions and in-court testimony with respect to (i) the current capital market conditions for secured real estate loans on properties in the Debtor's portfolio, and (ii) the proposed treatment of non-consenting secured creditors, including the interest rate and other loan terms provided in the Plan;

    (e)    Advise the Debtor on tactics and strategies for negotiating with its creditors, and if required by the Debtor, participate in meetings or negotiations with creditors in connection with any restructuring, modification or refinancing of the Debtor's existing debt obligations or asset dispositions;

    (f)    Attend (telephonically as appropriate) Debtor meetings and other meetings and court hearings as required; and

    (g)    Provide the Debtor with other appropriate general restructuring advice.

In addition to the above, KGI may, if requested by the Debtor, conduct, prepare and provide expert witness evaluations and opinions, declarations and reports, depositions and in-court testimony with respect to the feasibility of the Debtor's reorganization plan within the meaning generally applied by bankruptcy courts under section 1129(a)(11) of the Bankruptcy Code. The advisory services and compensation arrangements set forth herein do not encompass raising capital or selling assets. If the Debtor and KGI later determine to expand KGI's scope of services to include these activities, such future agreement will be the subject of a further and separate written agreement of the parties and Bankruptcy Court approval.

Subject to the applicable provisions of the Bankruptcy Code, the Debtor proposes to pay KGI on an hourly basis at the rates listed below and to reimburse KGI according to its customary reimbursement policies. KGI 's current applicable hourly rates for the professionals primarily responsible for this case are as follows (provided that KGI shall bill half-time for travel):

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

| (a) | Steven J. Green | $550 |
| (b) | James Maddox | $450 |
| (c) | Matt Covington | $450 |
| (d) | Dave Lauletta | $350 |
| (e) | Michael Downes | $300 |
| (f) | Nick Long | $275 |
| (g) | Other Senior Consultants | $250-$375 |
| (h) | Other Professionals | $90-$495 |

In the event that Mr. Maddox's services are required as an expert witness, his billing rate shall be $550 per hour for such services. Expert witness services shall include deposition and trial preparation with legal counsel, depositions and in-court testimony.

The project leader will be Jay Maddox, Managing Director and head of KGI's Real Estate Practice. Steven Green, co-founder and President of KGI, is the partner in charge, and Matt Covington, Managing Director and Head of Financial Restructuring, will provide services as required. KGI reserves the right to utilize other KGI Professionals not named here as required. In addition, KGI may use various other consultants or professionals as appropriate. KGI will exercise continuous billing judgment throughout the engagement and will staff the case in the most cost-efficient manner possible. KGI has not received a retainer in the case.

KGI will categorize its billing into subject matter categories in compliance with applicable guidelines and will maintain detailed, contemporaneous time records of fees and expenses incurred in connection with rendering advisory services by category and nature of services rendered. KGI understands that its compensation in this case is subject to the applicable provisions of the Bankruptcy Code.

If KGI's employment is approved by the Court, compensation will only be paid upon application to and approval by this Court after notice and hearing in accordance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Bankruptcy Rule 2016-1, or any applicable court-ordered interim fee procedures.

Pursuant to the Engagement Letter, the Debtor's estate shall be obligated to indemnify and

hold harmless KGI from claims relating to this engagement except for claims resulting from fraud, willful misconduct, breach of fiduciary duty, or negligence of KGI. *See* <u>Exhibit A</u> to Maddox Declaration, Appendix One. The Debtor believes that these warranty and indemnity provisions are standard for financial advisors in the industry and reasonable under the circumstances of the case. Further, Debtor understands and agrees that KGI is not an appraisal firm, law firm or CPA firm and therefore, the Debtor should consult with attorneys, appraisers and CPA firms of its own choosing should the need for such services arise.

To the best of the Debtor's knowledge, KGI is "disinterested" in that it has no connection with the Debtor, its creditors, any other party in interest herein, its respective attorneys or professionals, the United States Trustee or any person employed in the Office of the United States Trustee, except as set forth in the accompanying Maddox Declaration. As stated more fully in the declaration, KGI does not hold, or represent any entity having, an adverse interest in connection with the Debtor or this case. KGI does not employ any person who is related to a judge of this Court. Accordingly, KGI is qualified to act as the Debtor's Real Estate Plan Consultant and Interest Rate Expert pursuant to sections 327(a) and 328(a) of the Bankruptcy Code.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order substantially in the form annexed hereto as **<u>Exhibit 2</u>**, (a) authorizing the Debtor to retain KGI as its Real Estate Plan Consultant and Interest Rate Expert, effective as of December 17, 2010, pursuant to the terms of the Engagement Letter, and (b) granting such other and further relief as the Court deems just and proper.

Dated:    December 17, 2010                    PACHULSKI STANG ZIEHL & JONES LLP


                                   By    */s/ Linda F. Cantor*
                                        John D. Fiero
                                        Linda F. Cantor
                                        Teddy M. Kapur
                                        Attorneys for Debtor

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                    )
**Arlie & Company**      )  Case No.  __**10-60244-aer11**__
                       )
                       )  RULE 2014 VERIFIED STATEMENT
Debtor(s)          )  FOR PROPOSED PROFESSIONAL

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1. The applicant is not a creditor of the debtor except:

**N/A**

2. The applicant is not an equity security holder of the debtor.

3. The applicant is not a relative of the individual debtor.

4. The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5. The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6. The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7. The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8. The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9. The applicant is not a person in control of the debtor.

10. The applicant is not a relative of a director, officer or person in control of the debtor.

11. The applicant is not the managing agent of the debtor.

12. The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13. The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

**See Attachment 13**

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)). Please list and explain the relationship between the debtor and the affiliate:

**Suzanne Arlie (Debtor's sole shareholder); Arlie Energy, LLC (wholly owned by Debtor); West 11th Investment Property, LLC (wholly owned by Debtor); Cannery Station, LLC (50% owned by Debtor); Churchill Media, LLC (wholly owned by Ms. Arlie); Churchill Media I, LLC (wholly owned by Churchill Media, LLC); Churchill Media II, LLC (wholly owned by Churchill Media, LLC); Churchill Media III, LLC (wholly owned by Churchill Media, LLC); and Golden Ribbon Foundation (non-profit foundation run by Ms. Arlie).**

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

**The statements remain true.**

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:
   **None.**

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

**See Attachment 21.**

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

**See Attachment 21. In the event an affiliated guarantor were to satisfy all or a portion of the guaranteed debt, the guarantor would be subrogated to the rights of the lender and, under such circumstances, have claims against the Debtor. There are currently no such subrogated claims.**

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

**None.**

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

**Cannery Station, LLC**

I verify that the above statements are true to the extent of my present knowledge and belief.

_____
Applicant

JAMES MADDOX
MANAGING DIRECTOR
KIBEL GREEN INC.

<u>ATTACHMENT 13</u>

Rule 2014 Verified Statement for Proposed Professional

(Kibel Green Inc.)

In re Arlie & Company, Case No. 10-60244-aer11


Kibel Green Inc. ("KGI") acts as a financial advisor to numerous debtors in chapter 11 and out-of-court engagements.  Other than Bank of America, KGI has no connection to the creditors of Arlie & Company. KGI is advising debtors in other engagements where Bank of America is a creditor and therefore adverse to KGI's clients.  KGI has also acted as a financial advisor to either debtors or unsecured creditors committees in several Chapter 11 and out-of-court engagements where Arlie & Company's bankruptcy counsel Pachulski Stang Ziehl & Jones LLP ("PSZJ") represented the same party as KGI.  In such cases, the interests of KGI and PSZJ were aligned.

Arlie Co.
Attachment 21
Rule 2014 Verified Statement
for Proposed Professional
(Kibel Green Inc.)

| | | **SCHEDULE OF LOAN GUARANTEES** | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Lender** | **Borrower** | **Address of Property Securing Guaranty** | **City/State** | **Lender Acct #** | **Date of Guaranty** | **Amount of Loan Guaranteed** | **Guarantor** |
| Umpqua Bank | Arlie & Company | 2892 Crescent Ave | Eugene, OR | 68850164 | 10/27/2008 | $2,000,000 | S. Arlie; J. Musumeci; S. Arlie Trust |
| Umpqua Bank | Arlie & Company | 3032 Kinney Loop | Eugene, OR | 68852853 | 12/23/2008 | $184,000 | S. Arlie; J. Musumeci; S. Arlie Trust |
| Umpqua Bank | Arlie & Company | Crescent Village Lots 1 and 2 and Tract B (portion only) | Eugene, OR | 3568360227 | 3/15/2002 | $5,286,000 | S. Arlie; J. Musumeci; S. Arlie Trust |
| Umpqua Bank | Arlie & Company | Crescent Village Bldg B Village East | Eugene, OR | 68753449 | 8/10/2006 | $8,265,000 | S. Arlie |
| Umpqua Bank | Arlie & Company | Garden Valley Blvd/Roseburg #2 | Roseburg, OR | 68834218 | 4/1/2008 | $1,720,000 | S. Arlie; J. Musumeci; S. Arlie Trust |
| Umpqua Bank | Arlie & Company | Woodburn Commercial Lot (I-5 @Hwy 214) 2450 Country Club Rd | Woodburn, OR | 4928635 | 1/20/2006 | | S. Arlie; J. Musumeci; S. Arlie Trust |
| Umpqua Bank | Arlie & Company | College Park (Lots south and west of Lane Community College) | Eugene, OR | 4928635 | 1/20/2006 | $4,000,000 | S. Arlie; J. Musumeci; S. Arlie Trust |
| Umpqua Bank | Arlie & Company | 3804 West 11th (Oil Can Henry's) | Eugene, OR | 68839601 | 12/10/2008 | $665,982,12 | S. Arlie; J. Musumeci; S. Arlie Trust |
| Umpqua Bank | Arlie & Company | 3802 West 11th (My Coffee) | Eugene, OR | 68695901 | 8/22/2005 | $661,600 | S. Arlie; J. Musumeci; S. Arlie Trust |

Arlie Co.
Attachment 21
Rule 2014 Verified Statement
for Proposed Professional
(Kibel Green Inc.)

| Umpqua Bank | Arlie & Company | West 11th @ Obie St (undeveloped) | Eugene, OR | 5068535220 | 12/29/2003 | $1,404,650 | S. Arlie; J. Musumeci; S. Arlie Trust |
|---|---|---|---|---|---|---|---|
| Umpqua Bank | Arlie & Company | West Lane Center | Veneta, OR | 3268360086 | 2/12/2002 | $5,910,000 | S. Arlie; J. Musumeci; S. Arlie Trust |
| Bank of America | Arlie & Company | Crescent Village Bldg. A Village West | Eugene, OR | 807272 | 2/28/2007 | $9,000,000 | S. Arlie |
| Bank of America | Arlie & Company | Crescent Village Bldg. D Inkwell | Eugene, OR | 97539271 | 11/2/2007 | $5,970,000 | S. Arlie |
| Summit Bank | Churchill Media LLC | West 11th & Willow Creek Road (7.36 ac) and Lot 4 Crescent Village | Eugene, OR | 97539271 | 6/7/2006 | $3,000,000 | Arlie & Company |

# EXHIBIT 2

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF OREGON**

In re

**ARLIE & COMPANY**,

      Debtor.

Case No. 10-60244-aer11

**ORDER AUTHORIZING EMPLOYMENT OF KIBEL GREEN INC. AS REAL ESTATE PLAN CONSULTANT AND INTEREST RATE EXPERT**

      The Court considered the application of Arlie & Company (the "Debtor") to employ

Kibel Green Inc. ("KGI") as the Debtor's Real Estate Plan Consultant and Interest Rate Expert,

effective as of December 17, 2010 (the "Application") and the declaration of James R. Maddox, Jr. in support thereof (the "Maddox Declaration").  Based upon the Application and the Maddox Declaration, and it appearing that the Court has jurisdiction to consider the Application; that the relief requested in the Application is in the best interest of the Debtor, its creditors, and the Debtor's estate; that due and appropriate notice of the Application has been given under the circumstances of this case; that no other or further notice need be given; that KGI does not represent an interest adverse to the estate; and that, after due deliberation, good and sufficient cause exists for such relief,

IT IS HEREBY ORDERED THAT:

1.      The Application is GRANTED.

2.      In accordance with Bankruptcy Code sections 327(a) and 328(a), the Debtor is authorized to retain and employ KGI as its Real Estate Plan Consultant and Interest Rate Expert to perform all of the services set forth in the Application, on the terms set forth in the engagement letter attached to the Maddox Declaration as Exhibit B.

# # #

Presented by:

By: _/s/ Brad T. Summers_
      Brad T. Summers, OSB No. 911116
      tsummers@balljanik.com
      David W. Criswell, OSB No. 925930
      dcriswell@balljanik.com
      BALL JANIK LLP
      101 SW Main Street, Suite 1100
      Portland, OR  97204


By: _/s/ John D. Fiero_
      John D. Fiero (CA Bar No. 136557)
      Linda F. Cantor (CA Bar No. 153762)
      Teddy M. Kapur (CA Bar No. 242486)
      PACHULSKI STANG ZIEHL & JONES LLP
      150 California Street, 15th Floor
      San Francisco, California  94111-4500
      Telephone:  415/263-7000
      Facsimile:  415/263-7010
      Email:  jfiero@pszjlaw.com
             lcantor@pszjlaw.com
             tkapur@pszjlaw.com

      Attorneys for Debtor-in-Possession


cc:    Attached List of Parties

## LIST OF PARTIES TO RECEIVE COPY OF ORDER
### *In re Arlie & Company*
U.S. Bankruptcy Court, District of Oregon Case No. 10-60244-aer11

### By CM/ECF:
- JOHN D ALBERT    darlene@albertandtweet.com, beth@albertandtweet.com
- JOHN F BARG    jfb@bcltlaw.com, cgw@bcltlaw.com
- CONRAD K CHIU    cchiu@daypitney.com
- BRADLEY S COPELAND    bcopeland@agsprp.com, soconnor@agsprp.com
- JOHN D FIERO    jfiero@pszjlaw.com, ocarpio@pszjlaw.com; ksuk@pszjlaw.com; azaragoza@pszjlaw.com
- JOHN C FISHER
- MICHAEL W FLETCHER    michael.fletcher@tonkon.com, tammy.brown@tonkon.com
- THOMAS A HUNTSBERGER    tom@tahpc.com
- Thomas A Huntsberger    thuntsberger@ecf.epiqsystems.com
- P REBECCA KAMITSUKA
- MICHAEL P KEARNEY    mpk@kearneyatlaw.com, mholley@agsprp.com
- ALBERT N KENNEDY    al.kennedy@tonkon.com, leslie.hurd@tonkon.com; larissa.stec@tonkon.com
- JUSTIN D LEONARD    jleonard@bjllp.com, jweisenbach@balljanik.com
- JOHN CASEY MILLS    casey.mills@millernash.com, brenda.hale@millernash.com
- WILSON C MUHLHEIM    ecf@mb-lawoffice.com
- P SCOTT McCLEERY    scottm@gartlandnelsonlaw.com, kassiea@gartlandnelsonlaw.com
- FRANK F McGINN    ffm@bostonbusinesslaw.com
- ANDREW P PARKS    aparks@agsprp.com, lstevenson@agsprp.com
- TERESA H PEARSON    teresa.pearson@millernash.com, teri.cochran@millernash.com; lisa.conrad@millernash.com
- DANIEL P PEPPLE    dpepple@pjcs.com, dawnanderson9@pjcs.com;jsteinert@pjcs.com
- JACKSON SCHMIDT    jacksonschmidt@pjcs.com, dawnanderson9@pjcs.com; jsteinert@pjcs.com
- DOUGLAS R SCHULTZ    schultz@gleaveslaw.com, kirsten@gleaveslaw.com
- BRAD T SUMMERS    tsummers@balljanik.com, akimmel@balljanik.com
- US Trustee, Eugene    USTPRegion18.EG.ECF@usdoj.gov
- PATRICK W WADE    hhecfb@hershnerhunter.com
- HEATHER M WALLOCH    heatherw@gartlandnelsonlaw.com, kassiea@gartlandnelsonlaw.com
- GILBERT B WEISMAN    notices@becket-lee.com
- DOUGLAS R WILKINSON    doug@thorp-purdy.com, skelley@thorp-purdy.com

### By Regular Mail:

David E. Bomar
Balzhiser & Hubbard Engineers, Inc.
100 W 13th Ave
Eugene, OR 97401

James R. Hanks
JRH Transportation Engineering
4765 Village Plaza Lp #201
Eugene, OR 97401

Mike Broadsword
Eugene Sand & Gravel
POB 1067
Eugene, OR 97440

JONATHAN POLLAND
Rethink LLP
465 California St #310
San Francisco, CA 94104

Gregory Brokaw
Rowell Brokaw Architects, PC
1 East Broadway #300
Eugene, OR 97401

Micheal Roberts
1919 Myers Road
Eugene, OR 97401

LINDA CANTOR
10100 Santa Monica Blvd 11th FL
Los Angeles, CA 90067

Jerry Vicars
Fabrication & Mechanical Group Inc
POB 42173
Eugene, OR 97404

WmThomas Construction
POB 2409
Florence, OR 97439

## CERTIFICATE OF SERVICE

I, Sophia L. Lee, declare as follows:

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and am not a party to this action.  My business address is 10100 Santa Monica Boulevard, Suite 1100, Los Angeles, California.

I certify that on December 17, 2010, I caused to be served a full and correct copy of the **DEBTOR'S APPLICATION FOR ORDER APPROVING EMPLOYMENT OF KIBEL GREEN INC. AS REAL ESTATE PLAN CONSULTANTS AND INTEREST RATE EXPERT** by means of electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, for the following parties and/or counsel who are registered ECF Users.

JOHN D ALBERT on behalf of Creditor Siuslaw Bank
darlene@albertandtweet.com, beth@albertandtweet.com

JOHN F BARG on behalf of Interested Party John Musuemci
jfb@bcltlaw.com, cgw@bcltlaw.com

LINDA F CANTOR on behalf of Debtor Arlie & Company
lcantor@pszjlaw.com

CONRAD K CHIU on behalf of Creditor Fifth Third Bank
cchiu@daypitney.com

BRADLEY S COPELAND on behalf of Creditor Summit Bank
bcopeland@agsprp.com, soconnor@agsprp.com

JOHN D FIERO on behalf of Debtor Arlie & Company
jfiero@pszjlaw.com, ocarpio@pszjlaw.com;ksuk@pszjlaw.com;azaragoza@pszjlaw.com

MICHAEL W FLETCHER on behalf of Creditor Tonkon Torp LLP
michael.fletcher@tonkon.com, tammy.brown@tonkon.com

THOMAS A HUNTSBERGER on behalf of Counter-Claimant Mark Roberts
tom@tahpc.com

Thomas A Huntsberger on behalf of Defendant Mark Roberts
thuntsberger@ecf.epiqsystems.com

P REBECCA KAMITSUKA on behalf of U.S. Trustee US Trustee, Eugene

MICHAEL P KEARNEY on behalf of Debtor Arlie & Company
mpk@kearneyatlaw.com, mholley@agsprp.com

ALBERT N KENNEDY on behalf of Creditor Tonkon Torp LLP
al.kennedy@tonkon.com, leslie.hurd@tonkon.com;larissa.stec@tonkon.com

JUSTIN D LEONARD on behalf of Debtor Arlie & Company
jleonard@bjllp.com, jweisenbach@balljanik.com

JOHN CASEY MILLS on behalf of Creditor Umpqua Bank
casey.mills@millernash.com, brenda.hale@millernash.com

WILSON C MUHLHEIM on behalf of Creditor Century Bank
ecf@mb-lawoffice.com

P SCOTT McCLEERY on behalf of Creditor Gartland, Nelson, McCleery, Wade & Walloch,
P.C.
scottm@gartlandnelsonlaw.com, kassiea@gartlandnelsonlaw.com

FRANK F McGINN on behalf of Creditor Iron Mountain Information Management, Inc.
ffm@bostonbusinesslaw.com

ANDREW P PARKS on behalf of Creditor Summit Bank
aparks@agsprp.com, lstevenson@agsprp.com

TERESA H PEARSON on behalf of Creditor Umpqua Bank
teresa.pearson@millernash.com, lisa.conrad@millernash.com

DANIEL P PEPPLE on behalf of Creditor Bank of America
dpepple@pjcs.com, dawnanderson9@pjcs.com;jsteinert@pjcs.com

JACKSON SCHMIDT on behalf of Creditor Bank of America
jacksonschmidt@pjcs.com, dawnanderson9@pjcs.com;jsteinert@pjcs.com

DOUGLAS R SCHULTZ on behalf of Creditor Committee Unsecured Creditors Committee
schultz@gleaveslaw.com, kirsten@gleaveslaw.com

BRAD T SUMMERS on behalf of Debtor Arlie & Company
tsummers@balljanik.com, akimmel@balljanik.com

US Trustee, Eugene
USTPRegion18.EG.ECF@usdoj.gov

PATRICK W WADE on behalf of Creditor Washington Federal Savings
hhecfb@hershnerhunter.com

HEATHER M WALLOCH on behalf of Creditor Gartland, Nelson, McCleery, Wade & Walloch, P.C.
heatherw@gartlandnelsonlaw.com, kassiea@gartlandnelsonlaw.com

GILBERT B WEISMAN on behalf of Creditor American Express Bank FSB
notices@becket-lee.com

DOUGLAS R WILKINSON on behalf of Counter-Defendant 2911 Tennyson Avenue, LLC
doug@thorp-purdy.com, skelley@thorp-purdy.com

**By Regular Mail:**

David E. Bomar
Balzhiser & Hubbard Engineers, Inc.
100 W 13th Ave
Eugene, OR 97401

James R. Hanks
JRH Transportation Engineering
4765 Village Plaza Lp #201
Eugene, OR 97401

Mike Broadsword
Eugene Sand & Gravel
POB 1067
Eugene, OR 97440

JONATHAN POLLAND
Rethink LLP
465 California St #310
San Francisco, CA 94104

Gregory Brokaw
Rowell Brokaw Architects, PC
1 East Broadway #300
Eugene, OR 97401

Micheal Roberts
1919 Myers Road
Eugene, OR 97401

WmThomas Construction
POB 2409
Florence, OR 97439

Jerry Vicars
Fabrication & Mechanical Group Inc
POB 42173
Eugene, OR 97404

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on December 17, 2010, at Los Angeles, California.

_____/s/ *Sophia L. Lee*_____
Sophia L. Lee