UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                                    )  Case No._____
                                         )
                                         )  NOTICE OF INTENT TO Sell Real or
                                         )  Personal Property, Compensate Real Estate
                                         )  Broker, and/or Pay any Secured Creditor's Fees
                                         )  and Costs; Motion for Authority to Sell Property
                                         )  Free and Clear of Liens; and Notice of Hearing
                                         )  [**Note**: Do not use to sell personally identifiable
Debtor(s)                                )   information about individuals!]

NOTICE IS GIVEN THAT _____, the
_____ (i.e., debtor, trustee, etc.), intends to sell the property described below and moves
for authority to sell said property free and clear of liens pursuant to 11 USC §363(f).  The movant's name, address, and
telephone # are: _____
_____.

If you wish to object to any aspect of the sale or fees disclosed in ¶7 or ¶15 you must both: (1) attend the hearing set in ¶16
below and, (2) within 23 days of the later of either (a) the date next to the signature below; or (b) the date in any "Clerk" stamp
above, file with the Clerk of Court (i.e., if the 5-digit portion of the Case No. begins with "3" or "4", at 1001 SW 5th Ave. #700,
Portland OR 97204; or if it begins with "6" or "7", at 405 E 8th Ave #2600, Eugene OR 97401) both:  (a) a written response
stating the specific facts upon which the objection is based, and (b) proof that a copy of the response was served on the
movant.

This document shall constitute the notice required by LBR 2002-1.  (COMPLETE ALL SECTIONS.)

1.   The specific subsections of 11 USC §363(f) movant relies upon for authority to sell the property free and clear of liens are:

2.   Buyer's Name & Relation to Debtor:

3.   General description of the property (NOTE:  If real property, state street address here.  Also attach legal description as
an Exhibit to the original filed with the court):

4.   A copy of the full property description or inventory may be examined or obtained at:

5.   The property may be previewed at (include time and place):

6.   Other parties to the transaction and their relationship to the debtor are:

7.   Gross sales price:  $_____.  All liens on the property total:  $_____, of which Movant believes
a total of $_____ need not be paid as secured claims (because the lien is invalid, avoidable, etc., the lienholder
consents to less than full payment, or part or all of the underlying debt is not allowable). Secured creditor(s) also seek(s)
reimbursement of $_____ for fees and costs.  Total sales costs will be:  $_____.  All tax
consequences have been considered and it presently appears the sale will result in net proceeds to the estate after payment
of valid liens, fees, costs and taxes of approximately:  $_____.

8.   The sale    is    is not (**MARK ONE**) of substantially all of the debtor's assets.  Terms and conditions of sale:

9.   Competing bids must be submitted to the movant no later than (date) _____, and must exceed the above offer by
at least _____ (and be on the same or more favorable terms to the estate).

10. Summary of all available information regarding valuation, including any independent appraisals:

11. If ¶7 indicates little or no equity for the estate, the reason for the sale is:

and expenses and taxes resulting from the sale will be paid as follows:

12. (Ch. 11 cases only) The reason for proposing the sale in advance of approval of a plan of reorganization is:

13. The following information relates to lien holders (who are listed in PRIORITY order):

| Name | Service Address (See FRBP 7004) | Approximate Lien Amount | Indicate Treatment at Closing (i.e., Fully Pd., Partially Pd., or Not Pd.) |
|------|---------------------------------|-------------------------|---------------------------------------------------------------------------|
| | | | |

14.  Any liens not fully paid at closing shall attach to the sale proceeds in the same order of priority they attach to the property. Any proceeds remaining after paying liens, expenses, taxes, commissions, fees, costs or other charges as provided in this motion, shall be held in trust until the court orders payment.

15.  [If real property]  The court appointed real estate broker, _____, will be paid _____.

16.  **A HEARING ON THIS MOTION AND ANY OBJECTIONS TO THE SALE AND/OR FEES WILL BE HELD** ON _____ AT _____ IN _____ _____ and testimony will be received if offered and admissible.

17.  [Unless movant is a Ch. 7 trustee]  I certify that on _____ a copy of this document was served, pursuant to FRBP 7004, on the debtor(s), trustee, if any, U.S. Trustee, each named lien holder at the address listed above, Creditors' Committee Chairperson, if any, and their respective attorneys; and that a copy was also served that date, pursuant to FRBP 2002(a), on all creditors and parties requesting special notice as listed in the Court's records that were obtained on _____, a copy of which is attached to the original document filed with the Bankruptcy Court.

18.  FOR FURTHER INFORMATION CONTACT: _____ _____.

DATE: _____          _____
                           Signature & Relation to Movant

                           _____
                           (If debtor is movant) Debtor's Address & Taxpayer ID#(s) (last 4 digits)

**CERTIFICATE OF SERVICE**

I hereby certify that I served copies of the foregoing *Notice of Intent to Sell Real or Personal Property, Compensate Real Estate Broker, and/or Pay any Secured Creditor's Fees and Costs; Motion for Authority to Sell Property Free and Clear of Liens; and Notice of Hearing* on the following party **by CM/ECF:**

- JOHN D ALBERT    darlene@albertandtweet.com, beth@albertandtweet.com
- JOHN F BARG    jfb@bcltlaw.com, cgw@bcltlaw.com
- LINDA F CANTOR    lcantor@pszjlaw.com
- CONRAD K CHIU    cchiu@daypitney.com
- BRADLEY S COPELAND    bcopeland@agsprp.com, soconnor@agsprp.com
- JOHN D FIERO    jfiero@pszjlaw.com, ocarpio@pszjlaw.com;ksuk@pszjlaw.com;azaragoza@pszjlaw.com
- MICHAEL W FLETCHER    michael.fletcher@tonkon.com, tammy.brown@tonkon.com
- THOMAS A HUNTSBERGER    tom@tahpc.com
- Thomas A Huntsberger    thuntsberger@ecf.epiqsystems.com
- P REBECCA KAMITSUKA
- TEDDY M KAPUR    tkapur@pszjlaw.com, slee@pszjlaw.com
- MICHAEL P KEARNEY    mpk@kearneyatlaw.com, mholley@agsprp.com
- ALBERT N KENNEDY    al.kennedy@tonkon.com, leslie.hurd@tonkon.com;larissa.stec@tonkon.com
- JUSTIN D LEONARD    jleonard@bjllp.com, jweisenbach@balljanik.com
- JOHN CASEY MILLS    casey.mills@millernash.com, brenda.hale@millernash.com
- WILSON C MUHLHEIM    ecf@mb-lawoffice.com
- P SCOTT McCLEERY    scottm@gartlandnelsonlaw.com, kassiea@gartlandnelsonlaw.com
- FRANK F McGINN    ffm@bostonbusinesslaw.com
- ANDREW P PARKS    aparks@agsprp.com, lstevenson@agsprp.com
- TERESA H PEARSON    teresa.pearson@millernash.com, lisa.conrad@millernash.com;brenda.hale@millernash.com
- DANIEL P PEPPLE    dpepple@pjcs.com, dawnanderson9@pjcs.com;jsteinert@pjcs.com
- JACKSON SCHMIDT    jacksonschmidt@pjcs.com, dawnanderson9@pjcs.com;jsteinert@pjcs.com
- DOUGLAS R SCHULTZ    schultz@gleaveslaw.com, kirsten@gleaveslaw.com
- BRAD T SUMMERS    tsummers@balljanik.com, akimmel@balljanik.com
- US Trustee, Eugene    USTPRegion18.EG.ECF@usdoj.gov
- PATRICK W WADE    hhecfb@hershnerhunter.com
- HEATHER M WALLOCH    heatherw@gartlandnelsonlaw.com, kassiea@gartlandnelsonlaw.com
- GILBERT B WEISMAN    notices@becket-lee.com
- DOUGLAS R WILKINSON    doug@thorp-purdy.com, skelley@thorp-purdy.com

and on the following parties by mailing a full, true and correct copy in a sealed first-class

postage prepaid envelope, addressed to the parties listed below, and deposited with the United States

Postal Service at San Francisco, California on the date set forth below:

| | |
|---|---|
| Lane County Assessment & Taxation<br>125 E. 8th Ave<br>Eugene, OR 97401-2968 | Mike Broadsword<br>Eugene Sand & Gravel<br>POB 1067<br>Eugene, OR 97440 |
| David E. Bomar<br>Balzhiser & Hubbard Engineers, Inc.<br>100 W 13th Ave<br>Eugene, OR 97401 | John C Fisher<br>767 Willamette St #201<br>Eugene, OR 97401 |
| Gregory Brokaw<br>Rowell Brokaw Architects, PC<br>1 East Broadway #300<br>Eugene, OR 97401 | Jonathon Polland<br>Rethink LLP<br>465 California St #310<br>San Francisco, CA 94104 |
| James R. Hanks<br>JRH Transportation Engineering<br>4765 Village Plaza Lp #201<br>Eugene, OR 97401 | Jerry Vicars<br>Fabrication & Mechanical Group Inc<br>POB 42173<br>Eugene, OR 97404 |
| Micheal Roberts<br>1919 Myers Road<br>Eugene, OR 97401 | WmThomas Construction<br>POB 2409<br>Florence, OR 97439 |

DATED:  January 27, 2011          */s/ Casey Stevens*
                                           Casey Stevens

# EXHIBIT  A

## REAL ESTATE SALE AND PURCHASE AGREEMENT

**DATED:**        January 21, 2011

**SELLER:**        **Arlie & Company**, an Oregon corporation
2911 Tennyson Avenue, Suite 400
Eugene, OR 97408

**BUYER:**        **Future B Inc.**, an Oregon corporation, **dba Future B Homes**
P.O. Box 7425
Eugene, OR 97401

## RECITAL:

Seller desires to sell to Buyer and Buyer desires to purchase from Seller Lots 42-45 and 54-56 of Crescent Village 2nd Addition, Lane County, Oregon (the "Property"), on the terms and conditions contained herein.

## AGREEMENT:

For valuable consideration, the parties hereby agree as follows:

1.        **Sale and Purchase:** Buyer agrees to purchase the Property from Seller and Seller agrees to sell the Property to Buyer for the sum of Three Hundred Forty Thousand and no/100 Dollars ($340,000) (the "Purchase Price").

2.        **Payment of Purchase Price:** Upon execution of this Agreement, Buyer shall deposit Two Thousand Dollars and no/100 ($2,000) with the parties' escrow agent as a deposit toward the Purchase Price (the "Earnest Money"). At closing, Buyer shall pay Seller the balance of the Purchase Price in cash.

3.        **Closing:** Closing shall take place on or before February 21, 2011 (the "Closing Date"). Escrow services shall be provided by Evergreen Land Title Company, 625 Country Club Road, Eugene, Oregon 97401. The parties shall each pay one-half (1/2) of all escrow fees.

4.        **Obligations of Seller Prior to Closing:** Seller shall perform the following obligations prior to Closing:

4.1        Preliminary Title Report: Within five (5) days after full execution of this Agreement, Seller shall furnish to Buyer a preliminary title report showing the condition of title to the Property, together with copies of all exceptions listed therein (the "Title Report"). Buyer has ten (10) days from receipt of the Title Report to review the Title Report and notify Seller, in writing, of Buyer's disapproval of any exceptions shown in the Title Report. Those exceptions

**1 – REAL ESTATE SALE AND PURCHASE AGREEMENT**
Macintosh HD:Users:Mandi:Library:Mail Downloads:Real Estate and Purchase Agreement 011911 Lots 42 to 45v2-1.doc

not objected to by Buyer are referred to below as the "Permitted Exceptions." Zoning ordinances, building restrictions, taxes due and payable for the current tax year, and reservations in federal patents and state deeds shall be deemed Permitted Exceptions. If Buyer notifies Seller of disapproval of any exceptions, Seller shall have ten (10) days after receiving the disapproval notice to either remove the exceptions or provide Buyer with reasonable assurances of the manner in which the exceptions will be removed before the transaction closes. If Seller does not remove the exceptions or provide Buyer with such assurances, Buyer may terminate this Agreement by written notice to Seller given within ten (10) days after expiration of such ten (10) day period, in which event the Earnest Money shall be refunded to Buyer and this Agreement shall be null and void.

5. **Conditions:** (a) Buyer's obligation to purchase the Property is contingent on obtaining approval of the U.S. Bankruptcy Court for this Agreement; (b) This sale is also conditioned upon the closing of the sale of Lot 18 of Crescent Village 2nd Addition, Lane County, Oregon, from Seller to Michael Butler and Lori Butler pursuant to a Real Estate and Purchase Agreement of even date hereof for a purchase price of Sixty Thousand Dollars and no/100 ($60,000); (c) This sale is also conditioned upon Buyer's sale of the Property at the address commonly known as 2518 Cumberland Drive, Eugene, Oregon; and (d) Buyer's review and approval of design and architectural requirements for development of the Lots being acquired. This condition will be deemed waived unless Buyer notifies Seller prior to January 28, 2011, that the development/design requirements are unacceptable.

6. **Deed:** On the Closing Date, Seller shall execute and deliver to Buyer a statutory warranty deed, conveying the Property to Buyer, free and clear of all liens and encumbrances except for Permitted Exceptions as set forth above.

7. **Title Insurance:** Within fifteen (15) days after closing, Seller shall furnish Buyer with an ALTA owner's policy of title insurance in the amount of the purchase price, standard form, insuring Buyer as the owner of the Property subject only to the usual printed exceptions and the Permitted Exceptions.

8. **Taxes; Prorates:** Real property taxes for the current tax year shall be prorated as of the Closing Date.

9. **Possession:** Buyer shall be entitled to possession immediately upon closing.

10. **Seller's Representations:** Seller represents and warrants to Buyer as follows:

10.1 Seller has received no written notice of any liens to be assessed against the Property.

10.2 Seller has received no written notice from any governmental agency of any violation of any statute, law, ordinance, or deed restriction, rule, or regulation with respect to the Property.

10.3    Seller is not a "foreign person" as that term is defined in IRC Section 1445. On the Closing Date, Seller shall execute and deliver to Buyer a certification of nonforeign status on a form required by the IRS.

10.4    That to Seller's knowledge: (a) the Property has never been used for the storage or disposal of any hazardous material or waste; (b) there are no environmentally hazardous materials or wastes contained on or under the Property; and (c) the Property has not been identified by any governmental agency as a site upon which environmentally hazardous materials or wastes have been or may have been located or deposited.

10.5    Seller makes no warranty with regard to the condition of the Property. Buyer accepts the Property "AS IS".

11.    **Binding Effect/Assignment Restricted:** This Agreement is binding on and will inure to the benefit of Seller, Buyer, and their respective legal representatives, successors and assigns. Buyer may assign its rights and obligations under this Agreement.

12.    **Remedies:** If the condition to this Agreement has been satisfied or waived by Buyer, and Buyer fails to close this transaction for any reason other than the fault of Seller, Seller shall receive the Earnest Money. Such receipt shall not limit Seller's right to sue Buyer for damages or specific performance of this Agreement. In the event Seller fails, through no fault of Buyer, to close this transaction, Buyer shall have the right to a refund of all Earnest Money. Such refund shall not limit Buyer's right to sue Seller for damages or specific performance of this Agreement.

13.    **Attorney Fees:** In the event action is instituted to enforce any term of this Agreement, the prevailing party shall recover from the losing party reasonable attorney fees incurred in such action as set by the trial court and, in the event of appeal or review, as set by the appellate courts.

14.    **Notices:** All notices and communications in connection with this Agreement shall be given in writing and shall be transmitted by regular mail, to the appropriate party at the address first set forth above. Any notice so transmitted shall be deemed effective on the date it is placed in the United States mail, postage prepaid. Either party may, by written notice, designate a different address for purposes of this Agreement.

15.    **Entire Agreement:** This Agreement constitutes the entire understanding of the parties with respect to the purchase and sale of the Property. This Agreement supersedes any and all prior negotiations, discussions, agreements, and understandings between the parties. This Agreement may not be modified or amended except by a written agreement executed by both parties.

16.    **Applicable Law:** This Agreement shall be construed, applied, and enforced in accordance with the laws of the State of Oregon. Venue for any dispute involving this Agreement shall be Lane County Circuit Court.

**3 – REAL ESTATE SALE AND PURCHASE AGREEMENT**
Macintosh HD:Users:Mandi:Library:Mail Downloads:Real Estate and Purchase Agreement 011911 Lots 42 to 45v2-1.doc

17.    **Construction:**  This Agreement has been reviewed and negotiated by the parties with the benefit of the assistance of legal counsel, and shall not be construed against any party by presumption.  The titles and captions contained in this Agreement are inserted for convenience and shall not be deemed to define, limit, extend or modify any provision of this Agreement.

THE PROPERTY DESCRIBED IN THIS INSTRUMENT MAY NOT BE WITHIN A FIRE PROTECTION DISTRICT PROTECTING STRUCTURES.  THE PROPERTY IS SUBJECT TO LAND USE LAWS AND REGULATIONS THAT, IN FARM OR FOREST ZONES, MAY NOT AUTHORIZE CONSTRUCTION OR SITING OF A RESIDENCE AND THAT LIMIT LAWSUITS AGAINST FARMING OR FOREST PRACTICES, AS DEFINED IN ORS 30.930, IN ALL ZONES. BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON TRANSFERRING FEE TITLE SHOULD INQUIRE ABOUT THE PERSON'S RIGHTS, IF ANY, UNDER ORS 195.300, 195.301 AND 195.305 TO 195.336 AND SECTIONS 5 TO 11, CHAPTER 424, OREGON LAWS 2007, AND SECTIONS 2 TO 9 AND 17, CHAPTER 855, OREGON LAWS 2009.  BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON ACQUIRING FEE TITLE TO THE PROPERTY SHOULD CHECK WITH THE APPROPRIATE CITY OR COUNTY PLANNING DEPARTMENT TO VERIFY THAT THE UNIT OF LAND BEING TRANSFERRED IS A LAWFULLY ESTABLISHED LOT OR PARCEL, AS DEFINED IN ORS 92.010 OR 215.010, TO VERIFY THE APPROVED USES OF THE LOT OR PARCEL, TO VERIFY THE EXISTENCE OF FIRE PROTECTION FOR STRUCTURES AND TO INQUIRE ABOUT THE RIGHTS OF NEIGHBORING PROPERTY OWNERS, IF ANY, UNDER ORS 195.300, 195.301 AND 195.305 TO 195.336 AND SECTIONS 5 TO 11, CHAPTER 424, OREGON LAWS 2007, AND SECTIONS 2 TO 9 AND 17, CHAPTER 855, OREGON LAWS 2009.

SIGNED AND AGREED TO

**SELLER:**
**Arlie & Company**

By: _____
     John J. Musumeci
Its: Vice President

**BUYER:**
**Future B Inc. dba Future B Homes**

By: _____
Name: _Lori J. Butler_
Title: _Sec/Treas._

**4 – REAL ESTATE SALE AND PURCHASE AGREEMENT**
Macintosh HD:Users:Mandi:Library:Mail Downloads:Real Estate and Purchase Agreement 011911 Lots 42 to 45v2-1.doc