DISTRICT OF OREGON
**F I L E D**
**February 16, 2011**
**Clerk, U.S. Bankruptcy Court**

Below is an Order of the Court.

_____
FRANK R. ALLEY
U.S. Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>**ARLIE & COMPANY**,<br><br>Debtor. | Case No. 10-60244-aer11<br><br>**ORDER GRANTING AUTHORITY TO SELL PROPERTY OF THE ESTATE AND APPROVING SALE FREE AND CLEAR OF LIENS (FUTURE B LOTS)** |

This matter came on for hearing on February 14, 2011 at 3:00 p.m. on the Debtor's *Notice of Intent to Sell Real or Personal Property, Compensate Real Estate Broker, and/or Pay any Secured Creditor Fees and Costs; Motion for Authority to Sell Property Free and Clear of Liens; and Notice of Hearing* (hereinafter, the "Motion") relating to the proposed sale Lots 42, 43, 44, 45, 54, 55 and 56 of Crescent Village 2d Addendum, as platted and recorded October 31, 2005, Reception No. 2005-086828, Lane County Oregon Plat Records in Lane County, Oregon. A legal description of the property to be sold is attached hereto as **Exhibit A** (the "Property"). The Court having reviewed the Motion and finding that good cause exists therefor, and the Court otherwise being fully advised; now therefore,

IT IS HEREBY FOUND AND DETERMINED THAT:

A. The Court having previously ordered that this matter be heard on shortened time, proper, timely, adequate, and sufficient notice of the Motion and the hearing on the Motion have

Page 1 – **ORDER GRANTING AUTHORITY TO SELL PROPERTY OF THE ESTATE AND APPROVING SALE FREE AND CLEAR OF LIENS (FUTURE B LOTS)**

been provided in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and no other or further notice is required. The Motion has been duly and properly served on all required persons and entities, including all persons and entities claiming an interest in the Property; and

      B.      The proposed sale of the Property on the terms set forth in the Motion is in the best interests of the estate and has been negotiated in good faith and at arms-length. Based on the foregoing,

      IT IS HEREBY ORDERED THAT:

      1.      The Motion is GRANTED;

      2.      The Debtor is authorized to sell the Property to Future B Inc., an Oregon corporation, dba Future B Homes (hereinafter, "Buyer") on the terms set forth in the Real Estate Purchase and Sale Agreement between the Debtor and Buyer attached hereto as **Exhibit B**, or on substantially the same terms that are no materially less favorable to the Debtor;

      3.      Pursuant to Sections 363(b) and (f) of the Bankruptcy Code, upon closing of the sale, Buyer shall acquire all of the Debtors' and the bankruptcy estate's right, title and interest in and to the Property, free and clear of all mortgages, security interests, conditional sale or other title retention agreements, pledges, liens, judgments and encumbrances of any kind or nature (collectively, all "Interests"), whether arising before or after the commencement of the above-captioned chapter 11 case, with all such Interests released, terminated and discharged as to the Property. This release, termination and discharge of Interests specifically includes any claim or interest held against the Property by Lane County Assessment & Taxation ("Lane County"). Any liens held by Lane County shall be paid in full upon the closing of the sale. Net proceeds of the sale shall be free and clear estate property.

      4.      The stay imposed by Federal Rule of Bankruptcy Procedure 6004(h) is waived.

      # # #

Presented by:

By: /s/ Brad T. Summers
    **Brad T. Summers,** OSB No. 911116
    tsummers@balljanik.com
    **David W. Criswell**, OSB No. 925930
    dcriswell@balljanik.com
    BALL JANIK LLP
    101 SW Main Street, Suite 1100
    Portland, OR  97204

    Attorneys for Debtor

cc:    Attached List of Parties

# LIST OF PARTIES TO RECEIVE COPY OF ORDER
*In re Arlie & Company*
U.S. Bankruptcy Court, District of Oregon Case No. 10-60244-aer11

**By CM/ECF**:

- JOHN D ALBERT on behalf of Creditor Siuslaw Bank (darlene@albertandtweet.com, beth@albertandtweet.com)
- JOHN F BARG on behalf of Interested Party John Musuemci (jfb@bcltlaw.com, cgw@bcltlaw.com)
- LINDA F CANTOR on behalf of Debtor Arlie & Company (lcantor@pszjlaw.com)
- CONRAD K CHIU on behalf of Creditor Fifth Third Bank (cchiu@pryorcashman.com)
- BRADLEY S COPELAND on behalf of Creditor Summit Bank (bcopeland@agsprp.com, soconnor@agsprp.com)
- JOHN D FIERO on behalf of Debtor Arlie & Company (jfiero@pszjlaw.com, ocarpio@pszjlaw.com, ksuk@pszjlaw.com, azaragoza@pszjlaw.com)
- MICHAEL W FLETCHER on behalf of Creditor Tonkon Torp LLP (michael.fletcher@tonkon.com, tammy.brown@tonkon.com)
- THOMAS A HUNTSBERGER on behalf of Counter-Claimant Mark Roberts (tom@tahpc.com)
- THOMAS A HUNTSBERGER on behalf of Defendant Mark Roberts (thuntsberger@ecf.epiqsystems.com)
- P REBECCA KAMITSUKA on behalf of U.S. Trustee US Trustee, Eugene
- TEDDY M KAPUR on behalf of Debtor Arlie & Company (tkapur@pszjlaw.com, slee@pszjlaw.com )
- MICHAEL P KEARNEY on behalf of Debtor Arlie & Company (mpk@kearneyatlaw.com, mholley@agsprp.com)
- ALBERT N KENNEDY on behalf of Creditor Tonkon Torp LLP (al.kennedy@tonkon.com, leslie.hurd@tonkon.com, larissa.stec@tonkon.com)
- JUSTIN D LEONARD on behalf of Debtor Arlie & Company (jleonard@bjllp.com, jweisenbach@balljanik.com)
- JOHN CASEY MILLS on behalf of Creditor Umpqua Bank (casey.mills@millernash.com, brenda.hale@millernash.com)
- WILSON C MUHLHEIM on behalf of Creditor Century Bank (ecf@mb-lawoffice.com)
- P SCOTT McCLEERY on behalf of Creditor Gartland, Nelson, McCleery, Wade & Walloch, P.C. (scottm@gartlandnelsonlaw.com, kassiea@gartlandnelsonlaw.com)
- FRANK F McGINN on behalf of Creditor Iron Mountain Information Management, Inc. (ffm@bostonbusinesslaw.com)
- ANDREW P PARKS on behalf of Creditor Summit Bank (aparks@agsprp.com, lstevenson@agsprp.com)
- TERESA H PEARSON on behalf of Creditor Umpqua Bank (teresa.pearson@millernash.com, lisa.conrad@millernash.com;brenda.hale@millernash.com)
- DANIEL P PEPPLE on behalf of Creditor Bank of America (dpepple@pjcs.com, dawnanderson9@pjcs.com, jsteinert@pjcs.com)
- JACKSON SCHMIDT on behalf of Creditor Bank of America (jacksonschmidt@pjcs.com, dawnanderson9@pjcs.com;jsteinert@pjcs.com)

Page 1 – **ORDER GRANTING AUTHORITY TO SELL PROPERTY OF THE ESTATE AND APPROVING SALE FREE AND CLEAR OF LIENS (FUTURE B LOTS)**

- DOUGLAS R SCHULTZ on behalf of Creditor Committee Unsecured Creditors Committee (schultz@gleaveslaw.com, kirsten@gleaveslaw.com)

- BRAD T SUMMERS on behalf of Debtor Arlie & Company (tsummers@balljanik.com, akimmel@balljanik.com)

- US Trustee, Eugene (USTPRegion18.EG.ECF@usdoj.gov)

- PATRICK W WADE on behalf of Creditor Washington Federal Savings (hhecfb@hershnerhunter.com)

- HEATHER M WALLOCH on behalf of Creditor Gartland, Nelson, McCleery, Wade & Walloch, P.C. (heatherw@gartlandnelsonlaw.com, kassiea@gartlandnelsonlaw.com)

- GILBERT B WEISMAN on behalf of Creditor American Express Bank FSB (notices@becket-lee.com)

- DOUGLAS R WILKINSON on behalf of Counter-Defendant 2911 Tennyson Avenue, LLC (doug@thorp-purdy.com, skelley@thorp-purdy.com)

- ARNOLD M WILLIG on behalf of Creditor Bank of America (arnie@hackerwillig.com, debbie@hackerwillig.com, donna@hackerwillig.com, eshea@hackerwillig.com, alena@hackerwillig.com, kristen@hackerwillig.com)

**By Regular Mail:**

David E. Bomar
Balzhiser & Hubbard Engineers, Inc.
100 W 13th Ave
Eugene, OR 97401

Gregory Brokaw
Rowell Brokaw Architects, PC
1 East Broadway #300
Eugene, OR 97401

James R. Hanks
JRH Transportation Engineering
4765 Village Plaza Lp #201
Eugene, OR 97401

Micheal Roberts
1919 Myers Road
Eugene, OR 97401

WmThomas Construction
POB 2409
Florence, OR 97439

Mike Broadsword
Eugene Sand & Gravel
POB 1067
Eugene, OR 97440

JOHN C FISHER
767 Willamette St #201
Eugene, OR 97401

JONATHAN POLLAND
Rethink LLP
465 California St #310
San Francisco, CA 94104

Jerry Vicars
Fabrication & Mechanical Group Inc
POB 42173
Eugene, OR 97404

JOHN C FISHER
c/o Mark Roberts
767 Willamette St #201
Eugene, OR 97401

Page 2 – **ORDER GRANTING AUTHORITY TO SELL PROPERTY OF THE ESTATE AND APPROVING SALE FREE AND CLEAR OF LIENS (FUTURE B LOTS)**

# EXHIBIT A

**LEGAL DESCRIPTION**
**LOTS 42 - 45**
**LOTS 54 - 56**

**Lot 42:**
Lot 42, CRESCENT VILLAGE 2ND ADDITION, as platted and recorded October 31, 2005, Reception No. 2005-086828, Lane County Oregon Plat Records, in Lane County, Oregon.

**Lot 43:**
Lot 43, CRESCENT VILLAGE 2ND ADDITION, as platted and recorded October 31, 2005, Reception No. 2005-086828, Lane County Oregon Plat Records, in Lane County, Oregon.

**Lot 44:**
Lot 44, CRESCENT VILLAGE 2ND ADDITION, as platted and recorded October 31, 2005, Reception No. 2005-086828, Lane County Oregon Plat Records, in Lane County, Oregon.

**Lot 45:**
Lot 45, CRESCENT VILLAGE 2ND ADDITION, as platted and recorded October 31, 2005, Reception No. 2005-086828, Lane County Oregon Plat Records, in Lane County, Oregon.

**Lot 54:**
Lot 54, CRESCENT VILLAGE 2ND ADDITION, as platted and recorded October 31, 2005, Reception No. 2005-086828, Lane County Oregon Plat Records, in Lane County, Oregon.

**Lot 55:**
Lot 55, CRESCENT VILLAGE 2ND ADDITION, as platted and recorded October 31, 2005, Reception No. 2005-086828, Lane County Oregon Plat Records, in Lane County, Oregon.

**Lot 56:**
Lot 56, CRESCENT VILLAGE 2ND ADDITION, as platted and recorded October 31, 2005, Reception No. 2005-086828, Lane County Oregon Plat Records, in Lane County, Oregon.

# EXHIBIT B

# REAL ESTATE SALE AND PURCHASE AGREEMENT

**DATED:**  January 21, 2011

**SELLER:**  **Arlie & Company**, an Oregon corporation
2911 Tennyson Avenue, Suite 400
Eugene, OR 97408

**BUYER:**  **Future B Inc.**, an Oregon corporation, **dba Future B Homes**
P.O. Box 7425
Eugene, OR 97401

**RECITAL:**

Seller desires to sell to Buyer and Buyer desires to purchase from Seller Lots 42-45 and 54-56 of Crescent Village 2nd Addition, Lane County, Oregon (the "Property"), on the terms and conditions contained herein.

**AGREEMENT:**

For valuable consideration, the parties hereby agree as follows:

1. **Sale and Purchase:** Buyer agrees to purchase the Property from Seller and Seller agrees to sell the Property to Buyer for the sum of Three Hundred Forty Thousand and no/100 Dollars ($340,000) (the "Purchase Price").

2. **Payment of Purchase Price:** Upon execution of this Agreement, Buyer shall deposit Two Thousand Dollars and no/100 ($2,000) with the parties' escrow agent as a deposit toward the Purchase Price (the "Earnest Money"). At closing, Buyer shall pay Seller the balance of the Purchase Price in cash.

3. **Closing:** Closing shall take place on or before February 21, 2011 (the "Closing Date"). Escrow services shall be provided by Evergreen Land Title Company, 625 Country Club Road, Eugene, Oregon 97401. The parties shall each pay one-half (1/2) of all escrow fees.

4. **Obligations of Seller Prior to Closing:** Seller shall perform the following obligations prior to Closing:

    4.1  Preliminary Title Report: Within five (5) days after full execution of this Agreement, Seller shall furnish to Buyer a preliminary title report showing the condition of title to the Property, together with copies of all exceptions listed therein (the "Title Report"). Buyer has ten (10) days from receipt of the Title Report to review the Title Report and notify Seller, in writing, of Buyer's disapproval of any exceptions shown in the Title Report. Those exceptions

not objected to by Buyer are referred to below as the "Permitted Exceptions." Zoning ordinances, building restrictions, taxes due and payable for the current tax year, and reservations in federal patents and state deeds shall be deemed Permitted Exceptions. If Buyer notifies Seller of disapproval of any exceptions, Seller shall have ten (10) days after receiving the disapproval notice to either remove the exceptions or provide Buyer with reasonable assurances of the manner in which the exceptions will be removed before the transaction closes. If Seller does not remove the exceptions or provide Buyer with such assurances, Buyer may terminate this Agreement by written notice to Seller given within ten (10) days after expiration of such ten (10) day period, in which event the Earnest Money shall be refunded to Buyer and this Agreement shall be null and void.

5. **Conditions:** (a) Buyer's obligation to purchase the Property is contingent on obtaining approval of the U.S. Bankruptcy Court for this Agreement; (b) This sale is also conditioned upon the closing of the sale of Lot 18 of Crescent Village 2nd Addition, Lane County, Oregon, from Seller to Michael Butler and Lori Butler pursuant to a Real Estate and Purchase Agreement of even date hereof for a purchase price of Sixty Thousand Dollars and no/100 ($60,000); (c) This sale is also conditioned upon Buyer's sale of the Property at the address commonly known as 2518 Cumberland Drive, Eugene, Oregon; and (d) Buyer's review and approval of design and architectural requirements for development of the Lots being acquired. This condition will be deemed waived unless Buyer notifies Seller prior to January 28, 2011, that the development/design requirements are unacceptable.

6. **Deed:** On the Closing Date, Seller shall execute and deliver to Buyer a statutory warranty deed, conveying the Property to Buyer, free and clear of all liens and encumbrances except for Permitted Exceptions as set forth above.

7. **Title Insurance:** Within fifteen (15) days after closing, Seller shall furnish Buyer with an ALTA owner's policy of title insurance in the amount of the purchase price, standard form, insuring Buyer as the owner of the Property subject only to the usual printed exceptions and the Permitted Exceptions.

8. **Taxes; Prorates:** Real property taxes for the current tax year shall be prorated as of the Closing Date.

9. **Possession:** Buyer shall be entitled to possession immediately upon closing.

10. **Seller's Representations:** Seller represents and warrants to Buyer as follows:

   10.1 Seller has received no written notice of any liens to be assessed against the Property.

   10.2 Seller has received no written notice from any governmental agency of any violation of any statute, law, ordinance, or deed restriction, rule, or regulation with respect to the Property.

10.3  Seller is not a "foreign person" as that term is defined in IRC Section 1445. On the Closing Date, Seller shall execute and deliver to Buyer a certification of nonforeign status on a form required by the IRS.

10.4  That to Seller's knowledge: (a) the Property has never been used for the storage or disposal of any hazardous material or waste; (b) there are no environmentally hazardous materials or wastes contained on or under the Property; and (c) the Property has not been identified by any governmental agency as a site upon which environmentally hazardous materials or wastes have been or may have been located or deposited.

10.5  Seller makes no warranty with regard to the condition of the Property. Buyer accepts the Property "AS IS".

11.  **Binding Effect/Assignment Restricted:** This Agreement is binding on and will inure to the benefit of Seller, Buyer, and their respective legal representatives, successors and assigns. Buyer may assign its rights and obligations under this Agreement.

12.  **Remedies:** If the condition to this Agreement has been satisfied or waived by Buyer, and Buyer fails to close this transaction for any reason other than the fault of Seller, Seller shall receive the Earnest Money. Such receipt shall not limit Seller's right to sue Buyer for damages or specific performance of this Agreement. In the event Seller fails, through no fault of Buyer, to close this transaction, Buyer shall have the right to a refund of all Earnest Money. Such refund shall not limit Buyer's right to sue Seller for damages or specific performance of this Agreement.

13.  **Attorney Fees:** In the event action is instituted to enforce any term of this Agreement, the prevailing party shall recover from the losing party reasonable attorney fees incurred in such action as set by the trial court and, in the event of appeal or review, as set by the appellate courts.

14.  **Notices:** All notices and communications in connection with this Agreement shall be given in writing and shall be transmitted by regular mail, to the appropriate party at the address first set forth above. Any notice so transmitted shall be deemed effective on the date it is placed in the United States mail, postage prepaid. Either party may, by written notice, designate a different address for purposes of this Agreement.

15.  **Entire Agreement:** This Agreement constitutes the entire understanding of the parties with respect to the purchase and sale of the Property. This Agreement supersedes any and all prior negotiations, discussions, agreements, and understandings between the parties. This Agreement may not be modified or amended except by a written agreement executed by both parties.

16.  **Applicable Law:** This Agreement shall be construed, applied, and enforced in accordance with the laws of the State of Oregon. Venue for any dispute involving this Agreement shall be Lane County Circuit Court.

**3 – REAL ESTATE SALE AND PURCHASE AGREEMENT**
Macintosh HD:Users:Mandi:Library:Mail Downloads:Real Estate and Purchase Agreement 011911 Lots 42 to 45v2-1.doc

17. **Construction:** This Agreement has been reviewed and negotiated by the parties with the benefit of the assistance of legal counsel, and shall not be construed against any party by presumption. The titles and captions contained in this Agreement are inserted for convenience and shall not be deemed to define, limit, extend or modify any provision of this Agreement.

THE PROPERTY DESCRIBED IN THIS INSTRUMENT MAY NOT BE WITHIN A FIRE PROTECTION DISTRICT PROTECTING STRUCTURES. THE PROPERTY IS SUBJECT TO LAND USE LAWS AND REGULATIONS THAT, IN FARM OR FOREST ZONES, MAY NOT AUTHORIZE CONSTRUCTION OR SITING OF A RESIDENCE AND THAT LIMIT LAWSUITS AGAINST FARMING OR FOREST PRACTICES, AS DEFINED IN ORS 30.930, IN ALL ZONES. BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON TRANSFERRING FEE TITLE SHOULD INQUIRE ABOUT THE PERSON'S RIGHTS, IF ANY, UNDER ORS 195.300, 195.301 AND 195.305 TO 195.336 AND SECTIONS 5 TO 11, CHAPTER 424, OREGON LAWS 2007, AND SECTIONS 2 TO 9 AND 17, CHAPTER 855, OREGON LAWS 2009. BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON ACQUIRING FEE TITLE TO THE PROPERTY SHOULD CHECK WITH THE APPROPRIATE CITY OR COUNTY PLANNING DEPARTMENT TO VERIFY THAT THE UNIT OF LAND BEING TRANSFERRED IS A LAWFULLY ESTABLISHED LOT OR PARCEL, AS DEFINED IN ORS 92.010 OR 215.010, TO VERIFY THE APPROVED USES OF THE LOT OR PARCEL, TO VERIFY THE EXISTENCE OF FIRE PROTECTION FOR STRUCTURES AND TO INQUIRE ABOUT THE RIGHTS OF NEIGHBORING PROPERTY OWNERS, IF ANY, UNDER ORS 195.300, 195.301 AND 195.305 TO 195.336 AND SECTIONS 5 TO 11, CHAPTER 424, OREGON LAWS 2007, AND SECTIONS 2 TO 9 AND 17, CHAPTER 855, OREGON LAWS 2009.

SIGNED AND AGREED TO

| SELLER: | BUYER: |
|---|---|
| Arlie & Company | Future B Inc. dba Future B Homes |
| By: _____ | By: _Lori J. Butler_ |
| John J. Musumeci | Name: _Lori J. Butler_ |
| Its: Vice President | Title: _Sec/Treas._ |