1

**The Honorable Frank R. Alley**

2

3  Daniel P. Pepple
PEPPLE JOHNSON CANTU & SCHMIDT, PLLC
4  1501 Western Avenue, Suite 600
Seattle, WA 98101
5  T: 206.625.1711
E: dpepple@pjcs.com
6

7   and

8  Arnold M. Willig
HACKER & WILLIG, INC., P.S.
9  1501 Fourth Avenue, Suite 2150
Seattle, WA 98101
10  T: 206.340.1935
E: arnie@hackerwillig.com
11

12  *Attorneys for Creditor – Bank of America*

13              IN THE UNITED STATES BANKRUPTCY COURT
14                 FOR THE DISTRICT OF OREGON

15  In re:                              | **Case No. 10-60244-aer11**
16
ARLIE & COMPANY,                    | **MOTION TO COMPEL**
17                                      | **APPOINTMENT OF A**
                                        | **BANK OF AMERICA**
18         Debtor.                      | **REPRESENTATIVE TO THE**
                                        | **CREDITORS' COMMITTEE**
19

20

21

22                        **I.  INTRODUCTION**

23         Bank of America, N.A. (herein, "Bank of America"), appearing by and through its

counsel, PEPPLE JOHNSON CANTU & SCHMIDT, PLLC, and HACKER & WILLIG, INC., P.S.,

24  moves this Court for an order compelling the U.S. Trustee to appoint a representative of Bank

25  of America to the Creditors' Committee in this case pursuant to 11 U.S.C. § 1102(a)(4) so the

26

**MOTION TO COMPEL APPOINTMENT**
**TO CREDITORS' COMMITTEE - 1**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
1501 Fourth Avenue, Suite 2150
Seattle, Washington 98101-3225
Telephone (206) 340-1935

interests of unsecured, non-trade creditors are fully represented in the administration of this case.

## II. EVIDENCE RELIED UPON

This Motion is supported by the concurrently filed Declarations of Daniel Pepple ("Pepple Decl.") and Jo Ann Tallerico ("Tallerico Decl."), the records on file herein, and is based upon the facts more fully set forth below.

## II. FACTUAL BACKGROUND

### A. Procedural Posture

On or about January 20, 2010, the Debtor, Arlie & Company (the "Debtor" or, "Arlie & Co."), filed a voluntary petition for Chapter 11 bankruptcy relief.  On or about January 25, 2010, the current Creditors' Committee was appointed by the U.S. Trustee.  On July 1, 2010, the Debtor submitted its first proposed Plan of Reorganization.  Bank of America and Umpqua Bank both objected to the Plan.  No objection was raised or filed by the Creditors' Committee. The Debtor then submitted a first Amended Plan of Reorganization and Disclosure Statement on or about January 11, 2011.  Again, the Creditors' Committee appeared to not be taking an active role in the negotiations of the proposed Plan on behalf of unsecured creditors.  Recently, on February 14, 2011, the Debtor submitted a second Amended Plan of Reorganization and Disclosure Statement.  Once again, the Creditors' Committee raised no issues or objections.  *See* Tallerico Decl., ¶ 8.

### B. Creditors' Committee Composition

The Creditors' Committee currently consists of representatives from five (5) unsecured, trade creditors: JRH Transportation Engineering; Balzhiser & Hubbard Engineers, Inc.; Eugene Sand & Gravel; Rowell Brokaw Architects, PC; and Fabrication & Mechanical Group Inc.  *See* Tallerico Decl., ¶ 7.  Unsecured, non-trade creditors are not represented on the Committee, despite the fact that they make up the majority of the unsecured class of claims.

The Creditors' Committee has neither taken an active role in investigating the feasibility

**MOTION TO COMPEL APPOINTMENT**
**TO CREDITORS' COMMITTEE - 2**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
1501 Fourth Avenue, Suite 2150
Seattle, Washington 98101-3225
Telephone (206) 340-1935

of the Debtors' proposed Plan, Tallerico Decl., ¶ 8, nor has the Committee authorized its counsel to undertake any substantial discovery.

It is especially important at this stage in the case for the Committee to have a member who is an active participant in the reorganization process, and who is not a trade creditor that may be looking to the reorganized debtor for further services. Bank of America is perhaps the single largest non-trade, unsecured creditor in this case, and is ready and willing to serve on the Committee. Tallerico Decl., ¶¶ 6, 9. The U.S. Trustee's Office should therefore be compelled to appoint Bank of America as a Committee member.

### III. LEGAL AUTHORITY & ARGUMENT

#### A. 11 U.S.C. § 1102(a)(4)

11 U.S.C. § 1102(a)(4) provides, in part, that:

> On request of a party in interest and after notice and a hearing, the court may order the United States trustee to change the membership of a committee appointed under this subsection, if the court determines that the change is necessary to ensure adequate representation of creditors ....

(West 2011 Ed.)

Upon request to change the membership of a committee, the court reviews the decision of the United States trustee *de novo*. *See In re Enron Corp.*, 279 B.R. 671, 684 (Bankr. S.D.N.Y. 2002)[1] (reviewing *de novo* the United States trustee's decision not to appoint an additional committee).

The Bankruptcy Code fails to define "adequate represention," however courts have considered non-exclusive factors in analyzing the adequacy of representation. Of particular significance to Bank of America's request for appointment to the Committee, this Court should consider: (1) the treatment of different classes under a plan and need of representation; (2) the

---

[1] The cases cited throughout *In re Enron* involve the formatin of a separate committee pursuant to 11 U.S.C. § 1102(a)(2); yet, the principle and analysis with respect to "adequate representation" are applicable to the considerations of that term as it applies under 11 U.S.C. § 1102(a)(4).

**MOTION TO COMPEL APPOINTMENT TO CREDITORS' COMMITTEE - 3**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
1501 Fourth Avenue, Suite 2150
Seattle, Washington 98101-3225
Telephone (206) 340-1935

1    motivation of the movants; and (3) the delay and additional costs of granting the motion.  *In re*

2    *Dana Corp.*, 344 B.R. 35, 38 (Bankr. S.D.N.Y. 2006) (citations omitted); *In re Agway Inc.*, 297 B.R.

3    371, 374 (Bankr. N.D.N.Y. 2003) (citations omitted); *Enron Corp.*, 279 B.R. at 685 (citations

4    omitted).  Such a factor-specific analysis, however, should be made on a case-by-case basis, with

5    no single factor being dispositive.  *Dana*, 344 B.R. at 38 (citing *In re Kalvar Microfilm*, 195 B.R. 599,

6    601 (Bankr. D. Del. 1996)).

7            i.      <u>Treatment of Different Classes – Adequate Representation</u>

8         Adequate representation "lies not in the uniqueness of a single claim but 'in the nature of

9    the case and the composition of the committee.'" *In re Drexel Burnham Lambert Group, Inc.*, 118 B.R.

10    209, 212 (Bankr. S.D.N.Y. 1990) (quoting *In re McLean Indus., Inc.*, 70 B.R. 852, 861 (Bankr.

11    S.D.N.Y. 1987).  "What is required is the adequate representation of various creditor types." *In re*

12    *Hills Stores Co.*, 137 B.R. 4, 7 (Bankr. S.D.N.Y. 1996).

13         A creditors' committee need not reflect the exact composition of the entire assemblage of

14    unsecured creditors, nonetheless a committee should adequately represent the various creditor

15    types.  *Dana*, 344 B.R. at 38.  In *Dana*, where the creditors' committee consisted of a "diverse

16    group of creditors, including: representatives of bondholders, an indenture trustee, a labor union,

17    trade creditors and an asbestos claimant[,]" the court held that the creditors' committee was

18    heterogeneous enough to adequately represent all creditors.  *Id.* at 38–39.   No such

19    heterogeneousness exists in this case.

20         At present, the Creditors' Committee in this case consists solely of trade creditors whose

21    primary interest may be preserving the Debtor's existence in the hope of their own future business

22    with the Debtor.  Although a legitimate objective, this objective does not represent the interests of

23    non-trade creditors such as Bank of America and other creditors similarly disinterested in

24    salvaging the going concern of the Debtor.  Bank of America should therefore be appointed to the

25    Creditors' Committee to represent those unsecured creditors who simply desire to get paid on

26    their respective claims.

**MOTION TO COMPEL APPOINTMENT
TO CREDITORS' COMMITTEE - 4**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
1501 Fourth Avenue, Suite 2150
Seattle, Washington 98101-3225
Telephone (206) 340-1935

ii.    Motivation of Bank of America – Failure of Fiduciary Duties

A creditors' committee is formed with the intended purpose of representing the "necessarily different interests and concerns of the creditors it represents." *Enron*, 279 B.R. at 685. "Like counsel to Creditors' Committees, committee members are 'fiduciaries' who 'have obligations of fidelity, undivided loyalty and impartial service' to the interests of *all* creditors in their actions in their capacities as Committee members." *In re Grant Broadcasting of Philadelphia, Inc.*, 71 B.R. 655, 664, (Bankr. E.D. Pa. 1987), *citing In re Mesta Machine Co.*, 67 B.R. 151, 156 (Bankr. W.D.Pa. 1986) (emphasis original). As currently composed, the Creditors' Committee has failed in its fiduciary obligations and requirement of impartial services to *all* unsecured creditors. The Debtor proposes a plan of reorganization providing for full payment to unsecured creditors over five years at a 3.5% annual interest rate. As put forth by the Debtor, funds to pay unsecured creditors are proposed to come from the liquidation of the Debtors' real property and cash flow from operations. Yet, the Creditors' Committee has neither taken an active role in investigating feasibility of the Debtor's Plan, nor authorized its counsel to undertake any substantial discovery. It is imperative that the Committee determine the feasibility of the Debtor's proposed Plan and whether the proposed terms of payment actually constitute full payment to unsecured creditors. Such an investigation is best accomplished by appointing a Bank of America representative (i.e, a non-trade creditor) to the existing Creditors' Committee.

iii.    Timing of Appointment and Additional Costs of Granting this Motion

Bank of America's interest to be appointed to the Creditor's Committee arose only upon the Committee's inaction and failure to act as a fiduciary for all creditors. It was only upon an appraisal of its collateral that Bank of America discovered that the Debtor was "underwater" on its loan to the Bank.[2] It was then that the Bank realized it had a very substantial unsecured deficiency claim against the Debtor.[3] Thus, after appointment of the Committee and only upon

---

[2] On February 1, 2011, Bank of America filed an Amended Proof of Claim showing a claim of $5,470,988.48, secured by collateral valued at $4,000,000. The unsecured deficiency claim was therefore valued at $1,470,988.48.
[3] "A secured creditor whose claim exceeds the value of its collateral and holds, in part, an unsecured claim, may be

**MOTION TO COMPEL APPOINTMENT**
**TO CREDITORS' COMMITTEE - 5**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
1501 Fourth Avenue, Suite 2150
Seattle, Washington 98101-3225
Telephone (206) 340-1935

discovery of such unsecured deficieny did Bank of America timely seek the approval of the U.S.

Trustee for its appointment on the Committee.  Bank of America succinctly outlined its concerns

to the U.S. Trustee and requested that it be appointed to the Committee.  Exhibit A to Pepple

Decl., ¶ 3.  The U.S. Trustee declined to appoint Bank of America as an additional member

without explanation.  Thus, Bank of America was compelled to bring this motion.

### B.  11 U.S.C. § 1102(b)(1)

11 U.S.C. § 1102(b)(1) provides, in part, that:

> A committee of creditors appointed under subsection (a) of this section shall
> ordinarily consist of the persons, willing to serve, that hold the seven largest claims
> against the debtor …

(West 2011 Ed.)

Claimants with the most substantial monetary claims are entitled to representation on the

committee.  *See, e.g., Grant Broadcasting*, 71 B.R. at 660; *In re Salant Corp.,* 53 B.R. 158, 160-62

(Bankr. S.D.N.Y. 1985); *In re Daig Corp.,* 17 B.R. 41, 42–43 (Bankr. D. Minn. 1981).

Here, Bank of America is one of the largest unsecured creditors in the Debtors' bankruptcy

case.  Currently, the Creditors' Committee has only five members.  With two positions open on

the Committee and Bank of America holding a substantial unsecured claim, it is therefore

appropriate that Bank of America be appointed to the Committee.

### C.  11 U.S.C. § 105(a)

A court may invoke its inherent powers of 11 U.S.C. § 105(a) "to assure that the United

States trustee does not act arbitrarily and capriciously" in the appointment of parties-in-interest to

a creditors' committee.  *See In re Plabell Rubber Products*, 140 B.R. 179, 181 (Bankr. N.D.Ohio 1992).

Pursuant to its inherent power, a court may expand the membership of the existing committee.

*See In re Sharon Steel Corp.*, 100 B.R. 767, 774 (Bankr. W.D.Pa. 1989).

---

appointed to the unsecured creditors' committee under § 1102.  *In re Walat Farms, Inc.,* 64 B.R. 65, 68–69 (Bankr.
E.D.Mich. 1986).

**MOTION TO COMPEL APPOINTMENT
TO CREDITORS' COMMITTEE - 6**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
1501 Fourth Avenue, Suite 2150
Seattle, Washington 98101-3225
Telephone (206) 340-1935

Upon motion of a party-in-interest or upon its own motion, a court may review the United States trustee's administrative task of appointing committee members. *In re First Republicbank Corp.*, 95 B.R. 58, 60 (Bankr. N.D.Tex. 1988). The U.S. Trustee has apparently acted arbitrarily in denying Bank of America's appointment to the Creditors' Committee. Bank of America's appointment is necessary pursuant to the arguments put forth above. It is within this Court's inherent powers, pursuant to § 105(a), to add a Bank of America representative to the Committee, thereby expanding its current membership to achieve the best results possible for an effective reorganization.

## IV. RELIEF REQUESTED

Bank of America requests that its representative be appointed to the Creditors' Committee, thereby ensuring that the interests and concerns of unsecured, non-trade creditors have a voice as to the proposed treatment under the Debtor's Plan. Accordingly, Bank of America seeks an order pursuant to 11 U.S.C. §§ 1102(a)(4) and 105(a) to be appointed as a member to the Creditors' Committee.

///

///

///

///

///

///

///

///

///

///

///

///

**MOTION TO COMPEL APPOINTMENT
TO CREDITORS' COMMITTEE - 7**

# V. CONCLUSION

In order to ensure fairness and adequate representation of all classes of unsecured creditors in this case, the Court is respectfully requested to enter an order compelling the U.S. Trustee to appoint Bank of America as a member of the Creditors' Committee. A proposed form of order is submitted with this motion.

DATED this 1st day of March, 2011.

Respectfully submitted,

PEPPLE JOHNSON CANTU & SCHMIDT, PLLC


/s/ Daniel P. Pepple (via email authorization)
Daniel P. Pepple, OSB #030628
Attorneys for Bank of America


HACKER & WILLIG, INC., P.S.


/s/ Arnold M. Willig
Arnold M. Willig, OSB #070188
Attorneys for Bank of America

MOTION TO COMPEL APPOINTMENT
TO CREDITORS' COMMITTEE - 8

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
1501 Fourth Avenue, Suite 2150
Seattle, Washington 98101-3225
Telephone (206) 340-1935

EXHIBIT A

1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES BANKRUPTCY COURT
11
FOR THE DISTRICT OF OREGON

12
In re:                                          **Case No. 10-60244-aer11**

13
ARLIE & COMPANY,                                **ORDER GRANTING MOTION TO**
14                                              **COMPEL APPOINTMENT OF A**
                                                **BANK OF AMERICA**
15       Debtor.                                **REPRESENTATIVE TO THE**
                                                **CREDITORS' COMMITTEE**
16

17                                              **[PROPOSED]**

18

19

20       The Court, after considering Bank of America's Motion to Compel Appointment of a Bank

21  of America Representative to the Creditors' Committee, and after considering the opposition

22  thereto, if any, and the files and records herein, and finding that notice of the motion was

23  sufficient and being fully advised in the premises, now, therefore, it is hereby:

24  ///

25  ///

26  ///

**ORDER COMPELLING APPOINTMENT
TO CREDITORS' COMMITTEE - 1**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
1501 Fourth Avenue, Suite 2150
Seattle, Washington 98101-3225
Telephone (206) 340-1935

1  ORDERED that, pursuant to 11 U.S.C. §§ 1102(a)(4) and 105(a), the U.S. Trustee is

2  hereby ordered to appoint Bank of America's representative Jo Ann Tallerico to the Creditors'

3  Committee in the Debtor's Chapter 11 bankruptcy case.

4  **PRESENTED, AND CERTIFIED, BY**:     ###

5

6  PEPPLE JOHNSON CANTU & SCHMIDT, PLLC

7  */s/ Daniel P. Pepple (via email approval)*
   Daniel P. Pepple, OSB #030628

8  Attorneys for Bank of America

9

10 HACKER & WILLIG, INC., P.S.

11 */s/ Arnold M. Willig*
   Arnold M. Willig, OSB #070188

12 Attorneys for Bank of America

13 Interested Parties:

14
   Debtor:
15 Arlie & Company
   2911 Tennyson Ave., #400
16 Eugene, OR 97408

17
   Debtor's Attorneys:
18 Brad T. Summers
   Justin D. Leonard
19 101 SW Main #1100
   Portland, OR 97204
20

21 Douglas R. Wilkinson
   1011 Harlow Rd #300
22 Springfield, OR 97477

23 John D. Fiero
   150 California St. – 15th Floor
24 San Francisco, CA 94111-4500

25 ///
26 ///

**ORDER COMPELLING APPOINTMENT
TO CREDITORS' COMMITTEE - 2**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
1501 Fourth Avenue, Suite 2150
Seattle, Washington 98101-3225
Telephone (206) 340-1935

1  Jonathan Polland
   Rethink LLP
2  465 California St. #310
   San Francisco, CA 94104

3

4  Linda F. Cantor
   Teddy M. Kapur
   10100 Santa Monica Blvd – 11th Floor
5  Los Angeles, CA 90067

6

7  Michael P. Kearney
   POB 1758
   Eugene, OR 97440

8

9  U.S. Trustee:
   U.S. Trustee
   405 E. 8th Ave #1100
10 Eugene, OR 97401-2706

11

12 U.S. Trustee's Attorney:
   P. Rebecca Kamitsuka
   405 E. 8th Ave #1100
13 Eugene, OR 97401-2706

14

15 Cred. Comm. Chair:
   James R. Hanks
   JRH Transportation Engineering
16 4765 Village Plaza LP #201
   Eugene, OR 97401

17

18 Creditor Committee:
   David E. Bomar
   Balzhiser & Hubbard Engineers, Inc.
19 100 W. 13th Ave
   Eugene, OR 97401

20

21 Mike Broadsword
   Eugene Sand & Gravel
22 POB 1067
   Eugene, OR 97440

23

24 Gregory Brokaw
   Rowell Brokaw Architects, PC
25 1 East Broadway #300
   Eugene, OR 97401

26 ///

**ORDER COMPELLING APPOINTMENT**
**TO CREDITORS' COMMITTEE - 3**

1    Jerry Vicars
     Fabrication & Mechanical Group Inc.
2    POB 42173
     Eugene, OR 97404
3
     Attorney for Unsecured Creditors Committee:
4    Douglas R. Schultz
     POB 1147
5    Eugene, OR 97440
6
     Special Notice:
7    John C. Fisher
     767 Willamette St. #201
8    Eugene, OR 97401
9    James R. Hanks
     JRH Transportation Engineering
10   4765 Village Plaza LP #201
     Eugene, OR 97401
11
12   NW Natural Gas Co.
13   Michael Roberts
     1919 Myers Rd.
14   Eugene, OR 97401
15
     WmThomas Construction
16   POB 2409
     Florence, OR 97439
17
18
19
20
21
22
23
24
25
26

**ORDER COMPELLING APPOINTMENT
TO CREDITORS' COMMITTEE - 4**

The Honorable Frank R. Alley

Daniel P. Pepple
PEPPLE JOHNSON CANTU & SCHMIDT, PLLC
1501 Western Avenue, Suite 600
Seattle, WA 98101
T: 206.625.1711
E: dpepple@pjcs.com

Arnold M. Willig
HACKER & WILLIG, INC., P.S.
1501 Fourth Avenue, Suite 2150
Seattle, WA 98101
T: 206.340.1935
E: arnie@hackerwillig.com

*Attorneys for Creditor – Bank of America*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

| In re: | **Case No. 10-60244-aer11** |
|---|---|
| ARLIE & COMPANY, | **DECLARATION OF DANIEL PEPPLE IN SUPPORT OF BANK OF AMERICA'S MOTION TO COMPEL APPOINTMENT OF A BANK OF AMERICA REPRESENTATIVE TO THE CREDITORS' COMMITTEE** |
| Debtor. | |

I, Daniel Pepple, declare, under oath, as follows:

1.     I am a citizen of the United States of America over eighteen (18) years of age and I am competent to make this declaration.  The statements contained in this declaration are based upon my personal knowledge.  I would reaffirm and restate these statements in any proceeding.

2.     I am a member of the law firm of PEPPLE JOHNSON CANTU & SCHMIDT, PLLC, the attorneys for Bank of America, a creditor in the Debtor's Chapter 11 bankruptcy proceeding.  I

**DECLARATION OF DANIEL PEPPLE - 1**

am authorized to make the statements contained herein, and I make this declaration in support of

Bank of America's Motion to Compel Appointment of a Bank of America Representative to the

Creditors' Committee.

    3.    On or about February 18, 2011, I executed and delivered to Rebecca P. Kamitsuka,

Attorney for the United States Trustee, a letter requesting that the United States Trustee appoint

Jo Ann Tallerico, as Bank of America's representative, to the Creditors' Committee in the

Debtor's Chapter 11 bankruptcy case. In short, the letter outlines Ms. Tallerico's familiarity with

the Debtor's loans, the inactivity of the Creditors' Committee as currently composed, and that the

appointment of Ms. Tallerico on behalf of Bank of America is necessary to encourage the

Committee to fulfill its fiduciary obligations to all unsecured creditors. A true and correct copy of

the letter is attached hereto as **Exhibit A**.

    4.    On or about February 23, 2011, I received a response from the United States

Trustee summarily denying the appointment of a Bank of America representative to the Creditors'

Committee.

    I declare that the foregoing is true and correct under penalty of perjury under the laws of

the state of Oregon.

    DATED this _24_ day of February, 2011, at Seattle, Washington.

PEPPLE JOHNSON CANTU & SCHMIDT, PLLC


_____

Daniel P. Pepple, OSB #030628
Attorneys for Bank of America

**DECLARATION OF DANIEL PEPPLE - 2**

EXHIBIT A

# PEPPLE JOHNSON CANTU & SCHMIDT, PLLC
*Lawyers*

1501 WESTERN AVENUE, SUITE 600
SEATTLE, WASHINGTON 98101
PHONE: (206) 625-1711    FAX: (206) 625-1627
www.pjcs.com

*Daniel P. Pepple*
dpepple@pjcs.com
Direct Line: *(206) 625-9960*

Florida Office
2430 Estancia Boulevard, Suite 114
Clearwater, FL  33761
Phone: (727) 724-8585    Fax: (727) 726-9272

February 7, 2011

Rebecca P. Kamitsuka
Attorney for the United States Trustee
United States Department of Justice
Wayne L. Morse Courthouse
405 E. 8th Avenue, Suite 1100
Eugene OR 97401-2706

Re:    **Arlie & Company**
       **Case No. 10-60244-aer11**

Dear Ms. Kamitsuka:

As you know, we represent Bank of America, N.A. in this matter.  In addition to being a secured creditor, Bank of America has an unsecured deficiency claim which makes it the debtor's largest unsecured creditor.  I am writing to request that the United States Trustee appoint Jo Ann Tallerico as a representative of Bank of America to the committee of creditors holding unsecured claims.  Ms. Tallerico is a senior vice president of Bank of America and is the officer responsible for the Arlie credits.

By way of background, an Amended Proof of Claim (Claim 211) was recently filed by Bank of America with respect to its loan to the debtor secured in part by real property owned by the debtor located at 2911 Tennyson Ave., Eugene, Oregon.  As of the petition date in this case, the amount owing Bank of America with respect to that loan was $5,470,988.48.  As indicated in the Amended Proof of Claim, the value of the collateral securing the loan is $4,000,000 resulting in an unsecured deficiency claim of $1,470,988.48.  That unsecured deficiency claim makes Bank of America the largest unsecured creditor of the debtor.  (The proposed Plan of Reorganization filed by the debtor on January 11, 2011, indicates that the amount of Bank of America's allowed secured claim with respect to this loan is $4,200,000 which was the amount in the Proof of Claim previously filed on December 14, 2010, which has now been amended by the Amended Proof of Claim filed on February 1, 2011.  Even at that amount, Bank of America's deficiency claim would be the largest unsecured claim.)

As you know, the unsecured creditors' committee typically consists of the seven unsecured creditors holding the largest claims. As of now, there are five members and the creditors holding the largest unsecured claims, Bank of America and Fifth Third Bank are not included. Depending on the outcome of the pending adversary proceeding involving Pioneer Investment and its disputed lien on the Hawaii property, Pioneer may be among the three largest unsecured creditors.

The debtor's proposed Plan of Reorganization provides for payment in full of the unsecured creditors over five years at 3.5% interest. According to the proposed Plan and the draft Disclosure Statement, the funds to pay the unsecured creditors are to come from sales of property and cash flow from operations. It is of critical importance to the unsecured creditors to determine the feasibility of that portion of the Plan and to determine whether the terms of payment proposed in the Plan actually constitute payment in full. In those respects, the interests of Bank of America with respect to its deficiency claim and the interests of the other unsecured creditors are identical.

Those interests are protected only by a diligent and vigorous investigation of plan feasibility including determining the validity of the debtor's opinions of value and its projections of cash flow and determining whether the prospects of payment in full of the unsecured creditors would be greater if the debtor were liquidated rather than reorganized. Thus far in this case, the unsecured creditors' committee has not taken an active role in investigating plan feasibility and has not authorized its counsel to undertake any substantial discovery. The current membership of the committee is comprised of trade creditors whose primary interest may be preserving the debtor's existence in the hope of future business. While that may be a legitimate objective, it is not representative of the interests of non-trade creditors such as Bank of America whose only interest is in getting paid on this claim. At present, that point of view is absent from the committee and it deserves representation. We submit that the committee cannot fulfill its fiduciary obligation to the unsecured creditors, including Bank of America, without a diligent investigation of plan feasibility. Obviously, adding a Bank of America representative to the committee will not permit the Bank to control the committee, as she will only have one vote. However, the Bank of America representative may successfully encourage the committee members to fulfill their fiduciary obligations to all of the unsecured creditors by authorizing committee counsel to diligently investigate plan feasibility.

   We look forward to hearing from you on this matter.  If you need any further information in order to respond to this request please let me know.

                              Very truly yours,

                              Daniel P. Pepple

cc:    Bank of America
       Douglas R. Schultz
       Arnold Willig

Daniel P. Pepple
PEPPLE JOHNSON CANTU & SCHMIDT, PLLC
1501 Western Avenue, Suite 600
Seattle, WA 98101
T: 206.625.1711
E: dpepple@pjcs.com

Arnold M. Willig
HACKER & WILLIG, INC., P.S.
1501 Fourth Avenue, Suite 2150
Seattle, WA 98101
T: 206.340.1935
E: arnie@hackerwillig.com

*Attorneys for Creditor — Bank of America*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>ARLIE & COMPANY,<br><br>            Debtor. | **Case No. 10-60244-aer11**<br><br>**DECLARATION OF JO ANN TALLERICO IN SUPPORT OF BANK OF AMERICA'S MOTION TO COMPEL APPOINTMENT OF A BANK OF AMERICA REPRESENTATIVE TO THE CREDITORS' COMMITTEE** |

I, Jo Ann Tallerico, declare, under oath, as follows:

1.      I am a citizen of the United States of America over eighteen (18) years of age and I am competent to make this declaration.  The statements contained in this declaration are based upon my personal knowledge.  I would reaffirm and restate these statements in any proceeding.

2.      I am a Senior Vice President for Bank of America, N.A. (herein, "Bank of

**DECLARATION OF JO ANN TALLERICO - 1**

America"). I am the officer responsible for the Debtor's loans, the related real property collateral documents regarding Bank of America's loans to the Debtor, and the payment history on the Debtor's loan accounts. I am qualified to make this declaration, and I am one of the records custodians responsible for this account. Bank of America is the present holder of the Debtor's original promissory notes and other loan documents, and during the course of regularly conducted business activity, those documents remain in the original loan file.

       3.    **Proof of Claim.**  On or about December 14, 2010, Bank of America filed a Proof of Claim in the Debtor's Chapter 11 bankruptcy case secured by real property located on or about 2750 Shadow View Drive, Eugene, Oregon 97408 ("Building A"). As of the Debtor's filing of its voluntary petition, Bank of America's claim was for $8,980,268.27. Building A is valued at $10,810,000.00; thus, Bank of America's claim is fully secured.

       4.    **Amended Proof of Claim.**  On or about February 1, 2011, Bank of America filed an Amended Proof of Claim in the Debtor's Chapter 11 bankruptcy case secured by real property located on or about 2911 Tennyson Avenue, Eugene, Oregon 97408 ("Building B"). As of the Debtor's filing of its voluntary petition, Bank of America's claim was for **$5,470,988.48**. Building B is valued at $4,000,000.00; thus, Bank of America's claim is only partially secured.

       5.    **Unsecured Deficiency Claim.**  Based on the facts as outlined in Paragraph 4 above, Bank of America's claim against Building B is unsecured in the amount of approximately **$1,470,988.48**. Bank of America therefore has a substantial unsecured deficiency claim against the Debtor.

       6.    **Second Largest Unsecured Creditor.**  To the best of my knowledge, Bank of

**DECLARATION OF JO ANN TALLERICO - 2**

America's unsecured claim for approximately $1,470,988.48 makes it the second largest unsecured creditor in the Debtor's Chapter 11 bankruptcy case.

7.    **Necessity for an Unsecured, Non-trade Creditor.**  As currently composed, the Creditors' Committee consists of five members, all of which are unsecured trade creditors. Unsecured, non-trade creditors are therefore unrepresented on the Committee.  Bank of America is an unsecured, non-trade creditor and, if appointed to the Creditors' Committee, would act on behalf of other unsecured, non-trade creditors.

8.    **Inactivity of Creditors' Committee.**  Throughout the Debtor's Chapter 11 case, the Debtor has submitted a first proposed Plan of Reorganization, a first Amended Plan of Reorganization, and a second Amended Plan of Reorganization.  To each of these submissions, the Creditors' Committee has raised no issues or objections.  In all, the Creditors' Committee has generally been inactive in investigating the feasibility of the Debtor's currently proposed Plan.

9.    **Willingness to Serve.**  I am fully capable, ready and willing to serve on the Creditors' Committee as Bank of America's duly-appointed representative.  I am committed to representing the interests of unsecured, non-trade creditors.

10.    **Not an Insider.**  I am not, nor to the best of my knowledge is any other Bank of America employee, an insider to the Debtor's Chapter 11 bankruptcy case.

///

///

///

///

**DECLARATION OF JO ANN TALLERICO - 3**

PEPPLE JOHNSON
CANTU & SCHMIDT, PLLC
1501 Western Avenue, Suite 600
Seattle, Washington 98101
(206) 625-1711 – FACSIMILE (206) 625-1627

1        I declare that the foregoing is true and correct under penalty of perjury under the laws of

2    the state of Oregon.

3        DATED this ⟨28⟩ day of February, 2011, at _Las Vegas, Nevada_ .

4

5                                _____

6                          Jo Ann Tallerico, Senior Vice President
                       Bank of America, N.A.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**DECLARATION OF JO ANN TALLERICO - 4**

PEPPLE JOHNSON
CANTU & SCHMIDT, PLLC
1501 Western Avenue, Suite 600
Seattle, Washington 98101
(206) 625-1711 – FACSIMILE (206) 625-1627

**The Honorable Frank R. Alley**

Daniel P. Pepple
PEPPLE JOHNSON CANTU & SCHMIDT, PLLC
1501 Western Avenue, Suite 600
Seattle, WA 98101
T: 206.625.1711
E: dpepple@pjcs.com

 and

Arnold M. Willig
HACKER & WILLIG, INC., P.S.
1501 Fourth Avenue, Suite 2150
Seattle, WA 98101
T: 206.340.1935
E: arnie@hackerwillig.com

*Attorneys for Creditor – Bank of America*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

| In re: | **Case No. 10-60244-aer11** |
|---|---|
| ARLIE & COMPANY, | **CERTIFICATE OF SERVICE** |
| Debtor. | |

I, Devorah R. Joslin, under oath, declare:

    1.    I am a citizen of the United States of America, over eighteen years of age.

    2.    I make this declaration based upon my personal knowledge and am competent to testify to the matters contained herein.

    3.    I am an employee of Hacker & Willig, Inc., P.S., attorneys for Creditor, Bank of America.

    4.    On March 1, 2010, I caused to be served via electronic filing true and correct copies

**CERTIFICATE OF SERVICE - 1**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
1501 Fourth Avenue, Suite 2150
Seattle, Washington 98101-3225
Telephone (206) 340-1935

of Bank of America's **Motion to Compel Appointment of a Bank of America Representative to the Creditors' Committee w/attached proposed Order, Declaration of Daniel Pepple in Support of Bank of America's Motion to Compel Appointment of a Bank of America Representative to the Creditors' Committee w/attached Exhibit A, and Declaration of Jo Ann Terllerico in Support of Bank of America's Motion to Compel Appointment of a Bank of America Representative to the Creditors' Committee** upon all parties registered with ECF in this case:

- JOHN D ALBERT     darlene@albertandtweet.com, beth@albertandtweet.com
- JOHN F BARG     jfb@bcltlaw.com, cgw@bcltlaw.com
- LINDA F CANTOR     lcantor@pszjlaw.com
- CONRAD K CHIU     cchiu@pryorcashman.com
- BRADLEY S COPELAND     bcopeland@agsprp.com, soconnor@agsprp.com
- JOHN D FIERO     jfiero@pszjlaw.com,
  ocarpio@pszjlaw.com;ksuk@pszjlaw.com;azaragoza@pszjlaw.com
- MICHAEL W FLETCHER     michael.fletcher@tonkon.com, tammy.brown@tonkon.com
- THOMAS A HUNTSBERGER     tom@tahpc.com
- Thomas A Huntsberger     thuntsberger@ecf.epiqsystems.com
- P REBECCA KAMITSUKA
- TEDDY M KAPUR     tkapur@pszjlaw.com, slee@pszjlaw.com
- MICHAEL P KEARNEY     mpk@kearneyatlaw.com, mholley@agsprp.com
- ALBERT N KENNEDY     al.kennedy@tonkon.com,
  leslie.hurd@tonkon.com;larissa.stec@tonkon.com
- JUSTIN D LEONARD     jleonard@bjllp.com, jweisenbach@balljanik.com
- JOHN CASEY MILLS     casey.mills@millernash.com, brenda.hale@millernash.com
- WILSON C MUHLHEIM     ecf@mb-lawoffice.com
- P SCOTT McCLEERY     scottm@gartlandnelsonlaw.com, kassiea@gartlandnelsonlaw.com
- FRANK F McGINN     ffm@bostonbusinesslaw.com
- ANDREW P PARKS     aparks@agsprp.com, lstevenson@agsprp.com
- TERESA H PEARSON     teresa.pearson@millernash.com,
  lisa.conrad@millernash.com;brenda.hale@millernash.com
- DANIEL P PEPPLE     dpepple@pjcs.com, dawnanderson9@pjcs.com;jsteinert@pjcs.com
- JACKSON SCHMIDT     jacksonschmidt@pjcs.com,
  dawnanderson9@pjcs.com;jsteinert@pjcs.com
- DOUGLAS R SCHULTZ     schultz@gleaveslaw.com, kirsten@gleaveslaw.com
- BRAD T SUMMERS     tsummers@balljanik.com, akimmel@balljanik.com
- US Trustee, Eugene     USTPRegion18.EG.ECF@usdoj.gov

**CERTIFICATE OF SERVICE - 2**

- PATRICK W WADE    hhecfb@hershnerhunter.com
- HEATHER M WALLOCH    heatherw@gartlandnelsonlaw.com, kassiea@gartlandnelsonlaw.com
- GILBERT B WEISMAN    notices@becket-lee.com
- DOUGLAS R WILKINSON    doug@thorp-purdy.com, skelley@thorp-purdy.com
- ARNOLD M WILLIG    arnie@hackerwillig.com, debbie@hackerwillig.com;donna@hackerwillig.com;eshea@hackerwillig.com;alena@hackerwillig.com;kristen@hackerwillig.com

5.    On March 1, 2010, I caused to be deposited in the mails of the United States of America, via first class, postage prepaid envelopes, containting true and correct copies of the above-listed documents to the following parties at the addresses listed below:

| | | |
|---|---|---|
| Arlie & Company<br>2911 Tennyson Ave., #400<br>Eugene, OR 97408 | Brad T. Summers<br>Justin D. Leonard<br>101 SW Main #1100<br>Portland, OR 97204 | Douglas R. Wilkinson<br>1011 Harlow Rd #300<br>Springfield, OR 97477 |
| John D. Fiero<br>150 California St. – 15th Floor<br>San Francisco, CA 94111-4500 | Jonathan Polland<br>Rethink LLP<br>465 California St. #310<br>San Francisco, CA 94104 | Linda F. Cantor<br>Teddy M. Kapur<br>10100 Santa Monica Blvd – 11th Floor<br>Los Angeles, CA 90067 |
| Michael P. Kearney<br>POB 1758<br>Eugene, OR 97440 | U.S. Trustee<br>405 E. 8th Ave #1100<br>Eugene, OR 97401-2706 | P. Rebecca Kamitsuka<br>405 E. 8th Ave #1100<br>Eugene, OR 97401-2706 |
| James R. Hanks<br>JRH Transportation Engineering<br>4765 Village Plaza LP #201<br>Eugene, OR 97401 | David E. Bomar<br>Balzhiser & Hubbard Engineers, Inc.<br>100 W. 13th Ave<br>Eugene, OR 97401 | Mike Broadsword<br>Eugene Sand & Gravel<br>POB 1067<br>Eugene, OR 97440 |
| Gregory Brokaw<br>Rowell Brokaw Architects, PC<br>1 East Broadway #300<br>Eugene, OR 97401 | Jerry Vicars<br>Fabrication & Mechanical Group Inc.<br>POB 42173<br>Eugene, OR 97404 | Douglas R. Schultz<br>POB 1147<br>Eugene, OR 97440 |

**CERTIFICATE OF SERVICE - 3**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
1501 Fourth Avenue, Suite 2150
Seattle, Washington 98101-3225
Telephone (206) 340-1935

| | | |
|---|---|---|
| John C. Fisher<br>767 Willamette St. #201<br>Eugene, OR 97401 | James R. Hanks<br>JRH Transportation Engineering<br>4765 Village Plaza LP #201<br>Eugene, OR 97401 | NW Natural Gas Co. |
| Michael Roberts<br>1919 Myers Rd.<br>Eugene, OR 97401 | WmThomas Construction<br>POB 2409<br>Florence, OR 97439 | |

6.     I make the foregoing statements under the penalty of perjury.

DATED this 1st day of March, 2010, at Seattle, Washington.

*/s/ Devorah R. Joslin*
Devorah R. Joslin

**CERTIFICATE OF SERVICE - 4**

Hacker & Willig, Inc., P.S.
Attorneys at Law
1501 Fourth Avenue, Suite 2150
Seattle, Washington 98101-3225
Telephone (206) 340-1935