The Honorable Frank R. Alley

Daniel P. Pepple (OSB #030628)
PEPPLE JOHNSON CANTU & SCHMIDT, PLLC
1501 Western Avenue, Suite 600
Seattle, WA 98101
T: 206.625.1711
E: dpepple@pjcs.com

 and

Arnold M. Willig (OSB #070188)
HACKER & WILLIG, INC., P.S.
1501 Fourth Avenue, Suite 2150
Seattle, WA 98101
T: 206.340.1935
E: arnie@hackerwillig.com

*Attorneys for Creditor – Bank of America*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>ARLIE & COMPANY,<br><br>Debtor. | Case No. 10-60244-aer11<br><br>**BANK OF AMERICA'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL APPOINTMENT OF A BANK OF AMERICA REPRESENTATIVE TO THE CREDITORS' COMMITTEE** |

## I.  INTRODUCTION

Bank of America, N.A. (herein, "Bank of America"), appearing by and through its counsel, PEPPLE JOHNSON CANTU & SCHMIDT, PLLC, and HACKER & WILLIG, INC., P.S., replies in support of its Motion to Compel Appointment of a Bank of America Representative

REPLY TO RESPONSE TO BANK OF AMERICA'S MOTION
TO COMPEL APPOINTMENT
TO CREDITORS' COMMITTEE - 1

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
1501 Fourth Avenue, Suite 2150
Seattle, Washington 98101-3225
Telephone (206) 340-1935

to the Creditors' Committee as follows:

## II. DISPOSITIVE FACTS

It was not until nearly one year after the appointment of the Creditors' Committee that Bank of America discovered how large its unsecured claim actually was relating to its security interest in Building B. *See* Tallerico Decl. ¶¶ 4, 5, to the Motion. As to Building B, Bank of America is unsecured in the amount of $1,470,988.48. This sum alone represents nearly 20 percent of all unsecured claims.[1] Based on this unfortunate recent discovery, Bank of America has now become one of the largest unsecured creditors and is therefore entitled to the appointment of its representative, Jo Ann Tallerico, to the Creditors' Committee.

Moreover, the entirely trade-focused Creditors' Committee; the Committee's so-called deliberations; and the Committee's failure to object to, negotiate against, or investigate as to the Debtor's proposed Plan and proposed Amended Plans, *see* Tallerico Decl., ¶¶ 7, 8, to the Motion, makes it patently obvious that the Committee lacks the desire to represent *all* unsecured claimants. Bank of America seeks appointment to the Committee so that it may represent all unsecured claimants. Tallerico Decl., ¶ 7, to the Motion. The Court should therefore order the appointment of a Bank of America representative to the Creditors' Committee.

## III. SUPPLEMENTARY LEGAL AUTHORITY & ARGUMENT

### A. The United States Trustee Is Granted Initially Responsibility of Appointing A Committee, And The Court Is Entrusted The Responsibility of Ensuring Adequate Representation Once The Committee Is Formed

The United States trustee is expressly delegated only "the **initial responsibility** to appoint a committee." *In re JNL Funding*, 438 B.R. 356, 361 (Bankr. E.D.N.Y. 2010) (emphasis added). The U.S. trustee relies on the debtor's filed schedules, or, if not filed, upon the twenty (20) largest

---

[1] The Claims Register in the Debtor's bankruptcy case indicates that Bank of America holds an unsecured claim for $1,470,988.48 (Docket No. 211-1, Amended in Docket No. 211-2) and that total unsecured claims are for $7,436,243.32. Thus, Bank of America's claim represents 19.78 percent of all unsecured claims.

**REPLY TO RESPONSE TO BANK OF AMERICA'S MOTION TO COMPEL APPOINTMENT TO CREDITORS' COMMITTEE - 2**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
1501 Fourth Avenue, Suite 2150
Seattle, Washington 98101-3225
Telephone (206) 340-1935

list, to solicit creditor committee membership. *JNL Funding*, 438 B.R. at 363. In a recent California decision, the Court explained as follows:

> The issue of adequate representation is one which is ultimately entrusted to the courts to decide upon an application made by a party in interest. This issue is determined on a *de novo* basis after the administrative task of appointing committees is performed by the United States Trustee. **An abuse of discretion standard does not apply with respect to the United States Trustee's initial exercise of discretion** because the concept of adequate representation … is not an administrative review because this decision is committed to the court on a *de novo* basis.[2] (bold emphasis added).

*In re Nat'l R.V. Holdings, Inc.*, 390 B.R. 690, 695 (Bankr. C.D.Cal. 2008), *citing In re Texaco, Inc.*, 79 B.R. 560, 566 (Bankr. S.D.N.Y. 1987).

Thus, in this case, rather than using an abuse of discretion standard, the Court reviews whether the Committee adequately represents the class of unsecured creditors using a *de novo* standard. The Committee is composed entirely of trade creditors. Reviewing *de novo*, the Court should find that Bank of America's claim represents 20 percent of all unsecured claims and that unsecured, non-trade creditors are not represented on the Committee. The Court is entrusted to appoint a large unsecured, non-trade creditor as a sixth committee member. Bank of America is ready and willing to bear the responsibility of committee membership.

Certainly, the Court's role in the formation of a creditors' committee is expressly limited. *JNL Funding*, 438 B.R. at 361. While the Ninth Circuit grants some deference to the U.S. trustee, *see In re America West Airlines*, 142 B.R. 901, 902 (Bankr. D.Ariz. 1992); *In re Wheeler Tech., Inc.*, 139 B.R. 235, 239 (B.A.P. 9th Cir. 1992), § 1102(a) nonetheless entrusts to the Court the responsibility of ensuring adequate representation of creditors. *See also, In re Texaco, Inc.*, 79 B.R. 560 (Bankr. S.D.N.Y. 1987) (adequate representation is ultimately entrusted to the courts to decide upon application made by a party in interest). "[O]n request of a party in interest … the court may

---

[2] *Nat'l R.V. Holdings* involves adequate representation to appoint an additional creditors' committee under 11 U.S.C. § 1102(a)(2), yet the analysis of "adequate representation" is similar, and directly applicable, to the case at hand involving 11 U.S.C. § 1102(a)(4).

**REPLY TO RESPONSE TO BANK OF AMERICA'S MOTION TO COMPEL APPOINTMENT TO CREDITORS' COMMITTEE - 3**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
1501 Fourth Avenue, Suite 2150
Seattle, Washington 98101-3225
Telephone (206) 340-1935

order the United States Trustee to change the membership of a committee … if the court determines that the change is necessary to ensure adequate representation of creditors[.]" 11 U.S.C. § 1102(a)(4).

Though, through alternative means, Bank of America has had some opportunity to voice its opinion in the Debtor's Chapter 11 bankruptcy case, the advantages of committee membership far outweigh any alternative means of argument sought by Bank of America. The fact remains that the Creditors' Committee—composed entirely of unsecured, non-trade creditors—does not adequately represent the class of unsecured creditors. Here, Bank of America holds an unsecured, non-trade claim that accounts for nearly 20 percent of all unsecured claims. Bank of America is therefore a party in interest in the Debtor's Chapter 11 bankruptcy case and, as discussed *supra*, Bank of America's appointment is necessary to ensure adequate representation of *all* unsecured creditors. The Court should therefore appoint Bank of America to the Creditors' Committee.

### B. The Creditors' Committee Does Not Adequately Represent All Unsecured Creditors

A change in the membership of a creditors' committee may be appropriate as facts become known and as events unfold. *JNL Funding*, 438 B.R. at 365. Initially, the U.S. Trustee met his responsibility of appointing the committee based on his assessment of the largest unsecured creditors. The facts have changed over the past year.

Here, it was not until nearly one year after the appointment of the Creditors' Committee that Bank of America discovered the extent of its unsecured claim relating to the debt owed on Building B. Over the past year additional facts became known and events unfolded demonstrative of the current Creditors' Committee's failure to adequately represent all unsecured creditors because its memberships is composed only of trade creditors. The Committee has failed to object to the Debtor's proposed Plan and proposed Amended Plans and has failed to communicate adequately with all creditors. If the Committee had acted for the benefit of all unsecured

**REPLY TO RESPONSE TO BANK OF AMERICA'S MOTION TO COMPEL APPOINTMENT TO CREDITORS' COMMITTEE - 4**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
1501 Fourth Avenue, Suite 2150
Seattle, Washington 98101-3225
Telephone (206) 340-1935

1 | creditors, Bank of America would not be seeking appointment to the Committee. The
2 | appointment of Bank of America to the Committee is therefore necessary to ensure that the
3 | Committee actively seeks a Plan in the best interests of *all* unsecured creditors.

### IV. RELIEF REQUESTED

Bank of America requests that its representative be appointed to the Creditors' Committee, thereby ensuring that the interests and concerns of all unsecured creditors have a voice as to the proposed treatment under the Debtor's Plan. Accordingly, Bank of America seeks an order pursuant to 11 U.S.C. §§ 1102(a)(4) to be appointed as a member to the Creditors' Committee.

### V. CONCLUSION

In order to ensure fairness and adequate representation of all classes of unsecured creditors in this case, the Court is respectfully requested to enter an order compelling the U.S. Trustee to appoint Bank of America as a member of the Creditors' Committee.

DATED this 9th day of March, 2011.

                                       Respectfully submitted,

                                       PEPPLE JOHNSON CANTU & SCHMIDT, PLLC

                                       */s/ Daniel P. Pepple (via email authorization)*
                                       Daniel P. Pepple, OSB #030628
                                       Attorneys for Bank of America

                                       HACKER & WILLIG, INC., P.S.

                                       */s/ Arnold M. Willig*
                                       Arnold M. Willig, OSB #070188
                                       Attorneys for Bank of America

**REPLY TO RESPONSE TO BANK OF AMERICA'S MOTION TO COMPEL APPOINTMENT TO CREDITORS' COMMITTEE - 5**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
1501 Fourth Avenue, Suite 2150
Seattle, Washington 98101-3225
Telephone (206) 340-1935

# CERTIFICATE OF SERVICE

I, Devorah R. Joslin, under oath, declare:

1. I am a citizen of the United States of America, over eighteen years of age.

2. I make this declaration based upon my personal knowledge and am competent to testify to the matters contained herein.

3. I am an employee of Hacker & Willig, Inc., P.S., attorneys for Creditor, Bank of America.

4. On March 9, 2011, I caused to be served via electronic filing a true and correct copy of **Bank of America's Reply in Support of its Motion to Compel Appointment of a Bank of America Representative to the Creditors' Committee** upon all parties registered with ECF in this case:

- JOHN D ALBERT    darlene@albertandtweet.com, beth@albertandtweet.com
- JOHN F BARG    jfb@bcltlaw.com, cgw@bcltlaw.com
- LINDA F CANTOR    lcantor@pszjlaw.com
- CONRAD K CHIU    cchiu@pryorcashman.com
- BRADLEY S COPELAND    bcopeland@agsprp.com, soconnor@agsprp.com
- JOHN D FIERO    jfiero@pszjlaw.com, ocarpio@pszjlaw.com;ksuk@pszjlaw.com;azaragoza@pszjlaw.com
- MICHAEL W FLETCHER    michael.fletcher@tonkon.com, tammy.brown@tonkon.com
- THOMAS A HUNTSBERGER    tom@tahpc.com
- Thomas A Huntsberger    thuntsberger@ecf.epiqsystems.com
- P REBECCA KAMITSUKA
- TEDDY M KAPUR    tkapur@pszjlaw.com, slee@pszjlaw.com
- MICHAEL P KEARNEY    mpk@kearneyatlaw.com, mholley@agsprp.com
- ALBERT N KENNEDY    al.kennedy@tonkon.com, leslie.hurd@tonkon.com;larissa.stec@tonkon.com
- JUSTIN D LEONARD    jleonard@bjllp.com, jweisenbach@balljanik.com
- JOHN CASEY MILLS    casey.mills@millernash.com, brenda.hale@millernash.com
- WILSON C MUHLHEIM    ecf@mb-lawoffice.com
- P SCOTT McCLEERY    scottm@gartlandnelsonlaw.com, kassiea@gartlandnelsonlaw.com
- FRANK F McGINN    ffm@bostonbusinesslaw.com

**REPLY TO RESPONSE TO BANK OF AMERICA'S MOTION
TO COMPEL APPOINTMENT
TO CREDITORS' COMMITTEE - 6**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
1501 Fourth Avenue, Suite 2150
Seattle, Washington 98101-3225
Telephone (206) 340-1935

- ANDREW P PARKS    aparks@agsprp.com, lstevenson@agsprp.com
- TERESA H PEARSON    teresa.pearson@millernash.com, lisa.conrad@millernash.com;brenda.hale@millernash.com
- DANIEL P PEPPLE    dpepple@pjcs.com, dawnanderson9@pjcs.com;jsteinert@pjcs.com
- JACKSON SCHMIDT    jacksonschmidt@pjcs.com, dawnanderson9@pjcs.com;jsteinert@pjcs.com
- DOUGLAS R SCHULTZ    schultz@gleaveslaw.com, kirsten@gleaveslaw.com
- NATALIE C SCOTT    ecf@mb-lawoffice.com
- BRAD T SUMMERS    tsummers@balljanik.com, akimmel@balljanik.com
- JEANETTE L THOMAS    JThomas@perkinscoie.com, etherrien@perkinscoie.com;docketpor@perkinscoie.com
- US Trustee, Eugene    USTPRegion18.EG.ECF@usdoj.gov
- PATRICK W WADE    hhecfb@hershnerhunter.com
- HEATHER M WALLOCH    heatherw@gartlandnelsonlaw.com, kassiea@gartlandnelsonlaw.com
- GILBERT B WEISMAN    notices@becket-lee.com
- DOUGLAS R WILKINSON    doug@thorp-purdy.com, skelley@thorp-purdy.com
- ARNOLD M WILLIG    arnie@hackerwillig.com, debbie@hackerwillig.com;donna@hackerwillig.com;eshea@hackerwillig.com;alena@hackerwillig.com;kristen@hackerwillig.com

5.    I make the foregoing statements under the penalty of perjury.

DATED this 9th day of March, 2011, at Seattle, Washington.

*/s/ Devorah R. Joslin*
Devorah R. Joslin

**REPLY TO RESPONSE TO BANK OF AMERICA'S MOTION TO COMPEL APPOINTMENT TO CREDITORS' COMMITTEE - 7**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
1501 Fourth Avenue, Suite 2150
Seattle, Washington 98101-3225
Telephone (206) 340-1935