John D. Fiero (CA Bar No. 136557)
Linda F. Cantor (CA Bar No. 153762)
Teddy M. Kapur (CA Bar No. 242486)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010
Email: jfiero@pszjlaw.com
       lcantor@pszjlaw.com
       tkapur@pszjlaw.com

and

Brad T. Summers (OSB No. 911116)
David W. Criswell (OSB No. 925930)
BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone: 503/228-2525
Facsimile: 503/295-1058
Email: tsummers@balljanik.com
       dcriswell@balljanik.com

Attorneys for Debtor Arlie & Company

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Arlie & Company,<br><br>                Debtor | Case No.: 10-60244-aer11<br><br>**EXPEDITED MOTION FOR (A) FINAL APPROVAL OF SECOND AMENDED DISCLOSURE STATEMENT, (B) DETERMINATION THAT MODIFICATIONS TO PLAN DO NOT REQUIRE FURTHER DISCLOSURE OR RE-SOLICITATION, AND (C) ENTRY OF ORDER CONFIRMING THE PLAN**<br><br>Date:    April 15, 2011<br>Time:   10:00 a.m.<br>Place:  United States Bankruptcy Court<br>         405 E. 8th Avenue<br>         Courtroom #6<br>         Eugene, Oregon 97401<br>Judge:  Honorable Frank R. Alley |

**TO THE HONORABLE FRANK R. ALLEY, UNITED STATES BANKRUPTCY JUDGE:**

Arlie & Company, debtor and debtor-in-possession herein ("Debtor") respectfully submits this Expedited Motion for (A) Final Approval of Second Amended Disclosure Statement, (B) Determination that Modifications to Plan Do Not Require Further Disclosure or Solicitation pursuant to Section 1127(a) of the Bankruptcy Code and Rule 3019 of the Federal Rules of Bankruptcy Procedure, and (c) Entry of an Order Confirming the Plan.

## I.

## FACTUAL BACKGROUND

### A.    Disclosure Statement and Plan Filing

Upon Debtor's motion, on May 13, 2010, the Court entered its *Amended Order on Court's Case Management Conference Setting Deadlines for Filing Plan and Disclosure Statement* [Docket No. 167], pursuant to which the Court ordered that Debtor file a plan and disclosure statement by July 1, 2010.

On July 1, 2010, Debtor filed its *Chapter 11 Plan of Reorganization* [Docket No. 185] (the "Plan") along with an accompanying disclosure statement (the "Disclosure Statement") [Docket No. 186].[1]

Upon Debtor's motion, on September 10, 2010, the Court entered its *Order Extending Deadline for Debtor to File Amended Disclosure Statement and Amended Plan of Reorganization* [Docket No. 248], pursuant to which the Court ordered that Debtor file an amended plan and amended disclosure statement by October 15, 2010. [2]

---

[1]    The basic elements of the Plan were the restructuring of secured debt on core holdings, the sale of non-core holdings over time, and the payment of unsecured creditors in full over time, with the equity in the Debtor being retained by Ms. Arlie.

[2]    Pursuant to the *Substitution of Counsel and Notice of Appearance* filed September 30, 2010 [Docket No. 250], Debtor replaced its former bankruptcy counsel effective on that date.  All filings and other actions described hereinafter were made on behalf of Debtor by its present counsel.

**Page 2 -**    DEBTOR'S MOTION FOR (a) FINAL APPROVAL OF SECOND AMENDED DISCLOSURE STATEMENT, (b) DETERMINATION THAT MODIFICATIONS TO PLAN DO NOT REQUIRE FURTHER DISCLOSURE OR RE-SOLICITATION, AND (c) ENTRY OF ORDER CONFIRMING THE PLAN

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

DOCS_LA:235529.4

Upon Debtor's further motion, on October 25, 2010, the Court entered an order pursuant to which parties in interest were given until December 31, 2010 to file an amended Plan and Disclosure Statement [Docket No. 315].

An essential component of any plan in this case is the treatment of the Debtor's largest secured creditor, Umpqua Bank. After extensive negotiations and as a result of mediation begun on December 23, 2010, Debtor and Umpqua Bank reached a settlement of their disputes memorialized in a term sheet (the "Term Sheet") that was read into the Court record on December 30, 2010. On December 30, 2010, by Amended Minute Order, the Court extended the deadline, applicable only to Debtor and Bank of America, to file a plan and disclosure statement until January 10, 2011 [Docket No. 371]. As set forth in the Amended Minute Order, the plan to be filed by January 10, 2011 was to include the provisions of the Term Sheet.

On January 10, 2011, Debtor filed its First Amended Plan [Docket No. 392] and First Amended Disclosure Statement [Docket No. 393], incorporating verbatim the Term Sheet's provisions and including other plan provisions that reflected the state of resolved and ongoing negotiations with various creditor classes.[3]

In response to the filing of the First Amended Plan and First Amended Disclosure Statement, Debtor received extensive comments from the Creditors Committee, Umpqua Bank and from various secured creditors, all of which were negotiated and, once resolved, necessitated further modifications and revisions to the Plan and Disclosure Statement terms.

For instance, on or about January 18, 2011, Debtor's counsel received from Umpqua Bank's counsel approximately 20 pages of proposed revisions to the First Amended Plan and First Amended Disclosure Statement. The Debtor reviewed and analyzed the proposed changes, and counsel for Debtor and Umpqua Bank participated on several conference calls in late-January and early February to negotiate the requested revisions to the Plan.

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Amended Plan, as modified and amended from time to time.

**Page 3 -** DEBTOR'S MOTION FOR (a) FINAL APPROVAL OF SECOND AMENDED DISCLOSURE STATEMENT, (b) DETERMINATION THAT MODIFICATIONS TO PLAN DO NOT REQUIRE FURTHER DISCLOSURE OR RE-SOLICITATION, AND (c) ENTRY OF ORDER CONFIRMING THE PLAN

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

DOCS_LA:235529.4

Thereafter, on or about February 9, 2011, Debtor's counsel received an email memorandum from counsel for the Creditors' Committee that contained 29 paragraphs of questions and proposed revisions to the First Amended Plan and First Amended Disclosure Statement. Debtor's counsel reviewed and analyzed the Creditors' Committee's memorandum and conferred with Creditors' Committee counsel and Debtor to address concerns raised by the Creditors' Committee.

During this same period, Debtor was contacted by and had ongoing discussions with Summit Bank and Washington Federal Savings regarding modifications to their Plan treatment. At the same time, Debtor also had discussions with Siuslaw Bank and Fifth Third Bank concerning their Plan treatment, and Debtor sought to enter into a productive dialogue with BofA to develop consensual terms for a restructuring of its secured claims.

By Order dated January 31, 2011, the Court issued its *Order Conditionally Approving Disclosure Statement and Fixing Time For Filing Acceptances or Rejections of Plan* [Docket No. 414] (the "Disclosure Statement Order"), which conditionally approved the First Amended Disclosure Statement and provided that Debtor serve the Disclosure Statement Order, Plan, Disclosure Statement, and ballot by February 14, 2011.

In light of the aforementioned efforts to meet and confer with creditors, the Debtor amended the Plan and Disclosure Statement, incorporating the changes requested by the Creditors' Committee and by Umpqua Bank in response to the First Amended Plan and Disclosure Statement, to retain those parties' continued support for the Plan, and made other revisions to reflect the revised plan treatment proposed for other secured creditors based on the progress of their negotiations.

On February 14, 2011, Debtor filed its Second Amended Plan [Docket No. 448] and Second Amended Disclosure Statement [Docket No. 449]. As reflected in the redlines of the Second Amended Plan and Second Amended Disclosure Statement, the changes to the Plan (a) corrected typographical errors, (b) enumerated revised treatment terms that had been developed or were in process of negotiation with certain secured creditors, and (c) included the revised language and

**Page 4 -**  DEBTOR'S MOTION FOR (a) FINAL APPROVAL OF SECOND AMENDED DISCLOSURE STATEMENT, (b) DETERMINATION THAT MODIFICATIONS TO PLAN DO NOT REQUIRE FURTHER DISCLOSURE OR RE-SOLICITATION, AND (c) ENTRY OF ORDER CONFIRMING THE PLAN

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

DOCS_LA:235529.4

changes that had been requested by Umpqua Bank and by the Creditors' Committee. The Second Amended Disclosure Statement reflected these Plan changes.

On or about February 14, 2011, Debtor served the Disclosure Statement Order, Second Amended Plan, Second Amended Disclosure Statement and ballot on all creditors and equity security holders. While this version of the disclosure statement differed from the First Amended Disclosure Statement conditionally approved in the Disclosure Statement Order, it was (in the Debtor's opinion) a better and more complete document, as it took into account many comments offered by Umpqua Bank and the Committee.

During the second half of February and throughout the month of March, the Debtor continued negotiations and discussions with creditors in a focused effort to resolve outstanding plan treatment issues with Siuslaw Bank, Summit Bank, BofA, Fifth Third Bank and the BLM Secured Creditors. All of these negotiations were ultimately successful and resulted in agreements being reached with every creditor class set forth in the Plan – except for Class 4 (consisting of Pioneer Asset Investment Ltd. ("Pioneer")), which was the subject of pending litigation. The settlements, by their terms, required that the Plan be revised to incorporate the new, agreed-upon Plan treatment provisions. Therefore, the Debtor further revised the Plan to reflect the terms of the settlement agreements.

The Third Amended Plan filed on April 1, 2011, [Docket No. 514] reflects the final terms of the agreements reached with Bank of America, Siuslaw Bank (which is also providing post-effective date financing), Summit Bank, Washington Federal and Fifth Third Bank. (The agreements with Fifth Third and Summit Bank are also the subject of Notices of Intent to Settle currently set for hearing on April 15, 2011.) The Third Amended Plan also reflects the determination by the six BLM Creditors (Class 9) to form a limited liability company to own and hold the land being transferred to Class 9 under the Plan. The specific management and allocation agreements reached between the Debtor and Class 9 area also memorialized in the Third Amended Plan.

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

Finally, after a summary judgment motion hearing on April 1, 2011, the Debtor reached an agreement with Pioneer which resolves all disputed issues between the Debtor and Pioneer. Pioneer, too, has asked that the terms of its settlement be incorporated into the Plan. Accordingly, the Fourth Amended Plan filed of even date herewith contains the terms of the settlement reached with Pioneer on April 1, 2011.[4] The Pioneer Settlement is also the subject of a Notice of Intent to Settle which is set to be heard on April 15, 2011.

As a result of a great deal of effort by the Debtor and significant concessions made for the benefit of consensual plan resolution, the Debtor has now settled with every single creditor constituency. These settlements were predicated on revising the treatment of individual creditor class claims under the Plan. In certain instances, such as the BLM Creditor Class treatment, the revisions were in the nature of form over substance. In other instances, the revisions were meant to eliminate uncertainty and/or provide more specificity as agreed-upon plan provisions were further analyzed and developed. Finally, certain plan revisions were the result of having reached settlement of previously disputed creditor claim treatment, obviating the need for costly and time consuming litigation and contested Section 1129(b) plan confirmation battles. As a result of the modifications and settlements reached with creditors under the Plan, the Plan has now been accepted by all creditor classes that have voted on the Plan.[5]

In all instances and through each of the amended Plans filed with the Court, the essential terms of the plan have not changed. The Debtor will reorganize and will continue to operate its business. The Reorganized Debtor will exit bankruptcy with restructured debt on core property holdings, to be satisfied in accordance with the repayment provisions set forth in the Plan. Equity

---

[4]   The other changes contained in the Fourth Amended Plan are (i) adding in the three words "to be used" with regard to Umpqua Bank allocations; (ii) removing the definition of the Bank of America Collateral Value, and (iii) updating the date of the document. The Umpqua Bank changes were requested by its counsel after the filing of the Third Amended Plan and was merely a correction of an inadvertent omission. Similarly, the Bank of America Collateral Value definition should have been changed when we filed the Third Amended Plan but was retained in the document inadvertently.

[5]   Indeed, the Debtor is submitting a revised ballot tally which establishes that Class 12 is now an accepting class because Bank of America no longer objects to the Debtor's proposed reorganization.

**Page 6 -**   DEBTOR'S MOTION FOR (a) FINAL APPROVAL OF SECOND AMENDED DISCLOSURE STATEMENT, (b) DETERMINATION THAT MODIFICATIONS TO PLAN DO NOT REQUIRE FURTHER DISCLOSURE OR RE-SOLICITATION, AND (c) ENTRY OF ORDER CONFIRMING THE PLAN

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

DOCS_LA:235529.4

interests in the Debtor are maintained.  The Reorganized Debtor will manage and develop its properties, sell or refinance property holdings, as needed, and pay unsecured creditors over time. The treatment of general unsecured creditors has remained constant throughout each amended version of the Plan filed with the Court and that treatment is set forth in the Second Amended Disclosure Statement.  The amendments to the Plan did not adversely affect general unsecured creditors, holders of other priority claims, Century Bank, property tax lien claims, small unsecured claims, administrative claimants or equity interests.  Each settlement with a secured creditor is *sui generis* and affects only that particular, separately classified, creditor.[6]

No further solicitation or disclosure is necessary under the circumstances of this case.  The Second Amended Disclosure Statement disseminated to creditors and parties in interest sets forth the terms of the Plan applicable to all parties other than those individual lenders who later expressly agreed to differing treatment of their separately classified claims.  The Second Amended Disclosure Statement also provides the information required by Section 1125 of the Bankruptcy Code.  The Disclosure Statement provides extensive information about the Debtor's chapter 11 case, the Plan, and financial and other information underlying the Plan.  To the extent objections to the Second Amended Disclosure Statement were filed by Bank of America and Pioneer, those objections were resolved as a result of the settlements they reached with the Debtor under which they have agreed to support the Plan.  Based on the foregoing, the Debtor respectfully requests that the Court approve the Second Amended Disclosure Statement on a final basis, determine that no further disclosure or balloting of the Plan is required prior to confirmation, and issue an order confirming the Fourth Amended Plan.

---

[6]  The only settlement which does not fall within these strict criteria is the Fifth Third Bank compromise, in which an unsecured creditor has agreed to reduce its claim in exchange for expedited payment and, perhaps even secured creditor status if its claim is reduced in amount yet again.  However, this settlement was fully disclosed in the Second Amended Disclosure Statement served on creditors on February 14, 2011 (see pages 30 and 31).

**Page 7 -**  DEBTOR'S MOTION FOR (a) FINAL APPROVAL OF SECOND AMENDED DISCLOSURE STATEMENT, (b) DETERMINATION THAT MODIFICATIONS TO PLAN DO NOT REQUIRE FURTHER DISCLOSURE OR RE-SOLICITATION, AND (c) ENTRY OF ORDER CONFIRMING THE PLAN

## II.

## LEGAL DISCUSSION

**A.    The Second Amended Disclosure Statement Served on Creditors on February 14, 2011 Should be Approved Because it Improved Upon the First Amended Disclosure Statement Conditionally Approved by the Court on January 31.**

The Second Amended Disclosure Statement is nothing more than an improvement upon the conditionally-approved First Amended Disclosure Statement because it (a) reflects input from Umpqua Bank; (c) reflects input from the Committee; and (c) describes the Fifth Third settlement about which the Office of the United States Trustee has expressed so much concern.  For these reasons, the Court should approve the Second Amended Disclosure Statement.

**1.    Section 1127(a) of the Bankruptcy Code and Rule 3019 of the Federal Rules of Bankruptcy Procedure Permit Non-Material Modifications to a Plan Without Further Disclosure or Balloting Prior to Confirmation.**

The modifications set forth in the Fourth Amended Plan require no additional or further balloting.  Bankruptcy Code section 1127(a) and Rule 3019 specifically permit modifications to a proposed plan of reorganization prior to the plan's confirmation.  Section 1127(a) provides:

> The proponent of a plan may modify such plan at any time before confirmation, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title.  After the proponent of a plan files a modification of such plan with the court, the plan as modified becomes the plan.

11 U.S.C. § 1127(a).  A modified plan must meet the requirements of sections 1122 and 1123 concerning classifications of claims and interests and the essential contents of a plan.  In addition, pursuant to section 1127(c), plan modifications must meet the disclosure requirements of section 1125.

Rule 3019 allows prior votes accepting a plan to be deemed in favor of a plan modification where the court finds that the modification does not adversely change the treatment of such creditors.  Rule 3019(a) provides:

> In a chapter 9 or chapter 11 case, after a plan has been accepted and before its confirmation, the proponent may file a modification of the

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

> plan.  If the court finds after hearing on notice to the trustee, any committee appointed under the Code, and any other entity designated by the court that the proposed modification does not adversely change the treatment of the claim of any creditor or the interest of any equity security holder who has not accepted in writing the modification, it shall be deemed accepted by all creditors and equity security holders who have previously accepted the plan.

Fed. R. Bankr. P. 3019(a).

In this case, the Plan modifications that followed the Second Amended Plan were made primarily to incorporate a settlement with a specific creditor class.  In all but one instance (i.e., the BLM Creditors), each modified class is made up of one individual secured creditor.  Under the Fourth Amended Plan, each affected creditor class has expressly consented to its modified Plan treatment.  The Plan modifications do not affect the Plan's treatment of other priority claims, administrative claims, the Century Bank claim, property tax lien claims, small unsecured claims or general unsecured claims.  Therefore, while the changes to the affected classes may be material to such classes, they do not change or adversely affect other creditors who previously voted in favor of the Plan.

Courts have interpreted Rule 3019 and Section 1127(a) of the Bankruptcy Code, together to imply that a plan proponent can modify its plan at any time before confirmation so long as the proposed changes would not cause a creditor that formerly accepted the plan to reconsider its acceptance.  *See generally,* 7 *Collier on Bankruptcy* ¶1127.03[3] (15th ed. rev.).  Further disclosure is only required (1) where the plan proponent seeks to obtain a change of vote from previously dissenting creditors or (2) when the modification materially and adversely affects the parties who previously voted in favor of the plan.  *Id.; see also In re American Solar King Corp.,* 90 B.R. 808, 823 (Bankr. W.D. Tex. 1988) (proposed modifications did not warrant further disclosure or solicitation; modification hearing took place at time of confirmation); *In re Sweetwater,* 57 B.R. 354, 358 (D. Utah 1985) (notice requirements of Rule 3019 satisfied where committees were represented

by counsel during hearings when modifications were proposed and accepted; confirmation hearing properly satisfied requirements of Rule 3019).

The Debtor has filed a modified version of the Plan prior to the confirmation hearing, as reflected in the blacklined copy of the *Fourth Amended Plan of Reorganization*.  The sum of all modifications made since filing the First Amended Plan consist of the following: (a) modifications incorporating the terms of settlements reached with BofA, Pioneer, Siuslaw Bank, Summit Bank, Umpqua Bank, Washington Federal Savings and BLM Secured Creditors, and (b) changes intended to clarify the Plan and respond to comments of the Creditors' Committee.

> **2.    Plan Modifications Are Fundamental to the Negotiating Process and to Confirmation of an Acceptable Plan of Reorganization.**

Courts have repeatedly observed that plan modifications are intended to facilitate a consensual reorganization process.  Collier states, "Subsection (a) of section 1127 is designed  to implement the negotiation process, which is the essence of the formulation of any plan of reorganization.  This section allows the proponent of a plan, and only the proponent, without leave of court, to modify its plan before confirmation."  7 *Collier on Bankruptcy* ¶1127.03 (15th ed. rev.). *See also In re Rhead,* 179 B.R.169, 176 (Bankr. D. Ariz. 1995) (plan modifications further goals of encouraging consensual resolution of claims and facilitating reorganization process); *In re American Solar King Corp.,* 90 B.R. at 825 (spirit of Chapter 11 is to promote consensual plans; give-and-take in connection with vote changes and plan modifications occurs "literally, on the courthouse steps"); *In re Sentinel Management Group, Inc.,* 398 B.R. 281, 301 (Bankr. N.D. Ill. 2008) (Rules 3018 and 3019 should be interpreted to promote the objective of negotiated consensual plans).

In *In re Rhead, supra,* the court permitted modification of a plan to create a new class of secured claims after an objection was filed by the county treasurer.  Under the modified plan, the county was treated as a secured creditor to be paid over three years, instead of six years.  *In re Rhead,* 179 B.R. at 176.  Focusing on the goal of a consensual plan, the court rejected arguments by objecting creditors that the new plan required a re-solicitation of votes.  The court explained:

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

DOCS_LA:235529.4

>Other creditors, such as the objectors, do not have the substantive right
>to insist upon non-modification of the Plan.  SKW argued at the
>hearing that since the plan was "balloted" without the new Class 2B, it
>is inappropriate to allow the modification to create that new class at
>this point.  Nothing in the Code suggests such a result.  Indeed, Section
>1127(a) suggests precisely the opposite.  The intent of the bankruptcy
>Code is to encourage consensual resolution of claims through the plan
>negotiation process.  The Bankruptcy Court is a court of equity with a
>primary focus upon facilitating the reorganization process.  Neither of
>these goals would be furthered by refusing to recognize the
>modification to the Plan which provided treatment that the County
>now accepts.

*Id.* at 176 (citations omitted).  The *Rhead* court held that the modified plan did not impact the right of any of the objecting parties and the accepting vote of the new class could be counted for purposes of satisfying the confirmation requirements.  *Id.  See also In re Orosco,* 77 B.R. 246, 256 (Bankr. N.D. Cal. 1987) (plan modification eliminating class and placing members in another class did not adversely affect claimants who did not accept modification).

The Debtor is filing an updated ballot tally.  BofA has agreed to accept its treatment under Class 2 of the Fourth Amended Plan and has agreed to withdraw its vote as a Class 12 general unsecured creditor rejecting the Plan.  As the modifications to the Plan made after the Second Amended Plan and Second Amended Disclosure Statement do not in any way affect the treatment of the general unsecured creditors in Class 12, such unsecured creditors who have previously voted in favor of the Plan have no reason or legal basis to object to any of the modifications of the other creditor classes.  In fact, the settlements reached and Plan support obtained from all creditor classes reduces litigation expenses and risks associated therewith, and will likely enhance the distribution available to unsecured creditors.

**3.      The Fourth Amended Plan Should Be Deemed Accepted By Claimants Who Previously Accepted The Plan Because It Does Not Adversely Change Their Claim Treatment.**

Modifications to the Plan after voting should be deemed accepted by members of Classes 3, 6.1, 6.2, 9.2, 9.4, 9.5, 9.6, 10, 11 and 12 who previously accepted the Plan because the modifications

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

do not adversely affect those classes.  As discussed above and consistent with Rule 3019, modifications to a plan do not necessarily mandate a new disclosure statement and vote solicitation. Instead, "[f]urther disclosure occurs only when and to the extent that debtor intends to solicit votes from previously dissenting creditors or when the modification materially and adversely impacts parties who previously voted for the plan." *In re American Solar King Corp.,* 90 B.R. at 823.  In this case, the modifications set forth in the Plan clarify the provisions of the Plan, or are not material to and do not adversely impact the parties who previously voted in favor of the Plan.  Moreover, the creditors who previously accepted the Plan should be deemed to have accepted the modified plan because it does not affect their claims, and if anything, will eliminate further litigation and administrative expenses.

> **4.    The Fourth Amended Plan Meets the Requirements for Confirmation Under Section 1129(a) of the Bankruptcy Code and the Plan Should Be Confirmed.**

The Debtor's Plan is in compliance with the applicable provisions of the Bankruptcy Code and is the result of arms length negotiations between the Debtor, the Creditors Committee and the Debtor's secured creditors.  *See Declaration Of John J. Musumeci In Support Of Confirmation Of Debtor's Third Amended Plan Of Reorganization* filed on April 1, 2011 [Docket No. 516].  Further, the Plan has been accepted by those creditors who voted on the Plan and, as a result of the modifications and plan treatment described in the Fourth Amended Plan, the Plan is supported by those creditor classes that are the subject of Plan modifications.  Based on the foregoing, and the showing to be made at the confirmation hearing, the Fourth Amended Plan should be confirmed by the Court.

### III.

### <u>CONCLUSION</u>

Based on the foregoing, the Court should approve the Second Amended Disclosure Statement on a final basis and determine that no further solicitation or balloting is required in

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

connection with the Fourth Amended Plan.  Moreover, as the Fourth Amended Plan meets each of the requirements for confirmation set forth in section 1129 of the Bankruptcy Code, the Debtor respectfully requests that the Court enter an order confirming the Fourth Amended Plan and grant such other and further relief as is just and proper under the circumstances.

DATED this 11th day of April , 2011.

<div style="margin-left:40%">

PACHULSKI STANG ZIEHL & JONES LLP

By: _/s/ John D. Fiero_

John D. Fiero (CA Bar No. 136557)
Linda F. Cantor (CA Bar No. 153762)
Teddy M. Kapur (CA Bar No. 242486)

and

BALL JANIK LLP
David W. Criswell (OSB No. 925930)
Brad T. Summers (OSB No. 911116)

</div>

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000