Below is an Order of the Court.

_____
FRANK R. ALLEY
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re )
) Case No. _____
)
) ORDER AWARDING FINAL
) COMPENSATION AND REIMBURSEMENT
Debtor(s) ) TO PROFESSIONALS

    This matter came before the court on the applications for final allowance of compensation and reimbursement of expenses filed by the professionals identified in this order. The ATTACHED affidavit represents that a copy of the Notice of Order Confirming Chapter 11 Plan and Discharge on LBF #1190 was served on debtor, United States Trustee, creditors and other parties in interest and that any timely objection or request for hearing with respect to such applications has been resolved. It is therefore

    **ORDERED** as follows:

    1. The following professionals are awarded the following amounts as administrative expenses under 11 USC §503(b) (which includes all previous interim allowances):

| Name | Fees | Expenses | Interim Payments/ Unapplied Retainers | Balance Due |
|---|---|---|---|---|
| | | | | |

    2. Each such professional is authorized to apply retainers, if any, against such professional's claim for compensation and expense reimbursement to the extent such professional's application is approved by this order. Debtor (or the successor to the debtor under the plan) shall, unless otherwise agreed in writing by the professional, promptly pay the unpaid balance of the administrative expenses awarded by this order; provided that with respect to the attorney for the debtor (or successor to the debtor under the plan), such attorney shall deposit $2,500.00 of such payment in a trust account, which shall not be applied towards the balance of such attorney's administrative expense until a final report on LBF #1195 has been filed, and either no timely objections were filed or all objections were fully resolved.

1193 (6/15/05) **Page 1 of 2**     **\*\*\* SEE NEXT PAGE \*\*\***

3. Reorganized debtor (or the successor to the debtor under the plan) may, from time to time and without further court order, compensate the following professionals at their regular hourly rates up to the following additional amounts for services performed or for costs and expenses incurred after the administrative expenses detailed in pt. 1 above in connection with this Chapter 11 case or in connection with the implementation of the plan:

      Name                                  Fees & Expenses

###

Presented by:

_____
                                                  (OSB # )
_____

_____

Attorney for _____

In re Arlie & Company
10-60244-fra11

**EXHIBIT 1**

| Name | Fees ($) | Expenses ($) | Interim Payments/ Unappplied Retainers ($) | Balance Due ($) |
|---|---|---|---|---|
| Ball Janik LLP | 56,280.50 | 2,562.08 | 0 | 58,842.58 |
| Burr, Pilger Mayer, Inc. | 81,262.79 | 838.86 | 8,087.25 | 74,014.40 |
| Gleaves, Swearingen Potter & Scott LLP | 148,997.00 | 854.06 | 31,929.44 | 117,921.62[1] |
| Kibel Green Inc. | 66,745.00 | 857.92 | 0 | 67,602.92 |
| Michael P. Kearney, P.C. | 28,209.00 | 40.00 | 5,934.00 | 22,315.00 |
| Pachulski Stang Ziehl & Jones LLP | 1,157,123.00 | 56,500.44 | 0 | 1,213,623.44 |
| Powell Valuation Inc. | 12,000.00 | 0 | 6,000.00 | 6,000.00 |
| Rethink LLP | 88,137.50 | 2,313.44 | 25,237.00 | 65,213.94 |
| Thorp, Purdy, Jewett, Urness & Wilkinson, P.C. | 98,030.50 | 954.85 | 27,670.21 | 71,315.14 |
| Tonkon Torp LLP | 272,975.50 | 5,644.84 | 144,853.93[2] | 133,766.41 |
| **Secured Creditor Legal Expenses[3]** | | | | |
| Bank of America c/o Pepple Johnson Cantu & Schmidt, PLLC | 163,222.50 | 103,562.72 | 0 | 266,785.22 |
| Summit Bank c/o Arnold Gallagher Percell Roberts & Potter, P.C. | 31,155.00 | 6,011.16 | 0 | 37,166.16 |
| Umpqua Bank c/o Miller Nash LLP | 251,358.00 | 53,521.22 | 0 | 304,879.22 |
| Washington Federal Savings c/o Hershner Hunter, LLP | 23,979.00 | 607.53 | 0 | 24,586.53 |

---

[1] The balance due has been increased by $31,929.44 to correct an error in Attachment D to the *Notice re Order Confirming Chapter 11 Plan, Any Appropriate Injunction, and Discharge* (Docket No. 569) (the "Notice") that was caused by an ambiguity in LBF 345.

[2] The amount of the interm payments/unapplied retainers that was listed in Attachment D to the Notice was overstated by $12,660.72. The amount shown here corresponds to the payments disclosed in Tonkon Torp's application for final professional compensation (Claim 213-1).

[3] The secured creditor legal expenses shall be paid in accordance with the *Debtor's Fourth Amended Plan of Reorganization (April 11, 2011)* (Docket No. 532) (the "Plan"), which was confirmed by the Court.

**EXHIBIT 2**

| Name | Fees & Expenses ($)[4] |
|---|---:|
| Ball Janik LLP | 21,000.00 |
| Burr, Pilger Mayer, Inc. | N/A |
| Gleaves, Swearingen Potter & Scott LLP | 3,853.65 |
| Kibel Green Inc. | 6,525.00 |
| Michael P. Kearney, P.C. | 1,250.00 |
| Pachulski Stang Ziehl & Jones LLP | 75,000.00 |
| Rethink LLP | 852.50 |
| Thorp, Purdy, Jewett, Urness & Wilkinson, P.C. | 4,964.16 |
| **Secured Creditor Legal Expenses[5]** | |
| Summit Bank c/o Arnold Gallagher Percell Roberts & Potter, P.C. | 1,173.00 |
| Umpqua Bank c/o Miller Nash LLP | 4,200.00 |
| Washington Federal Savings c/o Hershner Hunter, LLP | 1,057.50 |

---

[4] These amounts are estimates of case-related post-Effective Date compensation through June 8, 2011. Pursuant to the Plan, Arlie & Co. has the authority to pay additional fees and expenses in the ordinary course of its business without supervision by the Bankruptcy Court.

[5] The secured creditor legal expenses shall be paid in accordance with the Plan.